AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of New York

| | | |
|---|---|---|
| IDRISSA ADAMOU | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No.  7789/12 |
| | ) | |
| THE COUNTY OF SPOTSYLVANIA, VIRGINIA; THE SPOTSYLVANIA COUNTY SHERIFF'S OFFICE; DETECTIVE EDWARD J. DOYLE; ET AL. | ) | |
| | ) | |
| *Defendant(s)* | ) | |

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  THE CITY OF NEW YORK
100 Church Street
New York, New York 10007

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:     Richard L. Giampa, Esq., P.C.
860 Grand Concourse, Suite 1-H
Bronx, New York 10451
(718) 665-7700

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK

*CLERK OF COURT*

APR 16 2013

Date: _____                    _____
                                                   *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of New York

| | |
|---|---|
| IDRISSA ADAMOU | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | )     Civil Action No.   7789/12 |
| | ) |
| THE COUNTY OF SPOTSYLVANIA, VIRGINIA; THE | ) |
| SPOTSYLVANIA COUNTY SHERIFF'S OFFICE; | ) |
| DETECTIVE EDWARD J. DOYLE; ET AL. | ) |
| _____ | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   NEW YORK CITY POLICE DEPARTMENT
1 Police Plaza
New York, New York 10038

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Richard L. Giampa, Esq., P.C.
860 Grand Concourse, Suite 1-H
Bronx, New York 10451
(718) 665-7700

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK

*CLERK OF COURT*

Date:   APR 1 6 2013        _____
                                          *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of New York

| | |
|---|---|
| IDRISSA ADAMOU | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| | ) Civil Action No.  7789/12 |
| THE COUNTY OF SPOTSYLVANIA, VIRGINIA; THE | ) |
| SPOTSYLVANIA COUNTY SHERIFF'S OFFICE; | ) |
| DETECTIVE EDWARD J. DOYLE; ET AL. | ) |
| | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   VERNON C. BAIN CENTER
Linda Griffin
1 Halleck Street
Bronx, New York 10474


A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Richard L. Giampa, Esq., P.C.
860 Grand Concourse, Suite 1-H
Bronx, New York 10451
(718) 665-7700


If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK
*CLERK OF COURT*

Date:  APR 1 6 2013                         _____
                                                              *Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
IDRISSA ADAMOU,                                            **Docket Number: 7789/12**
                              Plaintiff,

        - against -                                         **AMENDED COMPLAINT**

THE COUNTY OF SPOTSYLVANIA, VIRGINIA;
THE SPOTSYLVANIA COUNTY SHERIFF'S
OFFICE; DETECTIVE EDWARD J. DOYLE;
"JOHN and/or JANE DOES" Nos. 1, 2, 3, etc.
(whose identities are unknown but who are known
to be police officers and employees of the Spotsylvania
County Sheriff's Office); "RICHARD and/or
RACHEL ROES" Nos. 1, 2, 3, etc. (whose identity
is unknown but who are known to be supervisory
personnel of the Spotsylvania County Sheriff's
Office), all of whom are sued individually and
in their official capacities;
THE CITY OF NEW YORK; NEW YORK CITY
POLICE DEPARTMENT; LINDA GRIFFIN, Warden,
VCBC Correctional Facility; "JOHN and/or JANE
STILES" Nos. 1, 2, 3, etc. (whose identities are
unknown, but who are known to be police officers and
employees of the New York City Police Department)"



                              Defendants.
------------------------------------------------------------------X

        The plaintiff, IDRISSA ADAMOU, complaining of the defendants by his attorney,

RICHARD L. GIAMPA, ESQ., P.C., respectfully shows to this Court and alleges as follows

upon information and belief:

## JURISDICTION

        1.        This federal civil rights action is brought pursuant to 42 U.S.C. §§ 1983, 1985,

1986 and 1988 and the First, Fourth, Fifth and Fourteenth Amendments to the United States

Constitution, and pursuant to Article 1, §§ 6, 8, 11 and 12 of the Constitution of the State of New

York.

2.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and the aforementioned statutory and constitutional provisions. Plaintiff further invokes the supplemental jurisdiction of this Court under 28 U.S.C. § 1367 to hear and decide claims arising under state law.

## VENUE

3.     Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which a substantial part of the events giving rise to plaintiff's claim occurred.

## PARTIES

4.     At all relevant times, plaintiff was and is a resident of the United States, resident of Bronx County, New York.  The plaintiff resides at 42 West Fordham Road Apt #22, Bronx, New York.

5.     At all relevant times, defendant COUNTY OF SPOTSYLVANIA, VIRGINIA ("COUNTY") was and is a political subdivision within the Commonwealth of Virginia with its principle offices located at c/o Office of the Commonwealths Attorney, 9111 Courthouse Road, Spotsylvania, VA 22553.

6.     At all times mentioned, the SPOTSYLVANIA COUNTY SHERIFF'S OFFICE ("SHERIFF'S OFFICE") was a department or agency of the COUNTY that was and is responsible for the appointment, training, supervision, promotion and discipline of officers of the SHERIFF'S OFFICE, including defendants DETECTIVE EDWARD J. DOYLE and/or JOHN and/or JANE DOES Nos. 1, 2, 3, etc., and RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc.

7.     At all times mentioned DETECTIVE EDWARD J. DOYLE was a member of the Spotsylvania County Sheriff's Office, state of Virginia.

8.      At all times mentioned JOHN and/or JANE DOES Nos. 1, 2, 3, etc., and RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. were members of the Spotsylvania County Sheriff's Office, state of Virginia.

9.      At all relevant times, defendant NEW YORK CITY was and is a political subdivision within the State of New York with its principle offices located at 1 Centre St. New York, NY.

10.     At all times mentioned, THE NEW YORK CITY POLICE DEPARTMENT ("NYPD") was a department or agency of NEW YORK CITY ("CITY") that was and is responsible for the appointment, training, supervision, promotion and discipline of officers of the NEW YORK CITY POLICE DEPARTMENT, including defendants JOHN and/or JANE STILES Nos. 1, 2, 3, etc.

11.     At all times mentioned, Linda Griffin was the WARDEN of the Vernon C. Bain Center, a correctional facility with offices at 1 Halleck Street, Bronx, NY, 10451.

## ADMINISTRATIVE PROCEEDINGS

12.     On August 2, 2012, pursuant to Section 15.2-209 of the Code of Virginia, plaintiff served defendant COUNTY with a Notice of Claim.

13.     More than thirty (30) days have elapsed since plaintiff's Notice of Claim was served on defendant COUNTY.

14.     This action has been commenced within the one-year statute of limitations applicable to federal civil rights actions brought pursuant to 42 U.S.C. § 1986, within one year and ninety-days after the state law causes of action set forth herein accrued, and within the three year statute of limitations applicable to federal civil rights actions brought pursuant to 42 U.S.C. § 1983.

15.     Plaintiff is not barred from bringing the within action in Federal Court and plaintiff invokes the supplemental jurisdiction of this Court under 28 U.S.C. § 1367 to hear and decide claims arising under state law.

## FACTUAL ALLEGATIONS

### October 20, 2011
### Docket No.:  2011BX057081

16.     At approximately 10:15 am on the morning of October 20, 2011, plaintiff IDRISSA ADAMOU, a 42 year old African-American male, was lawfully present in the premises located at 40 West Fordham Road, Bronx, New York when defendants, DETECTIVE EDWARD J. DOYLE, JOHN and/or JANE DOES (members of the Spotsylvania Sheriff's Department) accompanied by NEW YORK CITY POLICE DEPARTMENT including JOHN and JANE STILES Nos. 1, 2, 3, etc. approached him based upon an unlawful and prextextual reason and identified themselves as police officers.  Plaintiff was asked by defendants and/or arresting officers if he was "Haji Omar," which Plaintiff replied in the negative.  Plaintiff complied with the defendants and/or arresting officers' demands, identified himself as IDRISSA ADAMOU and stated that he was tending to his store located at 40 West Fordham Road, Bronx, New York and was doing nothing wrong.

17.     Defendants DETECTIVE EDWARD J. DOYLE, JOHN and/or JANE DOES (members of the Spotsylvania Sheriff's Department) conducted an investigation and based upon their investigation falsely accused the plaintiff of committing criminal acts in the Commonwealth of Virginia.  The defendants investigation was based upon incorrect and false information which the defendants knew or should have known was false.  The district attorney's office later relied upon such false information to wrongfully prosecute and detain the plaintiff.

18.     Defendants, nonetheless, ignored plaintiff's pleas of innocence and proceeded to

4

handcuff and search him. The police searched Plaintiff and the store, including the register and stock room, and did not recover any contraband from plaintiff's store or person.

19.     Defendants, nonetheless, forcefully arrested plaintiff and placed him in a police car in the absence of probable cause.

20.     Plaintiff was transported to the 46th precinct in Bronx County and then to Bronx County Central Booking where he was unlawfully fingerprinted, photographed, and detained in a cell against his will. Plaintiff was forced to endure the humiliation of a strip search while in Defendants' custody.

21.     Plaintiff was originally arraigned in Part A of the Bronx County Criminal Court on October 25, 2011. The defendant was given a legal aid attorney who waived the defendant's appearance. The plaintiff refused to consent to an out of state extradition based upon an indictment in Spotsylvania County, State of Virginia. The case was adjourned for a Governor's Warrant until November 22, 2011.

22.     The plaintiff was remanded without bail, and remained in Custody against his will at The Vernon C. Bain Detention Center in Bronx County until December 20, 2011 when bail was set in the amount of $5,000.00 cash or bond. The plaintiff was unable to make bail and remained in police custody.

23.     On January 18, 2012 a Governor's Warrant was finally filed with the Bronx County Criminal Court. The Governor's Warrant was based upon fraudulent representations from defendants, COUNTY OF SPOTSYLVANIA, VIRGINIA SHERIFF'S OFFICE, including defendants DETECTIVE EDWARD J. DOYLE and/or JOHN and/or JANE DOES Nos. 1, 2, 3, etc., and RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc including but not limited to the representation that plaintiff was in the State of Virginia when the alleged criminal acts were

5

conducted. Although the arresting officers found no evidence or contraband on plaintiff and had no probable cause to arrest him, plaintiff was unlawfully charged with 2 counts of conspiracy to commit a felony, in violation of § 18.2-22; 18.2-10 of the Code of Virginia (1950) as amended.

24.    The Governor's Warrant was based upon fraudulent information which was created by defendants, , COUNTY OF SPOTSYLVANIA, VIRGINIA SHERIFF'S OFFICE, including defendants DETECTIVE EDWARD J. DOYLE and/or JOHN and/or JANE DOES Nos. 1, 2, 3, etc., and RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc, thereby violating the plaintiff's constitutional rights.

25.    The Governor's Warrant was received by LINDA GRIFFIN, Warden VCBC Correctional Facility, defendant CITY and defendants held plaintiff in VCBC against his will based upon information that defendant, LINDA GREEN, knew or should have known was false.

26.    On March 9, 2012, the defendant's and the Deputy Commonwealth Attorney, Mr. Thomas G. Shaia, dismissed the pending charges against plaintiff, IDRISSA ADAMOU, allegedly admitting that plaintiff was not in the Commonwealth of Virginia during the commission of the alleged crimes and therefore was misidentified and unlawfully charged with the crimes.

27.    Subsequently on March 9, 2012, all actions against the plaintiff were discharged by Honorable Boyle in Bronx County Criminal Court and the plaintiff was discharged from jurisdiction of the Court.

## LIABILITY OF INDIVIDUAL DEFENDANTS

28.    Upon information and belief, at the times and places mentioned above, Defendants DETECTIVE EDWARD J. DOYLE and/or, JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and employees of the

Spotsylvania County Sheriff's Office), RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identity is unknown but who are known to be supervisory personnel of the Spotsylvania County Sheriff's Office), THE NEW YORK CITY POLICE DEPARTMENT, LINDA GRIFFIN, Warden VCBC Correctional Facility, and JOHN and/or JANE STILES, Nos. 1,2,3 etc. (whose identities are unknown, but are known to be police officers and employees of the New York City Police Department), all of whom are sued individually and in their official capacities, unlawfully suppressed plaintiff's freedom of speech.    Additionally, Defendants DETECTIVE EDWARD J. DOYLE and/or, JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and employees of the Spotsylvania County Sheriff's Office), RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identity is unknown but who are known to be supervisory personnel of the Spotsylvania County Sheriff's Office), THE NEW YORK CITY POLICE DEPARTMENT, LINDA GRIFFIN, Warden VCBC Correctional Facility, and JOHN and/or JANE STILES, Nos. 1,2,3 etc. (whose identities are unknown, but are known to be police officers and employees of the New York City Police Department), wrongfully retaliated against plaintiff's exercise of his First Amendment rights by causing, in whole or in part, and by participating in, his unreasonable seizure and false arrest and imprisonment.

29.    Upon information and belief, at the times and places mentioned above, Defendants DETECTIVE EDWARD J. DOYLE and/or, JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and employees of the Spotsylvania County Sheriff's Office), RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identity is unknown but who are known to be supervisory personnel of the Spotsylvania County Sheriff's Office), THE NEW YORK CITY POLICE DEPARTMENT, LINDA

GRIFFIN, Warden VCBC Correctional Facility, and JOHN and/or JANE STILES, Nos. 1,2,3 etc. (whose identities are unknown, but are known to be police officers and employees of the New York City Police Department), who ordered plaintiff's arrest, unlawfully retaliated against plaintiff's exercise of his First Amendment rights by causing him to be unreasonably seized and falsely arrested and imprisoned and/or by knowingly failing to prevent or intervene in his unlawful arrest and imprisonment.

30.    Upon information and belief, at the times and places mentioned above, the Defendants DETECTIVE EDWARD J. DOYLE and/or, JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and employees of the Spotsylvania County Sheriff's Office), RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identity is unknown but who are known to be supervisory personnel of the Spotsylvania County Sheriff's Office), THE NEW YORK CITY POLICE DEPARTMENT, LINDA GRIFFIN, Warden VCBC Correctional Facility, and JOHN and/or JANE STILES, Nos. 1,2,3 etc. (whose identities are unknown, but are known to be police officers and employees of the New York City Police Department), intentionally and/or negligently inflicted emotional distress upon plaintiff.

31.    Upon information and belief, at all relevant times Defendants DETECTIVE EDWARD J. DOYLE and/or, JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and employees of the Spotsylvania County Sheriff's Office), RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identity is unknown but who are known to be supervisory personnel of the Spotsylvania County Sheriff's Office), THE NEW YORK CITY POLICE DEPARTMENT, LINDA GRIFFIN, Warden VCBC Correctional Facility, and JOHN and/or JANE STILES, Nos. 1,2,3 etc. (whose identities are

unknown, but are known to be police officers and employees of the New York City Police Department), participated in, supervised, ratified or tacitly approved the unlawful and malicious arrest, unlawful imprisonment and/or prosecution of plaintiff.

32.    The Defendants DETECTIVE EDWARD J. DOYLE and/or, JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and employees of the Spotsylvania County Sheriff's Office), RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identity is unknown but who are known to be supervisory personnel of the Spotsylvania County Sheriff's Office), THE NEW YORK CITY POLICE DEPARTMENT, LINDA GRIFFIN, Warden VCBC Correctional Facility, and JOHN and/or JANE STILES, Nos. 1,2,3 etc. (whose identities are unknown, but are known to be police officers and employees of the New York City Police Department), through their individual acts and omissions, were deliberately indifferent to, and acted in reckless disregard of, plaintiff's federal and state constitutional rights, privileges and immunities, and directly caused him to suffer the injuries and harm described above.

## LIABILITY OF DEFENDANT COUNTY OF SPOTSYVANIA AND CITY OF NEW YORK

33.    Upon information and belief, all of the acts and omissions by the individual defendants were carried out with full knowledge, consent and cooperation, and under the supervisory authority of Defendant COUNTY and Defendant CITY.

34.    Upon information and belief, Defendant COUNTY and Defendant CITY, by their policy-making agents, servants and employees, authorized, sanctioned and/or ratified these Defendants' wrongful acts and omissions; and/or failed to prevent or stop these acts and omissions; and/or allowed or encouraged these acts and omissions to continue.

35.    Moreover, upon information and belief, the acts and omissions of the individual defendants resulted from and were taken pursuant to a de facto policy and/or well-settled and widespread custom and practice of the COUNTY and CITY, which is implemented by police officers of said COUNTY and CITY, inter alia: to summarily, without efforts to explain or conciliate, punish persons who question the manner, authority or directives of police officers of the COUNTY and CITY and/or who do not capitulate to every demand, whether proper or improper, made by said officers.

36.    Moreover, upon information and belief, the acts and omissions of the individual defendants resulted from and were taken pursuant to a de facto policy and/or well-settled and widespread custom and practice of the COUNTY and CITY, which is implemented by police officers of said COUNTY and CITY, inter alia: to summarily, without justification, physically attack, arrest and/or abuse persons, particularly persons of color, in the absence of any need to resort to physical force.

37.    Upon information and belief, the existence of such de facto policies and/or well-settled and widespread customs and practices has been known to supervisory and policymaking officers and officials of the Spotsylvania County Sheriff's Department and of the COUNTY and the New York City Police Department and CITY for a substantial period of time.

38.    Upon information and belief, despite knowledge of such illegal de facto policies, customs and practices, the supervisory and policy-making officers and officials of the Spotsylvania County Sheriff's Department and of the COUNTY, and of the New York City Police Department and the CITY, have not taken steps to terminate these policies, customs and practices; have not disciplined individuals who engage in such customs and practices; have not otherwise properly trained police officers with regard to the constitutional and statutory limits on

the exercise of their authority; and have instead sanctioned and ratified these policies, customs

and practices through their deliberate indifference to, or negligent disregard of, the effect of said

policies, customs and practices upon the constitutional rights of persons, particularly persons of

color, in the COUNTY and the CITY.

     39.    Upon information and belief, and without limiting the foregoing, the Defendant

COUNTY and Defendant CITY has specifically failed to terminate said practices in the

following manner:

     (a)    Has failed to properly train, instruct, and discipline police officers with regard to probable cause for arrest;

     (b)    Has failed to properly train, instruct and discipline police officers with respect to civilians' First Amendment-protected right to criticize or question police officers' behavior and conduct;

     (c)    Has failed to properly train, instruct, and discipline police officers with respect to use of their authority;

     (d)    Has failed to properly train, instruct, and discipline police officers with regard to their duty to protect civilians from another officer's misconduct; and

     (e)    Has permitted police officers to maintain the "blue wall of silence" and to conceal and fail to report the misconduct of other police officers.

     40.    The knowing and repeated failure of the Defendant COUNTY and Defendant

CITY to properly supervise, train and discipline said officers actually caused the injuries to

plaintiff alleged herein.

     41.    Upon information and belief, Defendant COUNTY and Defendant CITY knew or

should have known that the acts alleged herein would deprive plaintiff of his rights without due

process of law, in violation of the First, Fourth, Fifth and Fourteenth Amendments to the United

States Constitution and Article 1, §§ 6, 8, 11 and 12 of the Constitution of the State of New

York, including, without limitation, plaintiff's rights to free speech, freedom from deprivation of

liberty without due process of law, freedom from unreasonable seizure, freedom from false arrest

and imprisonment, freedom from malicious prosecution, equal protection of the laws, and equal privileges and immunities under the laws.

42.    Defendant COUNTY and Defendant CITY are also directly liable and responsible for the acts of the individual defendants under the doctrine of respondeat superior.

## FIRST CAUSE OF ACTION
(Constitutional Violations -- 42 U.S.C. § 1983)

43.    The Plaintiff IDRISSA ADAMOU hereby re-alleges and incorporates by reference each and every allegation above as if fully set forth herein.

44.    Defendants, under color of state law, subjected plaintiff to the foregoing acts and omissions without due process of law and in violation of 42 U.S.C. § 1983 thereby depriving plaintiff of his rights, privileges and immunities secured by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, including, without limitation, deprivation of the following constitutional rights:

(a)    freedom to engage in protected speech;
(b)    freedom from unreasonable seizure of his person;
(c)    freedom from arrest without probable cause;
(d)    freedom from false imprisonment, that being wrongful detention without good faith, reasonable suspicion or legal justification, and of which wrongful detention plaintiff is aware and to which he did not consent;
(e)    freedom from the lodging of false charges against him by police officers;
(f)    freedom from malicious prosecution by police officers, that being prosecution without probable cause that is instituted with malice and that ultimately terminated in plaintiff's favor;
(g)    freedom from deprivation of liberty without due process of law; and
(h)    equal protection, privileges and immunities under the laws.

45.    Defendants' deprivation of plaintiff's constitutional rights resulted in the injuries and damages set forth above.

## SECOND CAUSE OF ACTION
(Monell Claim Against Defendant COUNTY and Defendant CITY for Failure to Train, Supervise and Discipline
42 U.S.C. § 1983, 42 U.S.C. § 1985 and 42 U.S.C. § 1986 )

46.    The Plaintiff IDRISSA ADAMOU hereby re-alleges and incorporates by reference each and every allegation above as if fully set forth herein.

47.    Defendant COUNTY and Defendant CITY, by and through its policymakers, created and maintained a custom, policy and/or practice of failing to adequately train, supervise and discipline its employees and agents, including the named and unnamed defendants in this case, regarding civilians' rights of free speech and obtaining probable cause to ensure that civilians not be falsely arrested, falsely imprisoned and maliciously prosecuted.

48.    Defendant COUNTY and CITY had actual or constructive notice of its failures to train, supervise and discipline its employees.  This is because defendant knew that it was foreseeable that officers would confront situations requiring knowledge of free speech rights and probable cause and that without the necessary training, supervision and discipline, constitutional violations would result.  Yet Defendant COUNTY and Defendant CITY chose not to provide such training, supervision and discipline.

49.    This failure to train, supervise and discipline amounted to gross negligence, deliberate indifference or intentional misconduct, and encouraged and/or permitted the named and unnamed defendants to engage in the conduct which proximately and directly caused plaintiff's injuries and damages set forth above.

### THIRD CAUSE OF ACTION
(Individual Supervisory Liability
42 U.S.C. § 1983, 42 U.S.C. § 1985 and 42 U.S.C. § 1986)

50.    The Plaintiff IDRISSA ADAMOU hereby re-alleges and incorporates by reference each and every allegation above as if fully set forth herein.

51.    The individual supervisory defendants, were, at all relevant times, supervisory personnel in the Spotsylvania County Sheriff's Department, and the New York City Police

Department, with oversight responsibility for the training, instruction, supervision and discipline of the named and unnamed individual police officer defendants who deprived plaintiff of his federal constitutional rights.

52.    The individual supervisory defendants knew or should have known that the individual defendant police officers were conducting unreasonable and retaliatory seizures and false arrests, and were maliciously prosecuting civilians and depriving civilians of their due process of law.

53.    The individual supervisory defendants were personally involved in failing to take preventative and remedial measures to guard against such constitutional deprivations, such that plaintiff would not be injured. The supervisory defendants knew, or in the exercise of due diligence, should have known, that the actions taken against plaintiff by the unnamed individual police officer defendants was likely to occur.

54.    The failure of the individual supervisory defendants to train, supervise and discipline the unnamed individual police officer defendants amounted to gross negligence, deliberate indifference or intentional misconduct which directly and proximately caused the injuries and damages to plaintiff set forth above.

### FOURTH CAUSE OF ACTION
(New York State Constitutional Violations)

55.    The Plaintiff IDRISSA ADAMOU hereby re-alleges and incorporates by reference each and every allegation above as if fully set forth herein.

56.    Such conduct breached the protections guaranteed to plaintiff by the New York State Constitution, Article I, §§ 6, 8, 11, and 12, including his rights:

      (a)      freedom to engage in protected speech;
      (b)      freedom from unreasonable seizure of her person;
      (c)      freedom from arrest without probable cause;

| | |
|---|---|
| (d) | freedom from false imprisonment, that being wrongful detention without good faith, reasonable suspicion or legal justification, and of which wrongful detention plaintiff is aware and to which he did not consent; |
| (e) | freedom from the lodging of false charges against him by police officers; |
| (f) | freedom from malicious prosecution by police officers, that being prosecution without probable cause that is instituted with malice and that ultimately terminated in plaintiff's favor; |
| (g) | freedom from deprivation of liberty without due process of law; and |
| (h) | equal protection, privileges and immunities under the laws. |

57.    Defendants' deprivation of plaintiff's rights under the New York State Constitution resulted in the injuries and damages set forth above.

### FIFTH CAUSE OF ACTION
(False Arrest)

58.    The Plaintiff IDRISSA ADAMOU hereby re-alleges and incorporates by reference each and every allegation above as if fully set forth herein.

59.    Acting under color of law, Defendants DETECTIVE EDWARD J. DOYLE and/or, JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and employees of the Spotsylvania County Sheriff's Office), RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identity is unknown but who are known to be supervisory personnel of the Spotsylvania County Sheriff's Office) THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, LINDA GRIFFIN, Warden VCBC Correctional Facility, and JOHN and/or JANE STILES, Nos. 1,2,3 etc. (whose identities are unknown, but are known to be police officers and employees of the New York City Police Department),   unlawfully caused, ordered, approved and/or knowingly failed to prevent plaintiff's arrest without probable cause or other legal justification.

60.    The individual defendants committed the foregoing acts intentionally, willfully and with malicious disregard for plaintiff's rights, resulting in the injuries and damages set forth above, and are therefore liable for punitive damages.

## SIXTH CAUSE OF ACTION
(False Imprisonment)

61.    The Plaintiff IDRISSA ADAMOU hereby re-alleges and incorporates by reference each and every allegation above as if fully set forth herein.

62.    Acting under color of law, Defendants DETECTIVE EDWARD J. DOYLE and/or, JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and employees of the Spotsylvania County Sheriff's Office), RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identity is unknown but who are known to be supervisory personnel of the Spotsylvania County Sheriff's Office), JOHN and/or JANE STILES, Nos. 1,2,3 etc. (whose identities are unknown, but are known to be police officers and employees of the New York City Police Department) and COUNTY and CITY unlawfully caused, ordered, approved and/or knowingly failed to prevent plaintiff's wrongful detention, thereby depriving him of his liberty without good faith, reasonable suspicion or other legal justification.

63.    Plaintiff was conscious of, and did not consent to, his confinement.

64.    The individual defendants committed the foregoing acts intentionally, willfully and with malicious disregard for plaintiff's rights, resulting in the injuries and damages set forth above, and are therefore liable for punitive damages.

## SEVENTH CAUSE OF ACTION
(Malicious Prosecution)

65.    The Plaintiff IDRISSA ADAMOU hereby re-alleges and incorporates by reference each and every allegation above as if fully set forth herein.

66.    Acting under color of law, Defendants DETECTIVE EDWARD J. DOYLE and/or, JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are

known to be police officers and employees of the Spotsylvania County Sheriff's Office), RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identity is unknown but who are known to be supervisory personnel of the Spotsylvania County Sheriff's Office), and JOHN and/or JANE STILES, Nos. 1,2,3 etc. (whose identities are unknown, but are known to be police officers and employees of the New York City Police Department), CITY, and COUNTY, commenced and continued, and/or caused to be commenced and continued, a criminal prosecution against plaintiff that was lacking in probable cause, instituted in malice, and which ultimately terminated in plaintiff's favor.

67.    Defendants committed the foregoing acts intentionally, willfully and with malicious disregard for plaintiff's rights, resulting in the injuries and damages set forth above, and are therefore liable for punitive damages.

## EIGHTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)

68.    The Plaintiff IDRISSA ADAMOU hereby re-alleges and incorporates by reference each and every allegation above as if fully set forth herein.

69.    The individual Defendants, DETECTIVE EDWARD J. DOYLE and/or, JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and employees of the Spotsylvania County Sheriff's Office), RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identity is unknown but who are known to be supervisory personnel of the Spotsylvania County Sheriff's Office), LINDA GRIFFIN, Warden VCBC Correctional Facility, and JOHN and/or JANE STILES, Nos. 1,2,3 etc. (whose identities are unknown, but are known to be police officers and employees of the New York City Police Department), by their aforementioned acts, did intentionally, willfully, and knowingly cause

plaintiff to suffer mental and emotional distress, pain and suffering, and damage to name and reputation.

70.    The individual defendants committed the foregoing acts intentionally, willfully and with malicious disregard for plaintiff's rights and are therefore liable for punitive damages.

### NINTH CAUSE OF ACTION
(Negligent Infliction of Emotional Distress)

71.    The Plaintiff IDRISSA ADAMOU hereby re-alleges and incorporates by reference each and every allegation above as if fully set forth herein.

72.    The individual Defendants DETECTIVE EDWARD J. DOYLE and/or, JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and employees of the Spotsylvania County Sheriff's Office), RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identity is unknown but who are known to be supervisory personnel of the Spotsylvania County Sheriff's Office), LINDA GRIFFIN, Warden VCBC Correctional Facility, and JOHN and/or JANE STILES, Nos. 1,2,3 etc. (whose identities are unknown, but are known to be police officers and employees of the New York City Police Department), by their aforementioned acts, did negligently cause plaintiff to suffer mental and emotional distress, pain and suffering, and damage to name and reputation.

### TENTH CAUSE OF ACTION
(Negligence of the Individual Defendants)

73.    The Plaintiff IDRISSA ADAMOU hereby re-alleges and incorporates by reference each and every allegation above as if fully set forth herein.

74.    The individual Defendants DETECTIVE EDWARD J. DOYLE and/or, JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and employees of the Spotsylvania County Sheriff's Office), RICHARD and/or

RACHEL ROES Nos. 1, 2, 3, etc. (whose identity is unknown but who are known to be supervisory personnel of the Spotsylvania County Sheriff's Office)

75.    , LINDA GRIFFIN, Warden VCBC Correctional Facility, and JOHN and/or JANE STILES, Nos. 1,2,3 etc. (whose identities are unknown, but are known to be police officers and employees of the New York City Police Department) by their aforementioned acts, negligently failed to use due care in the performance of their duties in that they, among other negligent acts:

  (a)    failed to perform their duties as a reasonably prudent and careful police officer or supervisor would have done under similar circumstances;
  (b)    carelessly and recklessly seized and detained plaintiff; and
  (c)    carelessly and recklessly arrested and detained plaintiff without a warrant or probable cause.

76.    The negligent actions of the individual defendants directly and proximately caused plaintiff's injuries and damages set forth above.

**WHEREFORE,** plaintiff demands the following relief against defendants, jointly and severally:

(a) a judgment declaring the actions and conduct of defendants unconstitutional;

(b) full and fair compensatory damages in an amount to be determined by a jury;

(c) punitive damages in an amount to be determined by a jury;

(d) reasonable attorney's fees and costs and disbursements of this action;

(e) pre- and post-judgment interest; and

(f) such other and further relief as this Court may deem just and proper.


## <u>DEMAND FOR A JURY TRIAL</u>

A jury trial is hereby demanded.

Dated: Bronx, New York
       April 11, 2013

                              Yours, etc.,

                              S/
                              RICHARD L. GIAMPA, ESQ., P.C.
                              Attorney for the Plaintiff
                              IDRISSA ADAMOU
                              860 Grand Concourse, Suite 1H
                              Bronx, New York 10451
                              (718) 665-7700

**VERIFICATION**

**STATE OF NEW YORK**    )
                                       )
**COUNTY OF BRONX**    )ss.:

      I, the undersigned am an attorney duly admitted to practice in the Courts of New York State and I am the attorney of record in the within action; I have read the foregoing AMENDED SUMMONS AND AMENDED COMPLAINT and know the contents thereof, the same is true to my own knowledge, except as to those matters stated to be alleged upon information and belief, and as to those matters I believed it to be true.

      This verification is made by the undersigned and not by the plaintiff because plaintiff resides in a county other than the county in which the undersigned attorney maintains offices.  The grounds to my belief as to all matters not stated upon my own knowledge are as follows: Investigations, conversations with my client and records maintained in my client's file.

      I affirm that the foregoing statements are true, under the penalties of perjury.

Dated: Bronx, New York
       April 15, 2013

                                   ZACHARY K. GIAMPA, ESQ.