UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

IDRISSA ADAMOU,

                    Plaintiff,

          - against -

THE COUNTY OF SPOTSYLVANIA, VIRGINIA;
THE SPOTSYLVANIA COUNTY SHERIFF'S
OFFICE; DETECTIVE EDWARD J. DOYLE;
"JOHN and/or JANE DOES" Nos. 1, 2, 3, etc.
(whose identities are unknown but who are known
to be police officers and employees of the Spotsylvania
County Sheriff's Office); "RICHARD and/or
RACHEL ROES" Nos. 1, 2, 3, etc. (whose identity
is unknown but who are known to be supervisory
personnel of the Spotsylvania County Sheriff's
Office), all of whom are sued individually and
in their official capacities;
THE CITY OF NEW YORK; NEW YORK CITY
POLICE DEPARTMENT; LINDA GRIFFIN, Warden,
VCBC Correctional Facility; "JOHN and/or JANE
STILES" Nos. 1, 2, 3, etc. (whose identities are
unknown, but who are known to be police officers and
employees of the New York City Police Department)"

                    Defendants.

-----------------------------------------------------------------------X

**Case Number: 7789CV12**

12CV 7789

<u>**SECOND**</u>
<u>**AMENDED COMPLAINT**</u>



     The plaintiff, IDRISSA ADAMOU, complaining of the defendants by his attorney,

RICHARD L. GIAMPA, ESQ., P.C., respectfully shows to this Court and alleges as follows

upon information and belief:

<u>**JURISDICTION**</u>

     1.     This federal civil rights action is brought pursuant to 42 U.S.C. §§ 1983, 1985,

1986 and 1988 and the First, Fourth, Fifth and Fourteenth Amendments to the United States

Constitution, and pursuant to Article 1, §§ 6, 8, 11 and 12 of the Constitution of the State of New

York.

2.      Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and the aforementioned statutory and constitutional provisions. Plaintiff further invokes the supplemental jurisdiction of this Court under 28 U.S.C. § 1367 to hear and decide claims arising under state law.

**VENUE**

3.      Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which a substantial part of the events giving rise to plaintiff's claim occurred.

**PARTIES**

4.      At all relevant times, plaintiff was and is a resident of the United States, resident of Bronx County, New York.  The plaintiff resides at 42 West Fordham Road Apt #22, Bronx, New York.

5.      At all relevant times, defendant COUNTY OF SPOTSYLVANIA, VIRGINIA ("COUNTY") was and is a political subdivision within the Commonwealth of Virginia with its principle offices located at c/o Office of the Commonwealths Attorney, 9111 Courthouse Road, Spotsylvania, VA 22553.

6.      At all times mentioned, the SPOTSYLVANIA COUNTY SHERIFF'S OFFICE ("SHERIFF'S OFFICE") was a department or agency of the COUNTY that was and is responsible for the appointment, training, supervision, promotion and discipline of officers of the SHERIFF'S OFFICE, including defendants DETECTIVE EDWARD J. DOYLE and/or JOHN and/or JANE DOES Nos. 1, 2, 3, etc., and RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc.

7.      At all times mentioned DETECTIVE EDWARD J. DOYLE was a member of the Spotsylvania County Sheriff's Office, state of Virginia.

8.      At all times mentioned JOHN and/or JANE DOES Nos. 1, 2, 3, etc., and RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. were a members of the Spotsylvania County Sheriff's Office, state of Virginia.

9.      At all relevant times, defendant NEW YORK CITY was and is a political subdivision within the State of New York with its principle offices located at 1 Centre St. New York, NY.

10.      At all times mentioned, THE NEW YORK CITY POLICE DEPARTMENT ("NYPD") was a department or agency of NEW YORK CITY ("CITY") that was and is responsible for the appointment, training, supervision, promotion and discipline of officers of the NEW YORK CITY POLICE DEPARTMENT, including defendants JOHN and/or JANE STILES Nos. 1, 2, 3, etc.

11.      At all times mentioned, Linda Griffin was the WARDEN of the Vernon C. Bain Center, a correctional facility with offices at 1 Halleck Street, Bronx, NY, 10451.

## ADMINISTRATIVE PROCEEDINGS

12.      On August 2, 2012, pursuant to Section 15.2-209 of the Code of Virginia, plaintiff served defendant COUNTY with a Notice of Claim.

13.      More than thirty (30) days have elapsed since plaintiff's Notice of Claim was served on defendant COUNTY.

14.      This action has been commenced within the one-year statute of limitations applicable to federal civil rights actions brought pursuant to 42 U.S.C. § 1986, within one year and ninety-days after the state law causes of action set forth herein accrued, and within the three year statute of limitations applicable to federal civil rights actions brought pursuant to 42 U.S.C. § 1983.

15.    Plaintiff is not barred from bringing the within action in Federal Court and plaintiff invokes the supplemental jurisdiction of this Court under 28 U.S.C. § 1367 to hear and decide claims arising under state law.

### FACTUAL ALLEGATIONS

### October 20, 2011
### Docket No.: 2011BX057081

16.    At approximately 10:15 am on the morning of October 20, 2011, plaintiff IDRISSA ADAMOU, a 42 year old African-American male, was lawfully present in the premises located at 40 West Fordham Road, Bronx, New York when defendants, DETECTIVE EDWARD J. DOYLE, JOHN and/or JANE DOES (members of the Spotsylvania Sheriff's Department) accompanied by defendant, CITY, and New York Police Department officers approached him based upon an out of state *capias* that was obtained through the defendants' use of false statements, misrepresentations, misidentification and identified themselves as police officers. Plaintiff was asked by defendants and/or arresting officers if he was "Haji Omar," which Plaintiff replied in the negative. Plaintiff complied with the defendants and/or arresting officers' demands, identified himself as IDRISSA ADAMOU and stated that he was tending to his store located at 40 West Fordham Road, Bronx, New York and was doing nothing wrong.

17.    Defendants, nonetheless, ignored plaintiff's pleas of innocence and proceeded to handcuff and search him. The police searched Plaintiff and the store, including the register and stock room, and did not recover any contraband from plaintiff's store or person.

18.    Defendants, nonetheless, forcefully arrested plaintiff and placed him in a police car in the absence of probable cause. The out of state *capias* was derived from a Spotsylvania County indictment. The Indictment was obtained using false representations, misstatements, misidentifications, and otherwise fraudulent testimony. The indictment itself is facially

insufficient and could not be used to prosecute the plaintiff.

19.    Upon information and belief the individual defendants, DETECTIVE EDWARD J. DOYLE, JOHN and/or JANE DOES (members of the Spotsylvania Sheriff's Department), testified in the Virginia Grand Jury and negligently, knowingly and/or recklessly provided false representations, misstatements, misidentifications, and otherwise fraudulent testimony in order to obtain an indictment.

20.    Upon information and belief the indictment was rendered after grand jury testimony was illicted by all Virginia defendants misidentifying the plaintiff as "Haji Omar". Further testimony was given stating that the plaintiff was in the state of Virginia during the commission of the crime.  Plaintiff has never stepped foot in the state of Virginia and was innocent of all crimes charged against him.

21.    Upon information and belief information regarding the ill-obtained indictment was provided to NEW YORK CITY POLICE DEPARTMENT, including defendants JOHN and/or JANE STILES Nos. 1, 2, 3, etc (individual Bronx County police officers) and the New York defendants knowingly used the misrepresentations as pretext to arrest the plaintiff.  The New York defendants did not have probable cause to arrest the plaintiff on the out of state *capias* because they knew or should have known it was derived from false statements created by the Virginia defendants.

22.    Plaintiff was transported to the 46th precinct in Bronx County and then to Bronx County Central Booking where he was unlawfully fingerprinted, photographed, and detained in a cell against his will.  Plaintiff was forced to endure the humiliation of a strip search while in Defendants' custody.

23.    Plaintiff was originally arraigned in Part A of the Bronx County Criminal Court

on October 25, 2011. The defendant was given a legal aid attorney who waived the defendant's appearance. The plaintiff refused to consent to an out of state extradition based upon an indictment from Spotsylvania County, State of Virginia which upon information and belief is facially invalid. The case was adjourned for a Governor's Warrant until November 22, 2011.

24.     The plaintiff was remanded without bail, and remained in Custody against his will at The Vernon C. Bain Detention Center in Bronx County until December 20, 2011 when bail was set in the amount of $5,000.00 cash or bond. The plaintiff was unable to make bail and remained in police custody.

25.     On January 18, 2012 a Governor's Warrant was finally filed with the Bronx County Criminal Court. Although the arresting officers found no evidence or contraband on plaintiff and had no probable cause to arrest him, plaintiff was unlawfully charged with 2 counts of conspiracy to commit a felony, in violation of § 18.2-22; 18.2-10 of the Code of Virginia (1950) as amended. The Governor's Warrant was used as an prosecutorial instrument to imprison the plaintiff without proper cause.

26.     The Governor's Warrant was obtained using false representations, misstatements, misidentifications, and otherwise fraudulent testimony. Specifically the Governor's Warrant and its corresponding affirmation papers state that the plaintiff was in the State of Virginia at the time of the crimes and then fled the state of the Virginia making him a fugitive of the state. Upon information and belief it is alleged that the false information used in the Governor's Warrant was knowingly created by DETECTIVE EDWARD J. DOYLE, JOHN and/or JANE DOES (members of the Spotsylvania Sheriff's Department), COUNTY and SHERIFF'S DEPARTMENT. This was a direct abuse of process causing the plaintiff to remain to be incarcerated.

27.    The CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, including defendants JOHN and/or JANE STILES Nos. 1, 2, 3, etc (individual Bronx County police officers) and LINDA GRIFFITH knew or should have known that the Governor's Warrant contained false information, fraudulent misrepresentations and incorrect statements and continued to detain and/or imprison the plaintiff without proper cause.

28.    On March 9, 2012, the defendant's and the Deputy Commonwealth Attorney, Mr. Thomas G. Shaia, dismissed the pending charges against plaintiff, IDRISSA ADAMOU, allegedly admitting that plaintiff was not in the Commonwealth of Virginia during the commission of the alleged crimes and therefore was misidentified and unlawfully charged with the crimes.

29.    Subsequently on March 9, 2012, all actions against the plaintiff were discharged by Honorable Boyle in Bronx County Criminal Court and the plaintiff was discharged from jurisdiction of the Court.

## LIABILITY OF INDIVIDUAL DEFENDANTS

30.    Upon information and belief, at the times and places mentioned above, Defendants DETECTIVE EDWARD J. DOYLE and/or, JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and employees of the Spotsylvania County Sheriff's Office), RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identity is unknown but who are known to be supervisory personnel of the Spotsylvania County Sheriff's Office), THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, LINDA GRIFFIN, Warden VCBC Correctional Facility, and JOHN and/or JANE STILES, Nos. 1,2,3 etc. (whose identities are unknown, but are known to be police officers and employees of the New York City Police Department), all of whom are sued

individually and in their official capacities, unlawfully suppressed plaintiff's freedom of speech. Additionally, Defendants DETECTIVE EDWARD J. DOYLE and/or, JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and employees of the Spotsylvania County Sheriff's Office), RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identity is unknown but who are known to be supervisory personnel of the Spotsylvania County Sheriff's Office), THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, LINDA GRIFFIN, Warden VCBC Correctional Facility, and JOHN and/or JANE STILES, Nos. 1,2,3 etc. (whose identities are unknown, but are known to be police officers and employees of the New York City Police Department), wrongfully retaliated against plaintiff's exercise of his First Amendment rights by causing, in whole or in part, and by participating in, his unreasonable seizure and false arrest and imprisonment.

31.    Upon information and belief, at the times and places mentioned above, Defendants DETECTIVE EDWARD J. DOYLE and/or, JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and employees of the Spotsylvania County Sheriff's Office), RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identity is unknown but who are known to be supervisory personnel of the Spotsylvania County Sheriff's Office), THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, LINDA GRIFFIN, Warden VCBC Correctional Facility, and JOHN and/or JANE STILES, Nos. 1,2,3 etc. (whose identities are unknown, but are known to be police officers and employees of the New York City Police Department), who ordered plaintiff's arrest, unlawfully retaliated against plaintiff's exercise of his First Amendment rights by causing him to be unreasonably seized and falsely arrested and imprisoned and/or by knowingly failing to prevent or intervene in his unlawful arrest and imprisonment.

32.    Upon information and belief, at the times and places mentioned above, the Defendants DETECTIVE EDWARD J. DOYLE and/or, JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and employees of the Spotsylvania County Sheriff's Office), RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identity is unknown but who are known to be supervisory personnel of the Spotsylvania County Sheriff's Office), THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, LINDA GRIFFIN, Warden VCBC Correctional Facility, and JOHN and/or JANE STILES, Nos. 1,2,3 etc. (whose identities are unknown, but are known to be police officers and employees of the New York City Police Department), intentionally and/or negligently inflicted emotional distress upon plaintiff.

33.    Upon information and belief, at all relevant times Defendants DETECTIVE EDWARD J. DOYLE and/or, JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and employees of the Spotsylvania County Sheriff's Office), RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identity is unknown but who are known to be supervisory personnel of the Spotsylvania County Sheriff's Office), THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, LINDA GRIFFIN, Warden VCBC Correctional Facility, and JOHN and/or JANE STILES, Nos. 1,2,3 etc. (whose identities are unknown, but are known to be police officers and employees of the New York City Police Department), participated in, supervised, ratified or tacitly approved the unlawful and malicious arrest, abuse of process, unlawful imprisonment and/or prosecution of plaintiff.

34.    The Defendants DETECTIVE EDWARD J. DOYLE and/or, JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers

and employees of the Spotsylvania County Sheriff's Office), RICHARD and/or RACHEL ROES

Nos. 1, 2, 3, etc. (whose identity is unknown but who are known to be supervisory personnel of

the Spotsylvania County Sheriff's Office), THE CITY OF NEW YORK, THE NEW YORK

CITY POLICE DEPARTMENT, LINDA GRIFFIN, Warden VCBC Correctional Facility, and

JOHN and/or JANE STILES, Nos. 1,2,3 etc. (whose identities are unknown, but are known to be

police officers and employees of the New York City Police Department), through their individual

acts and omissions, were deliberately indifferent to, and acted in reckless disregard of, plaintiff's

federal and state constitutional rights, privileges and immunities, and directly caused him to

suffer the injuries and harm described above.

### LIABILITY OF DEFENDANT COUNTY OF SPOTSYVANIA AND CITY OF NEW YORK

35.    Upon information and belief, all of the acts and omissions by the individual

defendants were carried out with full knowledge, consent and cooperation, and under the

supervisory authority of Defendant COUNTY and Defendant CITY.

36.    Upon information and belief, Defendant COUNTY and Defendant CITY, by their

policy-making agents, servants and employees, authorized, sanctioned and/or ratified these

Defendants' wrongful acts and omissions; and/or failed to prevent or stop these acts and

omissions; and/or allowed or encouraged these acts and omissions to continue.

37.    Moreover, upon information and belief, the acts and omissions of the individual

defendants resulted from and were taken pursuant to a de facto policy and/or well-settled and

widespread custom and practice of the COUNTY and CITY, which is implemented by police

officers of said COUNTY and CITY, inter alia: to summarily, without efforts to explain or

conciliate, punish persons who question the manner, authority or directives of police officers of

the COUNTY and CITY and/or who do not capitulate to every demand, whether proper or improper, made by said officers.

38.     Moreover, upon information and belief, the acts and omissions of the individual defendants resulted from and were taken pursuant to a de facto policy and/or well-settled and widespread custom and practice of the COUNTY and CITY, which is implemented by police officers of said COUNTY and CITY, inter alia: to summarily, without justification, knowingly make false and misleading statements in the Grand Jury in order to obtain indictments on persons who are subject of their investigations.

39.     Moreover, upon information and belief, the acts and omissions of the individual defendants resulted from and were taken pursuant to a de facto policy and/or well-settled and widespread custom and practice of the COUNTY and CITY, which is implemented by police officers of said COUNTY and CITY, inter alia: to summarily, without justification, knowingly make false and misleading statements in a Governor's Warrant in order to obtain extradition and continued imprisonment on persons who are subject of their investigations.

40.     Moreover, upon information and belief, the acts and omissions of the individual defendants resulted from and were taken pursuant to a de facto policy and/or well-settled and widespread custom and practice of the COUNTY and CITY, which is implemented by police officers of said COUNTY and CITY, inter alia: to allow foreign states to come in and arrest New York residents without having the proper probable cause, an arrest warrant, a facially sufficient indictment and/or an indictment that is known to be premised on false information.

41.     Moreover, upon information and belief, the acts and omissions of the individual defendants resulted from and were taken pursuant to a de facto policy and/or well-settled and widespread custom and practice of the COUNTY and CITY, which is implemented by police

officers of said COUNTY and CITY, inter alia: to summarily, without justification, knowingly defend and uphold out of state Governor's Warrants that are known to contain false, incorrect and/or misleading statements.

42.    Moreover, upon information and belief, the acts and omissions of the individual defendants resulted from and were taken pursuant to a de facto policy and/or well-settled and widespread custom and practice of the COUNTY and CITY, which is implemented by police officers of said COUNTY and CITY, inter alia: to arrest persons without probable cause based upon information that is known or should have been known to be false.

43.    Moreover, upon information and belief, the acts and omissions of the individual defendants resulted from and were taken pursuant to a de facto policy and/or well-settled and widespread custom and practice of the COUNTY and CITY, which is implemented by police officers of said COUNTY and CITY, inter alia: to allow foreign states to come in and arrest New York residents without having being able to first properly identify the suspect in question resulting in a negligent arrest of an innocent New York resident.

44.    Upon information and belief, the existence of such de facto policies and/or well-settled and widespread customs and practices has been known to supervisory and policymaking officers and officials of the Spotsylvania County Sheriff's Department and of the COUNTY and the New York City Police Department and CITY for a substantial period of time.

45.    Upon information and belief, despite knowledge of such illegal de facto policies, customs and practices, the supervisory and policy-making officers and officials of the Spotsylvania County Sheriff's Department and of the COUNTY, and of the New York City Police Department and the CITY, have not taken steps to terminate these policies, customs and practices; have not disciplined individuals who engage in such customs and practices; have not

otherwise properly trained police officers with regard to the constitutional and statutory limits on the exercise of their authority; and have instead sanctioned and ratified these policies, customs and practices through their deliberate indifference to, or negligent disregard of, the effect of said policies, customs and practices upon the constitutional rights of persons, particularly persons of color, in the COUNTY and the CITY.

46.    Upon information and belief, and without limiting the foregoing, the Defendant COUNTY and Defendant CITY has specifically failed to terminate said practices in the following manner:

(a)    Has failed to properly train, instruct, and discipline police officers with regard to probable cause for arrest;

(b)    Has failed to properly train, instruct and discipline police officers with respect to civilians' First Amendment-protected right to criticize or question police officers' behavior and conduct;

(c)    Has failed to properly train, instruct, and discipline police officers with respect to use of their authority;

(d)    Has failed to properly train, instruct, and discipline police officers with regard to their duty to protect civilians from another officer's misconduct; and

(e)    Has permitted police officers to maintain the "blue wall of silence" and to conceal and fail to report the misconduct of other police officers.

47.    The knowing and repeated failure of the Defendant COUNTY and Defendant CITY to properly supervise, train and discipline said officers actually caused the injuries to plaintiff alleged herein.

48.    Upon information and belief, Defendant COUNTY and Defendant CITY knew or should have known that the acts alleged herein would deprive plaintiff of his rights without due process of law, in violation of the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution and Article 1, §§ 6, 8, 11 and 12 of the Constitution of the State of New York, including, without limitation, plaintiff's rights to free speech, freedom from deprivation of liberty without due process of law, freedom from unreasonable seizure, freedom from false arrest

and imprisonment, freedom from malicious prosecution, equal protection of the laws, and equal

privileges and immunities under the laws.

49.     Defendant COUNTY and Defendant CITY are also directly liable and responsible

for the acts of the individual defendants under the doctrine of respondeat superior.

### FIRST CAUSE OF ACTION
(Constitutional Violations -- 42 U.S.C. § 1983)

50.     The Plaintiff IDRISSA ADAMOU hereby re-alleges and incorporates by

reference each and every allegation above as if fully set forth herein.

51.     Defendants, under color of state law, subjected plaintiff to the foregoing acts and

omissions without due process of law and in violation of 42 U.S.C. § 1983 thereby depriving

plaintiff of his rights, privileges and immunities secured by the First, Fourth, Fifth and

Fourteenth Amendments to the United States Constitution, including, without limitation,

deprivation of the following constitutional rights:

    (a)    freedom to engage in protected speech;
    (b)    freedom from unreasonable seizure of his person;
    (c)    freedom from arrest without probable cause;
    (d)    freedom from false imprisonment, that being wrongful detention without good faith, reasonable suspicion or legal justification, and of which wrongful detention plaintiff is aware and to which he did not consent;
    (e)    freedom from the lodging of false charges against him by police officers;
    (f)    freedom from malicious prosecution by police officers, that being prosecution without probable cause that is instituted with malice and that ultimately terminated in plaintiff's favor;
    (g)    freedom from malicious abuse of process by police officers, that being improperly using the legal process to attain collateral objectives.
    (h)    freedom from deprivation of liberty without due process of law; and
    (i)    equal protection, privileges and immunities under the laws.

52.     Defendants' deprivation of plaintiff's constitutional rights resulted in the injuries

and damages set forth above.

### SECOND CAUSE OF ACTION

(Monell Claim Against Defendant COUNTY and Defendant CITY for Failure to Train,
Supervise and Discipline
42 U.S.C. § 1983, 42 U.S.C. § 1985 and 42 U.S.C. § 1986 )

53.     The Plaintiff IDRISSA ADAMOU hereby re-alleges and incorporates by reference each and every allegation above as if fully set forth herein.

54.     Defendant COUNTY and Defendant CITY, by and through its policymakers, created and maintained a custom, policy and/or practice of failing to adequately train, supervise and discipline its employees and agents, including the named and unnamed defendants in this case, regarding civilians' rights of free speech and obtaining probable cause to ensure that civilians not be falsely arrested, falsely imprisoned, maliciously abused using legal process and maliciously prosecuted.

55.     Defendant COUNTY and CITY had actual or constructive notice of its failures to train, supervise and discipline its employees.  This is because defendant knew that it was foreseeable that officers would confront situations requiring knowledge of free speech rights, fugitive laws and probable cause and that without the necessary training, supervision and discipline, constitutional violations would result.  Yet Defendant COUNTY and Defendant CITY chose not to provide such training, supervision and discipline.

56.     This failure to train, supervise and discipline amounted to gross negligence, deliberate indifference or intentional misconduct, and encouraged and/or permitted the named and unnamed defendants to engage in the conduct which proximately and directly caused plaintiff's injuries and damages set forth above.

**THIRD CAUSE OF ACTION**
(Individual Supervisory Liability
42 U.S.C. § 1983, 42 U.S.C. § 1985 and 42 U.S.C. § 1986)

57.    The Plaintiff IDRISSA ADAMOU hereby re-alleges and incorporates by reference each and every allegation above as if fully set forth herein.

58.    The individual supervisory defendants, were, at all relevant times, supervisory personnel in the Spotsylvania County Sheriff's Department, and the New York City Police Department, with oversight responsibility for the training, instruction, supervision and discipline of the named and unnamed individual police officer defendants who deprived plaintiff of his federal and state constitutional rights.

59.    The individual supervisory defendants knew or should have known that the individual defendant police officers were conducting unreasonable and retaliatory seizures and false arrests, were maliciously abusing the legal process and were maliciously prosecuting civilians and depriving civilians of their due process of law.

60.    The individual supervisory defendants were personally involved in failing to take preventative and remedial measures to guard against such constitutional deprivations, such that plaintiff would not be injured. The supervisory defendants knew, or in the exercise of due diligence, should have known, that the actions taken against plaintiff by the unnamed individual police officer defendants was likely to occur.

61.    The failure of the individual supervisory defendants to train, supervise and discipline the unnamed individual police officer defendants amounted to gross negligence, deliberate indifference or intentional misconduct which directly and proximately caused the injuries and damages to plaintiff set forth above.

## FOURTH CAUSE OF ACTION
(New York State Constitutional Violations)

62.    The Plaintiff IDRISSA ADAMOU hereby re-alleges and incorporates by reference each and every allegation above as if fully set forth herein.

63. Such conduct breached the protections guaranteed to plaintiff by the New York State Constitution, Article I, §§ 6, 8, 11, and 12, including his rights:

    (a)    freedom to engage in protected speech;
    (b)    freedom from unreasonable seizure of her person;
    (c)    freedom from arrest without probable cause;
    (d)    freedom from false imprisonment, that being wrongful detention without good faith, reasonable suspicion or legal justification, and of which wrongful detention plaintiff is aware and to which he did not consent;
    (e)    freedom from the lodging of false charges against him by police officers;
    (f)    freedom from malicious prosecution by police officers, that being prosecution without probable cause that is instituted with malice and that ultimately terminated in plaintiff's favor;
    (g)    freedom from malicious abuse of process by police officers, that being the improper use of legal process to attain some collateral objective;
    (h)    freedom from deprivation of liberty without due process of law; and
    (i)    equal protection, privileges and immunities under the laws.

64. Defendants' deprivation of plaintiff's rights under the New York State Constitution resulted in the injuries and damages set forth above.

## FIFTH CAUSE OF ACTION
(False Arrest)

65. The Plaintiff IDRISSA ADAMOU hereby re-alleges and incorporates by reference each and every allegation above as if fully set forth herein.

66. Acting under color of law, Defendants DETECTIVE EDWARD J. DOYLE and/or, JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and employees of the Spotsylvania County Sheriff's Office), RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identity is unknown but who are known to be supervisory personnel of the Spotsylvania County Sheriff's Office) THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, LINDA GRIFFIN, Warden VCBC Correctional Facility, and JOHN and/or JANE STILES, Nos. 1,2,3 etc. (whose identities are unknown, but are known to be police officers and employees of the New York City Police

Department),   unlawfully   caused,   ordered,   approved   and/or   knowingly   failed   to   prevent
plaintiff's arrest without probable cause or other legal justification.

67.     The individual defendants committed the foregoing acts intentionally, willfully
and with malicious disregard for plaintiff's rights, resulting in the injuries and damages set forth
above, and are therefore liable for punitive damages.

## SIXTH CAUSE OF ACTION
### (False Imprisonment)

68.     The Plaintiff IDRISSA ADAMOU hereby re-alleges and incorporates by
reference each and every allegation above as if fully set forth herein.

69.     Acting under color of law, Defendants DETECTIVE EDWARD J. DOYLE
and/or, JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are
known to be police officers and employees of the Spotsylvania County Sheriff's Office),
RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identity is unknown but who are
known to be supervisory personnel of the Spotsylvania County Sheriff's Office), JOHN and/or
JANE STILES, Nos. 1,2,3 etc. (whose identities are unknown, but are known to be police
officers and employees of the New York City Police Department) and COUNTY and CITY
unlawfully caused, ordered, approved and/or knowingly failed to prevent plaintiff's wrongful
detention, thereby depriving him of his liberty without good faith, reasonable suspicion or other
legal justification.

70.     Plaintiff was conscious of, and did not consent to, his confinement.

71.     The individual defendants committed the foregoing acts intentionally, willfully
and with malicious disregard for plaintiff's rights, resulting in the injuries and damages set forth
above, and are therefore liable for punitive damages.

## SEVENTH CAUSE OF ACTION

(Malicious Prosecution)

72.   The Plaintiff IDRISSA ADAMOU hereby re-alleges and incorporates by reference each and every allegation above as if fully set forth herein.

73.   Acting under color of law, Defendants DETECTIVE EDWARD J. DOYLE and/or, JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and employees of the Spotsylvania County Sheriff's Office), RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identity is unknown but who are known to be supervisory personnel of the Spotsylvania County Sheriff's Office), and JOHN and/or JANE STILES, Nos. 1,2,3 etc. (whose identities are unknown, but are known to be police officers and employees of the New York City Police Department), CITY, and COUNTY, commenced and continued, and/or caused to be commenced and continued, a criminal prosecution against plaintiff that was lacking in probable cause, instituted in malice, and which ultimately terminated in plaintiff's favor.

74.   Defendants committed the foregoing acts intentionally, willfully and with malicious disregard for plaintiff's rights, resulting in the injuries and damages set forth above, and are therefore liable for punitive damages.

## EIGHTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)

75.   The Plaintiff IDRISSA ADAMOU hereby re-alleges and incorporates by reference each and every allegation above as if fully set forth herein.

76.   The individual Defendants, DETECTIVE EDWARD J. DOYLE and/or, JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and employees of the Spotsylvania County Sheriff's Office), RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identity is unknown but who are known to be

supervisory personnel of the Spotsylvania County Sheriff's Office), LINDA GRIFFIN, Warden VCBC Correctional Facility, and JOHN and/or JANE STILES, Nos. 1,2,3 etc. (whose identities are unknown, but are known to be police officers and employees of the New York City Police Department), by their aforementioned acts, did intentionally, willfully, and knowingly cause plaintiff to suffer mental and emotional distress, pain and suffering, and damage to name and reputation.

77.    The individual defendants committed the foregoing acts intentionally, willfully and with malicious disregard for plaintiff's rights and are therefore liable for punitive damages.

## NINTH CAUSE OF ACTION
(Negligent Infliction of Emotional Distress)

78.    The Plaintiff IDRISSA ADAMOU hereby re-alleges and incorporates by reference each and every allegation above as if fully set forth herein.

79.    The individual Defendants DETECTIVE EDWARD J. DOYLE and/or, JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and employees of the Spotsylvania County Sheriff's Office), RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identity is unknown but who are known to be supervisory personnel of the Spotsylvania County Sheriff's Office), LINDA GRIFFIN, Warden VCBC Correctional Facility, and JOHN and/or JANE STILES, Nos. 1,2,3 etc. (whose identities are unknown, but are known to be police officers and employees of the New York City Police Department), by their aforementioned acts, did negligently cause plaintiff to suffer mental and emotional distress, pain and suffering, and damage to name and reputation.

## TENTH CAUSE OF ACTION
(Negligence of the Individual Defendants)

80.    The Plaintiff IDRISSA ADAMOU hereby re-alleges and incorporates by reference each and every allegation above as if fully set forth herein.

81.    The individual Defendants DETECTIVE EDWARD J. DOYLE and/or, JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and employees of the Spotsylvania County Sheriff's Office), RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identity is unknown but who are known to be supervisory personnel of the Spotsylvania County Sheriff's Office)

82.    , LINDA GRIFFIN, Warden VCBC Correctional Facility, and JOHN and/or JANE STILES, Nos. 1,2,3 etc. (whose identities are unknown, but are known to be police officers and employees of the New York City Police Department) by their aforementioned acts, negligently failed to use due care in the performance of their duties in that they, among other negligent acts:

    (a)    failed to perform their duties as a reasonably prudent and careful police officer or supervisor would have done under similar circumstances;

    (b)    carelessly and recklessly seized and detained plaintiff; and

    (c)    carelessly and recklessly arrested and detained plaintiff without a warrant or probable cause.

83.    The negligent actions of the individual defendants directly and proximately caused plaintiff's injuries and damages set forth above.

## ELEVENTH CAUSE OF ACTION
### (Malicious Abuse of Process)

84.    The Plaintiff IDRISSA ADAMOU hereby re-alleges and incorporates by reference each and every allegation above as if fully set forth herein.

85.    Acting under color of law, Defendants DETECTIVE EDWARD J. DOYLE and/or, JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and employees of the Spotsylvania County Sheriff's Office),

RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identity is unknown but who are known to be supervisory personnel of the Spotsylvania County Sheriff's Office), and JOHN and/or JANE STILES, Nos. 1,2,3 etc. (whose identities are unknown, but are known to be police officers and employees of the New York City Police Department), CITY, and COUNTY, employed legal process to compel performance and forbearance of an arrest and extradition, with the intent to harm the plaintiff without excuse of justification and did so in order to obtain the collateral objective of injuring the plaintiff.

86.    Defendants committed the foregoing acts intentionally, willfully and with malicious disregard for plaintiff's rights, resulting in the injuries and damages set forth above, and are therefore liable for punitive damages.

WHEREFORE, plaintiff demands the following relief against defendants, jointly and severally:

(a) a judgment declaring the actions and conduct of defendants unconstitutional;

(b) full and fair compensatory damages in an amount to be determined by a jury;

(c) punitive damages in an amount to be determined by a jury;

(d) reasonable attorney's fees and costs and disbursements of this action;

(e) pre- and post-judgment interest; and

(f) such other and further relief as this Court may deem just and proper.


### DEMAND FOR A JURY TRIAL

A jury trial is hereby demanded.

Dated: Bronx, New York
         September 5, 2013

22

Yours, etc.,

S/

RICHARD L. GIAMPA, ESQ., P.C.
Attorney for the Plaintiff
IDRISSA ADAMOU
860 Grand Concourse, Suite 1H
Bronx, New York 10451
(718) 665-7700