UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
IDRISSA ADAMOU,                                    **Index Number: 7789CV12**

                Plaintiff,

      - against -

THE COUNTY OF SPOTSYLVANIA, VIRGINIA;
THE SPOTSYLVANIA COUNTY SHERIFF'S
OFFICE; DETECTIVE EDWARD J. DOYLE;
"JOHN and/or JANE DOES" Nos. 1, 2, 3, etc.
(whose identities are unknown but who are known
to be police officers and employees of the Spotsylvania
County Sheriff's Office); "RICHARD and/or
RACHEL ROES" Nos. 1, 2, 3, etc. (whose identity
is unknown but who are known to be supervisory
personnel of the Spotsylvania County Sheriff's
Office), all of whom are sued individually and
in their official capacities;
THE CITY OF NEW YORK; NEW YORK CITY
POLICE DEPARTMENT; LINDA GRIFFIN, Warden,
VCBC Correctional Facility; "JOHN and/or JANE
STILES" Nos. 1, 2, 3, etc. (whose identities are unknown,
but who are known to be police officers and employees of
the New York City Police Department)"

                Defendants.

-------------------------------------------------------------------------X

**Memorandum of Law in Support of the Plaintiff's
Opposition to Virginia Defendants' Motion to Dismiss**

RICHARD L. GIAMPA, ESQ., P.C.
*Attorney for Plaintiff*
860 Grand Concourse – Suite 1H
Bronx, New York 10451
(718) 665-7700

## Table of Contents

Preliminary Statement ……………………………………………..….. 1

Procedural History ……………………….……………………….. 2

Statement of Relevant Facts ……..……………………...…………………………. 2

Standard of Review …………………….…………………………... 10

Argument ……………………………………………………… 10

    The Court Has Personal Jurisdiction Over the Virginia
    Defendants…………………………………………………….…..10

    This Court Has Already Ruled That Plaintiff Has a Plausible
    Claim……………….…………………………………...…….…..... 18

    The Claims Against the Individual Defendants Must Be Upheld ….....…… 19

    Upon an Order From the Courts the Plaintiff Will Amend the Captio…….. 23

    The Defendants' Request for Attorneys' Fees is Baseless and must
    be Denied ……………………………….…………………….……. 23

Conclusion ……………………….…………………………….…..…... ..24

## Table of Authorities

**Cases**

Barrow v. Wethersfield Police Dep't, 66 F.3d 466 (2d Cir. Conn. 1995) ...........................…....21

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ..................................................................................................…....... 10, 21, 22

Boykin v. KeyCorp, 521 F.3d 202, 215 (2d Cir. 2008) .................................................. 22

Bravo v. Bexar, 2014 WL 1155302 (EDNY 2014) ..................................................... 13

Brown v. City of New York, 2013 WL 3245214 (EDNY 2013) ...........................…..... 13, 14, 15

Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) ...................…........   10

Correspondent Servs. Corp. v. J.V.W. Investments Ltd., 120 F.Supp.2d 401 (S.D.N.Y. 2000) ...................................................................................................11, 13

Davis v. United States, 2004 U.S. Dist. LEXIS 2551, 03civ1800 (NRB), 2004 WL 324880, (S.D.N.Y. Feb. 19, 2004) ...................................................................…........12, 13, 15

Distefano v. Carozzi North America, Inc., 286 F.3d 81, 84 (2d Cir. 2001) ................................. 11

Doe v. Delaware State Police, 939 F. Supp 2d 313 (SDNY 2013) ...................................... 13

Doe v. City of New York, 201 F.R.D. 100, 101 (S.D.N.Y. 2001) .......................…........... 23

Elmaghraby v. Ashcroft, 2005 U.S. Dist. LEXIS 21434 (E.D.N.Y. Sept. 27, 2005) ........13, 15, 18

In re BISYS Sec. Litig., 397 F. Supp. 2d 430, 438 (S.D.N.Y. 2005) ...................…........... 21

Iqbal v. Hasty, 490 F.3d 143, (2d Cir. 2007) .......................................................…........ 22

Krupski v. Costa Crociere S. p. A., 560 U.S. 538, 130 S. Ct. 2485, 177 L. Ed. 2d 48 (2010) ...... 20

Leatherman v. Tarrant County Narcotics, 507 U.S. 163, (1993) .....................…....... 20

Lee v. City of Los Angeles, 250 F.3d 668 (9th Cir. 2001) ...................…...........….11, 17

Marine Midland Bank v. Miller, 664 F.2d 899, 904 (2d Cir. 1981) ...…….............…....... 11

New Moon Shipping Co. v. Man B & W Diesel AG, 121 F.3d 24, 29 (2d Cir. 1997) ……....... 11

Overseas Ventures, LLC v. ROW Mgmt., Ltd., 2012 U.S. Dist. LEXIS 159097, 2012 WL 5363782, at *8 (S.D.N.Y. Oct. 26, 2012) ……………………………………………………12

Prophete v. City of New York, 2008 U.S. Dist. LEXIS 77680 (E.D.N.Y. 2008) …………..…… 23

Rheingold v. Harrison Town Police Dep't, 568 F. Supp. 2d 384 (S.D.N.Y. 2008) …….…..….. 20

Rothstein v. Carriere, 41 F. Supp. 2d 381, 385 (E.D.N.Y. 1999) …………………..…… 16

Scott v. NASCAR, 2008 WL 21 7049, 2008 U.S. Dist LEXIS 5039 (SDNY Jan 17, 2008)….13, 15

Shomo v. New York, 2011 U.S. Dist. LEXIS 150328, 4-5 (W.D.N.Y. 2011) ……………..……..23

Smith v. City of New York, 1 F. Supp. 3d 114, 120 (S.D.N.Y. 2013) …………………..…… 20

Stillwater Capital Partners Inc. Litigation, 851 F. Supp.2d 556, 566 (SDNY 2012) ……………10

TAGC Mgmt., LLC v. Lehman, 842 F. Supp. 2d 575, 581 (S.D.N.Y. 2012) ……………………12

Truskoski v. ESPN, Inc., 60 F.3d 74, 77 (2d Cir. 1995) ……………………………………… 19

Zond, Inc. v. Fujitsu Semiconductor Ltd., 990 F. Supp. 2d 50, 53 (D. Mass. 2014) …………… 21

**Statutes**

Fed. R. Civ. P. 12(b)(6)……………………………………………………………………..21

Fed. R. Civ. P. 8(a) ………………………………………………………………… 10, 21

42 U.S.C. § 1983 …………………………………………………………………...……15

NY CPLR § 301 ……………………………………………………..……………..…… 12

NY CPLR § 302(a) ………………………………………………...………… 12, 13, 14, 15, 16, 17

**Other Citations**

AP Article
Virginia Detectives Got Sexual Services as Part of Prostitution Investigations
By Associated Press
http://www.iswface.org/spotsylvaniacops2-06.html
………………………………………………………………………………………...…..9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
IDRISSA ADAMOU,                                          **Index Number: 7789CV12**

                    Plaintiff,

        - against -                                **MEMORANDUM OF LAW IN
OPPOSITION OF VIRGINIA'S
MOTION TO DISMISS**

THE COUNTY OF SPOTSYLVANIA, VIRGINIA;
THE SPOTSYLVANIA COUNTY SHERIFF'S
OFFICE; DETECTIVE EDWARD J. DOYLE;
"JOHN and/or JANE DOES" Nos. 1, 2, 3, etc.
(whose identities are unknown but who are known
to be police officers and employees of the Spotsylvania
County Sheriff's Office); "RICHARD and/or
RACHEL ROES" Nos. 1, 2, 3, etc. (whose identity
is unknown but who are known to be supervisory
personnel of the Spotsylvania County Sheriff's
Office), all of whom are sued individually and
in their official capacities;
THE CITY OF NEW YORK; NEW YORK CITY
POLICE DEPARTMENT; LINDA GRIFFIN, Warden,
VCBC Correctional Facility; "JOHN and/or JANE
STILES" Nos. 1, 2, 3, etc. (whose identities are unknown,
but who are known to be police officers and employees of
the New York City Police Department)"

                    Defendants.
-----------------------------------------------------------------------X

      ZACHARY K. GIAMPA., an attorney duly admitted to practice law in the Courts of the

State of New York, hereby affirms the following as true, subject to penalties of perjury:

      I am an associate in the law firm of record for the plaintiff in the above entitled action, and

as such am fully familiar with all the facts and circumstances previously had herein.

### Preliminary Statement

      Virginia defendants improperly arrested and sought extradition of the plaintiff, IDRISSA

ADAMOU, a New York resident, for alleged crimes in the State of Virginia.  Plaintiff had never

stepped foot in the State of Virginia and therefore has never been a fugitive of the State.

Defendants made false accusations and falsified legal documents in an attempt to illegally extradite

1

the plaintiff out of his home state of New York to the State of Virginia. The Virginia defendants committed deceitful misrepresentations and acts that violate the Constitution of the United States and New York State in order to maliciously prosecute, maliciously abuse the legal process, falsely imprison, falsely arrest, deprive the plaintiff of his due process rights, deprive him of his liberty and unreasonably seize plaintiff's person.

### Procedural History

The defendants previously filed a Motion to Dismiss which was decided on September 17, 2014 by this Court denying defendants' motion in part and granting defendants' motion in part. This Court denied the motion to dismiss as to Detective Doyle (individually), John and Jane Does (Individually), Richard and Rachel Roes (Individually) and County of Spotsylvania to both federal and New York State Claims. The Court denied the defendant, City of New York's, motion to dismiss as to all federal claims. All other defendants and claims have been dismissed.

The Court allowed plaintiff to file a Third Amended Complaint to allege additional facts to establish personal jurisdiction against all Out of State defendants; no other facts were added or altered in plaintiff's complaint. Plaintiff filed the Third Amended Complaint on October 1, 2014. Virginia Defendants' motion to dismiss is based upon whether there is personal jurisdiction over the defendants residing in the Commonwealth of Virginia, all other issues have already been decided by this Court.

### Statement of Relevant Facts

The Virginia Defendants have gone to extreme lengths to persuade this Court into believing that they had no connection with the State of New York, the Bronx County District Attorney's Office and the New York Police Department during the arrest, extradition and prosecution of the plaintiff in Bronx County. Virginia Defendants further allege that the plaintiff is making baseless

allegations in his Third Amended Complaint in an attempt to obtain personal jurisdiction on the out-of-state defendants.  As set forth below, this is not the case.  The following is a detailed statement of facts along with accompanied documentary proof of the Virginia Defendants' direct involvement in New York; this information should make it abundantly clear to this Court that the defendants have knowingly made false misrepresentations about their involvement in this case in a bad faith attempt to dismiss themselves from this lawsuit.  Please be aware that no discovery exchange has been completed in this case and all documents have been discovered based on the plaintiff's own private investigations.  Plaintiff has not been afforded the opportunity to review any investigation or criminal court files held by the defendants.  Plaintiff assumes that this is only the tip of the iceberg.

Furthermore, the plaintiff does not believe the in depth detail that is about to be presented to this Court is necessary for a Civil Complaint, but in an attempt to prove the plaintiff's allegations are legitimate and in turn chastise the Virginia Defendants for purposely misrepresenting to this Court their involvement, the following is a detailed summary of the Virginia Defendants' known interaction with the State of New York during the plaintiff's arrest, extradition and prosecution.

**Prior to Plaintiff's October 20, 2011 arrest**

Plaintiff alleges in his Third Amended Complaint that on or about September of 2011 that the Virginia Defendants had contacted the NYPD to arrange an extradition of the plaintiff, IDRISSA ADAMOU, and sent the NYPD an information packet regarding the plaintiff. Defendant argues that this is an untrue and baseless allegation.  Attached as **Exhibit A** the plaintiff is providing the Court with an NYPD mug shot pedigree that was retrieved, printed and certified by the defendant SPOTSYLVANIA COUNTY on September 28, 2011.  This document was sent

3

as part of a package to New York prior to the plaintiff's actual arrest to aid in his eventual arrest and extradition.  Further, it was sent to the NYPD and the Bronx County District Attorney's Office by the Virginia Defendants; plaintiff personally obtained this document out of the Bronx County District Attorney's file.  These documents clearly show that they were retrieved on September 28, 2011 based on the date stamp on the lower right hand side and include a Spotsylvania County certification signed by a legal assistant, Carey V. Skaggs.  Furthermore, these documents were located in the NYPD and Bronx DA file which prove that they were exchanged by the Virginia Defendants to the City of New York.

Also included in this same information package sent by the Virginia Defendants to the City of New York was a photocopy of the Commonwealth of Virginia – Conspiracy Statute.  Please see the photocopied Virginia Statutes as **Exhibit B**.  This document was provided to the City of New York by the Virginia Defendants prior to the plaintiff's arrest in order to prove that the crime which Virginia was attempting to extradite the plaintiff was a felony, in an attempt to coerce the City into helping with the arrest, extradition and prosecution.  This document was also found in that portion of the Bronx DA file which was exchanged with plaintiff.  These documents are further proof of the Virginia Defendants interaction with New York to set up the plaintiff's arrest.

The plaintiff's Third Amended Complaint also stated that the Virginia Defendants including DETECTIVE EDWARD J. DOYLE, traveled to New York twice to observe, photograph and arrest the plaintiff.  While Virginia Defendants do not contest that they were indeed present in Bronx County during the arrest of plaintiff on October 20, 2011, they label plaintiff's claim that they were in New York twice "Theoretical" (Defendant's Mem. Of Law pg 2).  The plaintiff has attached as **Exhibit C** a copy of the Virginia Defendants' out of state capias dated October 18, 2011 which was provided to the NYPD and the Bronx County DA's office prior to Mr. Adamou's

arrest.  The Capias contains a note which appears to be in the handwriting of a Virginia Deputy Clerk, Melissa Walfrey, and states "Mr. Doyle…Chief Organized Crime Unit…**Doyle visited defendant (Adamou) in Bronx** views defendant's matches web site photo".  The note on the document itself is an admission that Defendant, Det. Doyle, was in Bronx County prior to the arrest for the sole purpose of conducting surveillance on the plaintiff and lays waste to defendants' claim that plaintiff's allegations is "Theoretical".  These documents are clear proof that the allegations made in plaintiff's Third Amended Complaint are in good faith and are based on documentary evidence of an actual relationship between the Virginia Defendants and the State and City of New York.

Detective Doyle's interaction in the State of New York is confirmed during the plaintiff's criminal bail hearing on November 23, 2011.  Specifically, Assistant Bronx District Attorney, James Hanley, stated to the court, "Mr. Doyle (defendant Det. Doyle) was present in the Bronx prior to the issuance of the warrant from Virginia, at which time he had a conversation with the defendant (Idrissa Adamou) in front of defendant's store on Fordham Road….I just spoke with Mr. Doyle a few minutes ago and he's confirmed all of this to me."  (See transcript as **Exhibit D** pg 18 ln 3-12).

**Post October 20, 2011 Arrest**

After the arrest plaintiff refused extradition and was being prosecuted in Bronx County at the direction of the Virginia Defendants.  Plaintiff asserts in his Third Amended Complaint that the Virginia Defendants remained in direct contact with the NYPD and Bronx County DA in order to continue prosecuting and extraditing the plaintiff.  Attached is evidence that Detective Doyle makes a second face to face identification of the plaintiff, post arrest.  During the November 23, 2011 bail hearing, Bronx ADA Hanley admits, "The agent of Virginia identified him first as the

subject of the warrant, face-to-face on Fordham Road **post arrest**." See **Exhibit D** pg 21 ln 14-16. This establishes that the Virginia Defendants personally came to New York and identified the plaintiff at least twice, both pre and post arrest/warrant. This evidence puts to rest any of the defendants' assertions that plaintiff's allegations are baseless.

On November 3, 2011 the defendant, Spotsylvania County directly provided the Bronx County DA and Bronx County Criminal Court an extradition package. A copy of the cover letter for the extradition package signed by William Neely is attached as **Exhibit E**. The letter specifically shows in the carbon copy line at the end of the letter that the Virginia Defendants sent this letter along with its enclosures to the Bronx District Attorney's Office, Vernon C. Bain Correctional Center and Bronx Criminal Court. Furthermore, a copy of the envelope containing the package sent by the County of Spotsylvania to the Bronx Criminal Court- Courtroom A is attached as **Exhibit F**. Moreover, included in the package sent to the Bronx Criminal Court was an affidavit affirmed by defendant, Detective Edward J. Doyle, stating that there are two direct Virginia indictments for the plaintiff and he affirms that he is providing true and accurate photographs of the plaintiff, Idrissa Adamou a.k.a Omar Haji. See affidavit of Det. Doyle as **Exhibit G**. Det. Doyle's affidavit was attached as part of the extradition package sent to Bronx DA's office and Bronx Criminal Court. See **Exhibit E**.

Detective Edward Doyle was also the officer named as the Agent for the State of Virginia on the fugitive affidavit which was presented at the Criminal Court Arraignment in Bronx County on October 20, 2011. Attached please find a copy of the fugitive affidavit identifying Edward J. Doyle as the agent demanding the extradition of a fugitive as **Exhibit H**. The document specifically states that Mr. Adamou is "a fugitive from the justice of the State of Virginia" and that Detective Doyle is the agent responsible for his extradition. Plaintiff has vehemently denied that

plaintiff was ever present in the Commonwealth of Virginia and therefore could not be a fugitive of the state. This document clearly shows that Det. Doyle is the official agent responsible for the extradition of the plaintiff.[1]

During the Bail Hearing on November 23, 2011 the Bronx ADA also stated to the court that, "he (Idrissa Adamou) was informed of these charges **face-to-face by the authorities from Virginia**." See **Exhibit D** pg 23 ln 22-24. Since the plaintiff has never been to Virginia this face to face meeting must have occurred in New York State. This is just one more event that took place in the State of New York which show the Virginia Defendants' active attempts to arrest and extradite the plaintiff.

Plaintiff alleges in his Third Amended Complaint that the individual defendants, including but not limited to Detective Doyle did provide fraudulent statements and misrepresentations to the Governor of Virginia and Governor of New York in order to obtain a governor's extradition warrant. As the commanding officer in this investigation and the agent responsible for the extradition, Detective Doyle, did provide false information to his superior, William F. Neely, Commonwealth's Attorney for the County of Spotsylvania, who in turn provided a certified request to the Governor of Virginia **AND** the Governor of New York on November 2, 2011 which included false information. Evidence of this is clearly established in the Commonwealth's request for requisition attached as **Exhibit J** which was sent to the Governor of New York, New York Extradition Unit, New York Police Department and Bronx County District Attorney of which

---

[1] Defendant has argued that Det. Edward Doyle is a County Sheriff and therefore a Virginia State employee who is afforded absolute immunity in his official capacity. This court has properly denied the defendant's motion to dismiss holding Det. Doyle in his individual capacity not immune from suit. It is interesting to note that defense counsel, Mark Radi, has admitted to plaintiff's counsel in a phone conversation that Det. Doyle was actually acting under the authority of the Federal ATF during his investigation, indictment and prosecution of IDRISSA ADAMOU, and wasn't actually employed by the County of Spotsylvania Sheriff's Department in this criminal prosecution. If this is true, Det. Doyle has no claim for absolute immunity. Some additional evidence of this fact can be seen on the NYPD voucher sheet where a note was presumably made by the NYPD stating, "ATF-Alcohol Tabacco (sic) Firearm Bureau." See voucher as **Exhibit I.**

specifically states that, "**In support of the said application, I do hereby certify as follows: The full name of the fugitive for whom extradition is asked is IDRISSA ADAMOU aka OMAR HAJI, who was in the Commonwealth of Virginia at the time of the commission of the crime.**" See **Exhibit J**. This document was provided to the Governor of New York, Andrew Cuomo, who in turn signed and issued a Governor's Executive Warrant and attached it as a supporting document for the extradition of the plaintiff. Evidence of New York's receipt of this fraudulent document from the Virginia Defendants is established based upon the fact that it was attached to the Governor's Warrant as a supporting document and was enclosed in a letter from the State of New York Executive Chamber addressed to the office of the NYPD Commissioner Raymond Kelly. See letter attached as **Exhibit K**. As previously stated in prior motions, the Virginia Defendants were contacting and providing fraudulent documentation to the highest office of New York State's Executive Branch, the Governor Andrew Cuomo. Their fraudulent documents are referred to and also attached to Governor Cuomo's Extradition Warrant thereby proving that the Virginia Defendants were in documented contact with New York to procure the plaintiff's extradition. See Governors Warrant attached in **Exhibit L** pg 3.

Furthermore, plaintiff remained in police custody until March 9, 2012 when the Commonwealth's attorney dismissed all charges against the plaintiff in the State of Virginia. Virginia's dismissal of the criminal charges came four days after they sent an email to the plaintiff's criminal attorney and the Bronx County District Attorney's office stating in pertinent part "This email will, also, confirm that he (Idrissa Adamou) did not come down to Virginia himself." This email excerpt was quoted in plaintiff's Writ of Habeas Corpus which was affirmed by his criminal defense attorney, Victor Daly Rivera. Please see Writ attached as **Exhibit M**. One day after receiving the plaintiff's Writ of Habeas Corpus the Virginia defendants sent a letter to the

Bronx District Attorney's Office informing them that they are dropping the charges against the plaintiff and withdrawing their extradition petition.  See letter from Commonwealth of Virginia Spotsylvania County as **Exhibit N**.

Plaintiff, provides further proof to confirm that the statements made by the Virginia Defendants stating that plaintiff was in Virginia during the commission of the alleged crime in order to obtain a Governor's Warrant, was in fact false.  On November 23, 2011 during the plaintiff's bail hearing the Court asked Bronx County ADA Hanley, "With respect to the other branch of counsel's argument that the defendant is not a fugitive, **is the theory of the case in Virginia, that the defendant from a location in the Bronx conspired to violate the laws of Virginia?**" ADA Hanley responded, "**That's correct**".  (See **Exhibit M** pg 18 ln 17-22).  This statement is a full blown admission that the previous statements made in the declarations to the Governor of New York and Governor of Virginia were knowingly false and deprived the plaintiff of his constitutional rights.[2]

The plaintiff must again reiterate that in no way does plaintiff's Third Amended Complaint require such a detailed account of defendant's connection to the State of New York.  The Third Amended Complaint as currently worded includes the appropriate language to acquire personal jurisdiction over the Virginia Defendants.  Virginia Defendants have questioned the integrity of plaintiff's claims and by doing so made implied misrepresentations that the plaintiff is somehow fabricating a connection between the defendant and the State of New York.  The above statement of facts along with the attached documentary proof clearly establish that the allegations in

---

[2] It is also interesting to note that the defendants, County of Spotsylvania and Detective Edward Doyle, individually, have a history of misconduct and breaking the law in order to obtain arrests over their targets.  Specifically, in 2006 the County of Spotsylvania and Detective Edward Doyle were involved in a prostitution investigation where they were caught allowing their undercover detectives to receive sexual acts in order to obtain arrests and convictions over their targets. See AP article at http://www.iswface.org/spotsylvaniacops2-06.html   The allowance of such reckless police activity under their supervision is further evidence of defendants' tendency to disregard the law while arresting and prosecuting criminal defendants.

plaintiff's Third Amended Complaint were based upon factual information describing an in depth course of conduct between the Virginia Defendants and the State of New York.

**Standard Of Review**

In order for a plaintiff's complaint to survive a motion to dismiss the complaint must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" <u>Fed. R. Civ. P. 8(a)(2)</u>, in order to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)</u>. Although this pleading standard does not require great detail, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." <u>Twombly, 550 U.S. at 555.</u>

When a motion to dismiss for lack of personal jurisdiction is filed prior to a discovery proceeding a plaintiff need not rely completely on their pleadings and a plaintiff "can make a showing through their own affidavits and supporting materials containing an averment of the facts…would suffice to establish jurisdiction over the defendant." <u>Stillwater Capital Partners Inc. Litigation, 851 F. Supp.2d 556, 566 (SDNY 2012)</u>.

**Argument**

**Point I**

**The Court Has Personal Jurisdiction Over the Virginia Defendants**

In deciding a pretrial motion to dismiss for lack of personal jurisdiction a district court has considerable procedural leeway. It may determine the motion on the basis of affidavits alone; or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion. If the court chooses not to conduct a full-blown evidentiary hearing on the motion, the plaintiff need make only a prima facie showing of jurisdiction through its own affidavits and

supporting materials. Marine Midland Bank v. Miller, 664 F.2d 899, 904 (2d Cir. 1981) (internal citations omitted); see also New Moon Shipping Co. v. Man B & W Diesel AG, 121 F.3d 24, 29 (2d Cir. 1997).

In responding to the Virginia Defendants' motion to dismiss for lack of personal jurisdiction, the plaintiff bear the burden of showing that jurisdiction exists over the defendants. See Distefano v. Carozzi North America, Inc., 286 F.3d 81, 84 (2d Cir. 2001). However, pre-discovery plaintiffs "need only make a prima facie case showing" that the Court has jurisdiction over the defendants. Id. Plaintiffs "need not show regular or continuous activity in the state; even a single act within New York is sufficient to confer jurisdiction under § 302(a) if it has sufficient nexus with the cause of action." Correspondent Servs. Corp. v. J.V.W. Investments Ltd., 120 F. Supp.2d 401, 404 (S.D.N.Y. 2000) (citations omitted).

There is only one Court of Appeals case that has dealt with this specific personal jurisdiction issue. Lee v. City of Los Angeles, 250 F.3d 668 (9th Cir. 2001), overruled on other grounds as recognized by Galbraith v. Cnty. of Santa Clara, 307 F.3d 1119, 1125-26 (9th Cir. 2002). In Lee the 9th Circuit ruled that New York law enforcement officials "took the 'deliberate actions' of requesting that the LAPD arrange the extradition of a purported fugitive, using the California criminal justice system to accomplish the extradition, sending the LAPD an identification packet to facilitate the extradition, regularly communicating with the LAPD during the extradition process, and traveling to Los Angeles to escort the purported fugitive back to New York." Id. at 693. The Court found that those New York defendants who participated actively in the plaintiff's extradition to New York had "purposefully availed themselves of the privilege of conducting activities in California." Id. at 694.

Under New York law, a court "may exercise personal jurisdiction over a non-resident

defendant based either on general jurisdiction under [New York's Civil Practice Law and Rules ("CPLR")] § 301, or specific jurisdiction, under CPLR § 302." Overseas Ventures, LLC v. ROW Mgmt., Ltd., No. 12-CV-1033, 2012 U.S. Dist. LEXIS 159097, 2012 WL 5363782, at *8 (S.D.N.Y. Oct. 26, 2012). "Under CPLR § 301 general jurisdiction, which arises out of a defendant's contacts with the forum even if the contacts are unrelated to the action before the Court, is established over a foreign [defendant] engaging in a 'continuous and systematic course of doing business in New York.'" TAGC Mgmt., LLC v. Lehman, 842 F. Supp. 2d 575, 581 (S.D.N.Y. 2012).  Under Section 302(a) the state can obtain long arm jurisdiction if:

> Section 302(a) provides in relevant part:
> A court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:
> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
> **2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act;** or
> **3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act,** if he
> > (i) regularly does or solicits business, or **engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state**, or
> > (ii) **expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce;** or
> 4. owns, uses or possesses any real property situated within the state.
> CPLR § 302 *emphasis added*

Plaintiff argues that personal jurisdiction is acquired over the Virginia Defendants based on either Section 302(a)(2) and/or 302(a)(3).  Based upon CPLR § 302(a)(2) a venue acquires personal jurisdiction over a defendant when the defendant, "commits a tortious act within the state" Davis v. United States, 2004 U.S. Dist. LEXIS 2551, 03civ1800 (NRB), 2004 WL 324880, (S.D.N.Y. Feb. 19, 2004) (finding personal jurisdiction over an out-of-state law enforcement agent under §302(a) based on the fact that the agent was present in the State of New York during the

arrest), CPLR § 302(a)(2). Furthermore, in federal cases involving § 1983 claims arising out of a single arrest in New York State of which the out-of-state defendant was present and participated in the actual arrest it is held that the defendant is subject to suit in New York pursuant to CPLR § 302(a). Under this set of facts Davis v. United States, unequivocally finds a sufficient nexus for personal jurisdiction.

> "At the center of plaintiff's case is his arrest, which occurred within New York State. As it is undisputed that Agent Delia was present at and participated in plaintiff's arrest, this Court has jurisdiction over him for claims arising out of that arrest. Because each of plaintiff's claims is related to the criminal investigation and prosecution that were carried out with respect to plaintiff, there is a sufficient nexus between the jurisdictional act and the present causes of action. Accordingly, this Court may properly exercise jurisdiction over Agent Delia."
> Davis v. United States, 2004 U.S. Dist. LEXIS 2551, 03civ1800 (NRB), 2004 WL 324880, at LEXIS 15-16 (S.D.N.Y. Feb. 19, 2004)

Further, "Plaintiffs need not show regular or continuous activity in the state; even a single act within New York is sufficient to confer jurisdiction under § 302(a) if it has sufficient nexus with the cause of action.'" Davis v. United States, 2004 U.S. Dist. LEXIS 2551, 2004 WL 324880, at *5 (S.D.N.Y.) (quoting Correspondent Servs. Corp. v. J.V.W. Investments Ltd., 120 F.Supp.2d 401, 404 (S.D.N.Y. 2000)). One transaction is sufficient to support jurisdiction under § 302 "so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted." Elmaghraby, 2005 U.S. Dist. LEXIS 21434, [WL] at *9 (quoting Kreutter v. McFadden Oil Corp., 71 N.Y.2d 460, 467, 522 N.E.2d 40, 527 N.Y.S.2d 195 (1988). See also Scott v. NASCAR, 2008 U.S. Dist. LEXIS 5039 (S.D.N.Y. Jan. 17, 2008). Clearly, as discussed in Davis the act of traveling to the state of New York in order to participate in an arrest of a New York resident creates a sufficient nexus between the jurisdiction and the defendant to acquire jurisdiction under § 302.

The Virginia defendants make the mistake of relying upon the non-controlling District Court cases Bravo v. Bexar, 2014 WL 1155302 (EDNY 2014), Brown v. City of New York, 2013 WL 3245214 (EDNY 2013) and Doe v. Delaware State Police, 939 F. Supp 2d 313 (SDNY 2013).

Defendants fail to address the most glaring deficiency in each of these cases; which is the fact that each non-forum defendant in the above cases only became involved in an interaction with New York State **AFTER** the plaintiff's arrest and **AFTER** the issuance of a warrant. All of cases of which the Virginia Defendants relied upon involve a plaintiff being arrested for an unrelated crime and then subsequently being held based upon an improper out-of-state warrant. Plaintiff's case is clearly distinguishable as the plaintiff's Third Amended Complaint undeniably states that the Virginia Defendants originated the New York investigation on the plaintiff, orchestrated the arrest of the plaintiff and then continued to propel the prosecution and extradition once the plaintiff was in custody. The Virginia Defendants, including but not limited to, Detective Doyle, traveled to New York prior to the issuance of a warrant to identify, photograph and complete surveillance on the plaintiff. Moreover, on the date of the arrest the Virginia Defendants actually traveled to the plaintiff's clothing store on 40 West Fordham Street, Bronx New York in order to oversee and assist in the plaintiff's arrest. Defendant's reliance on a set of District Court cases that assert facts which show minimal New York interaction is clearly flawed. Plaintiff's case is clearly distinguishable because the Virginia Defendants conducted a much higher level of police interaction with New York State in order to acquire the arrest of Idrissa Adamou, both before and after plaintiff's warrant/arrest. Plaintiff contends that after reading the case law, had any of the Courts in Baxter, Doe or Brown been presented with a set of facts similar to those found in this case, each of those Courts would find personal jurisdiction of the out-of-state defendants. The Virginia Defendants have completely ignored this glaring flaw in their legal analysis of the facts.

Moreover, the out of state defendants in Brown provided detailed declarations to the Court in order to refute personal jurisdiction which were uncontradicted by plaintiff allowing the Court to assume their contents as truthful. Brown at LEXIS 21-23. The Virginia Defendants have

provided absolutely no information to refute the plaintiff's allegations and therefore the Court must accept the plaintiff's statement of facts as true.  It should also be noted that the Court in <u>Brown</u> did not dismiss the plaintiff's claim but rather transferred the case to a Federal venue where the out-of-state defendants reside.  <u>Id at LEXIS 24-25</u>.

### <u>New York Long Arm Jurisdiction under Section 302(a)(2)</u>

Under the New York Long Arm Statute CPLR § 302(a)(2) personal jurisdiction is acquired over an out of state defendant when that defendant commits a tortious act within the state of New York.   In a federal question, allegations of §§ 1983, 1981 and 1985 are properly understood as "torts" for the purpose of personal jurisdiction analysis.  <u>Scott v. NASCAR, 2008 U.S. Dist. LEXIS 5039 (S.D.N.Y. Jan. 17, 2008)</u> citing <u>Davis v. United States, 03civl800 (NRB), 2004 U.S. Dist. LEXIS 2551, 2004 WL 324880, at *5 (S.D.N.Y. Feb. 19, 2004)</u>.  Moreover, one transaction is sufficient to support jurisdiction under <u>§ 302</u> "so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted." <u>Elmaghraby, 2005 U.S. Dist. LEXIS 21434, [WL] at *9</u> (quoting <u>Kreutter v. McFadden Oil Corp., 71 N.Y.2d 460, 467, 522 N.E.2d 40, 527 N.Y.S.2d 195 (1988))</u>.

In <u>Scott v. NASCAR, 2008 WL 21 7049, 2008 U.S. Dist LEXIS 5039 (SDNY Jan 17, 2008)</u> the court held that the location of where the actual federal deprivation took place is the location of the tort for the purpose of personal jurisdiction.  Moreover, in <u>Davis v. United States, 2004 U.S. Dist. LEXIS 2551, 03civl800 (NRB), 2004 WL 324880, (S.D.N.Y. Feb. 19, 2004)</u> the Court based personal jurisdiction of a false arrest and its surrounding prosecution in New York because New York was the location of the arrest and the defendant was in New York to help participate at the time the arrest was conducted.

The Virginia Defendants were present in New York prior to the arrest to observe and

identify the plaintiff and were in New York to actively participate in the plaintiff's false arrest on October 20, 2011.  Each of these acts were properly pled in plaintiff's Third Amended Complaint and plaintiff has supplied documentary proof to support the plaintiff's good faith allegations.  The ruling in Davis clearly holds that the officer's presence in New York State during the arrest in and of itself creates a reasonable nexus between the defendants and the venue to establish personal jurisdiction.

**New York Long Arm Jurisdiction under Section 302(a)(3)(ii)**

The plaintiff in no way concedes that the tort committed by the Virginia Defendants took place outside of New York but if the Court concludes many of the defendants' acts were procured while in Virginia the plaintiff argues that he has clearly established that under Section 302(a)(3)(ii), this venue has personal jurisdiction over the Virginia Defendants because they committed a tortious act, causing injury to persons or property within the state if the non-domiciliary expects or should reasonably "expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce."  CPLR 302(a)(3)(ii).

Virginia Defendants have conceded that the plaintiff suffered the injuries claimed to be a result of this action in New York State.  Plaintiff was present in the State of New York as the tortious act causing injury occurred and throughout the remainder of his wrongful imprisonment and therefore defendants should have reasonably anticipated that the plaintiff's injuries would occur in New York State.  Rothstein v. Carriere, 41 F. Supp. 2d 381, 385 (E.D.N.Y. 1999).

Furthermore, the Virginia Defendants clearly derive substantial revenue from interstate commerce.  Specifically, the plaintiff was being arrested on 2 counts of conspiracy to possess and transport untaxed cigarettes, which in and of itself is a crime which deprives the Commonwealth Virginia of taxable income on tobacco.  The Virginia Defendants act of indicting the plaintiff and

then traveling to New York to arrest and prosecute him for the crime of transporting/possessing untaxed cigarettes is self-sufficient proof to establish the defendants derive substantial revenue from taxing cigarettes for sale in interstate commerce.  The underlying crime of transporting untaxed cigarettes is a crime that deprives the State of Virginia and its municipalities tax money and the sale of those cigarettes in New York derives substantial tax revenue for the Virginia municipalities.  The Virginia Defendants arrest of the plaintiff for this crime is proof that they derive substantial revenue from New York and are protecting their income by traveling to New York and arresting the plaintiff.  As such, the Virginia Defendants have clearly availed themselves to suit in New York which arise from any federal question claims that arise from these actions.

### New York Long Arm Jurisdiction under Section 302(a)(3)(i)

The plaintiff in no way concedes that the torts committed by the Virginia Defendants took place outside of New York but if the Court concludes many of the defendants' acts were procured while in Virginia the plaintiff argues that he has clearly established that under Section 302(a)(3)(i).

In Lee v. City of Los Angeles, 250 F.3d 668 (9th Cir. Cal. 2001) The 9th Circuit ruled that an out-of-state law enforcement defendant has purposely availed itself to personal jurisdiction to a federal question lawsuit when they take deliberate actions to arrange an extradition of a purported fugitive using the other state's criminal justice system, sending identification packets, regularly communicating with law enforcement and traveling to the jurisdiction for the purpose of extraditing the alleged fugitive.  Id at 693.  Plaintiff contends that the Virginia Defendants interaction with New York State and its police department and criminal justice system was specific, personal, and persistent as defined under CPLR § 302(a)(3)(i).

The Virginia Defendants course of conduct with New York State began prior to plaintiff's arrest when they entered New York to perform surveillance and identify the plaintiff and their

17

providing the NYPD with identification packets about the plaintiff.  It then occurred during the false arrest when the out-of state defendants orchestrated/scheduled the arrest and then returned to New York to participate in the actual arrest on October 20, 2011.  The conduct continued with the Virginia Defendants contacting the NYPD, Bronx County DA's office along with mailing additional packages to the Bronx Supreme Court in an attempt to extradite the plaintiff.  There is also evidence of the Virginia Defendants contacting the NYPD, the Police Commissioner's office and Governor Andrew Cuomo's office to obtain a Fugitive Warrant to extradite the plaintiff.  Not only has plaintiff incorporated these facts in his Third Amended Complaint, but the plaintiff has attached documentary evidence of these allegations as exhibits to his opposition.  Plaintiff has provided a laundry list of acts which the Virginia Defendants have engaged in with New York that would make them susceptible to suit under §302(a).  As stated above, one transaction is sufficient to support jurisdiction under § 302 "so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted".

Elmaghraby, 2005 U.S. Dist. LEXIS 21434, [WL] at *9.  Clearly, plaintiff has provided enough evidence to create a substantial nexus between the defendants and New York which establishes personal jurisdiction for this case.

### Point II

#### This Court Has Already Ruled That Plaintiff Has Stated a Plausible Claim

The remaining Virginia Defendants argue that plaintiff has failed to state a plausible action. Defendant's argument completely disregards the Court's September 17, 2014 which denied defendant's motion to dismiss as to the County of Spotsylvania, Detective Edward J. Doyle and unnamed sheriff employees in their individual capacity.  See transcript of decision rendered from the bench as **Exhibit O**.  The Virginia Defendants have disregarded the previous law of the case

and the fact that they have filed a motion for reconsideration based upon this same issue.  A Court will not disturb a district court's interpretation of its own prior order "absent a clear abuse of discretion." Truskoski v. ESPN, Inc., 60 F.3d 74, 77 (2d Cir. 1995) (per curiam) (quoting Hastert v. Ill. State Bd. of Election Comm'rs, 28 F.3d 1430, 1438 (7th Cir. 1993)).  Defendant has failed to allege in their motion an argument establishing that the Court abused its discretion in its previous decision.  Accordingly, the Court's previous decision denying the defendant's motion to dismiss must be upheld.

### Point III

### The Claims Against the Individual Defendants Must be Upheld

Again, the Virginia Defendants attempt to relitigate issues that have been previously decided in the Court's September 17, 2014 decision.  This Court has already denied defendants' motion to dismiss and has found that the plaintiff has pled plausible claims against the Virginia Defendants in their individual capacities.  **Exhibit O.**

Plaintiff has properly pled plausible allegations in his Third Amended Complaint which have provided sufficient facts to establish Det. Doyle, and the unidentified sheriff department police officers' involvement in this case.  Specifically, plaintiff has asserted in his Third Amended Complaint that that the Det. Doyle, and the unidentified police officers came to New York to falsely identify the plaintiff as a fugitive, traveled to New York to falsely arrest the defendant, provided false and fraudulent statements to obtain an improper indictment, provided false and fraudulent statements to obtain a Governor's Warrant, provided false statements to the New York criminal justice system to continue to prosecute the plaintiff and procure an improper extradition of the plaintiff.  Furthermore, the plaintiff alleged that fraudulent statements included but are not limited to the fact that the plaintiff, while in the State of Virginia committed a felony (conspiracy

19

to transport untaxed cigarettes) and then fled the state becoming a fugitive of said state.  Plaintiff

alleged that these statements are untrue and as a result of defendants misrepresentations the

plaintiff's state and federal constitutional rights were violated.  Plaintiff has also pled that the

Commonwealth attorneys have since admitted that these statements were false and have dismissed

all criminal charges against the plaintiff.  These acts of personal involvement can clearly be seen in

plaintiff's Third Amended Complaint paragraphs 16-30.  Defendants' argument alleging that

plaintiff has not pled personal involvement in his Third Amended Complaint is pure fantasy and

should be disregarded as such.  Defendant has failed to afford any credit to the Court's previous

decision and has stubbornly decided to reargue their original arguments a second time.

Furthermore, in order to overcome a motion to dismiss at this stage a plaintiff need only

allege a single instance of unconstitutional activity or single instance of misconduct in order to

overcome defendants' motion.  Rheingold v. Harrison Town Police Dep't, 568 F. Supp. 2d 384

(S.D.N.Y. 2008) citing Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,

507 U.S. 163, 168, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993)..  Clearly, as stated above the

plaintiff has alleged multiple acts of unconstitutional activity and misconduct, all of which include

the personal involvement of the Virginia Defendants.

This Court should not dismiss any actions against the unnamed defendant "Does" or

"Roes" at this time.  Discovery has yet to be conducted in this case and therefore it would be

improper.  In order to protect the plaintiff from being precluded from filing a suit against an

unnamed defendant based upon the plaintiff's inability to obtain their identities; Fed R. Civ. 15(c)

would provide for an opportunity to amend the pleadings to add the named parties, if the plaintiff

included the unidentified defendant as a "doe" and/or "Roe" at the time of the initial complaint.

Smith v. City of New York, 1 F. Supp. 3d 114, 120 (S.D.N.Y. 2013)  Krupski v. Costa Crociere S.

p. A., 560 U.S. 538, 130 S. Ct. 2485, 177 L. Ed. 2d 48 (2010), Barrow v. Wethersfield Police

Dep't, 66 F.3d 466 (2d Cir. Conn. 1995) modified, 74 F.3d 1366 (2d Cir. 1996). Dismissing the

unnamed individual defendants at this time would be improper.

  The plaintiff objects to the defendants' argument, claiming that plaintiff was using a group

pleading technique to allege specific involvement. This is completely unsupported by fact. The

plaintiff specifically states that the individual defendants performed specific acts and these acts

have been backed by documentary evidence attached to this motion. Further, even if the court

were to consider plaintiff as using this technique, "group pleadings are not, prima facie, excluded

by Rule 8(a). At the motion to dismiss stage a complaint generally will only be dismissed where it

is "entirely implausible" or impossible for the grouped defendants to have acted as alleged." Zond,

Inc. v. Fujitsu Semiconductor Ltd., 990 F. Supp. 2d 50, 53 (D. Mass. 2014) citing GMO Trust ex

rel. GMO Emerging Country Debt Fund v. ICAP PLC, No. 12-10293-DPW, 2012 U.S. Dist.

LEXIS 150074, 2012 WL 5197545, at *8 (D. Mass. Oct. 18, 2012). The plaintiff has provided

documentary proof that the Virginia Defendants had personal involvement in New York and were

involved in misconduct of which they provided to several officials in New York. Those

documents should be attributed to "individuals with direct involvement in the everyday business".

In re BISYS Sec. Litig., 397 F. Supp. 2d 430, 438 (S.D.N.Y. 2005) (quoting In re NTL, Inc. Sec.

Litig., 347 F. Supp. 2d 15, 22 n.26 (S.D.N.Y. 2004)).

  Further, in a complaint a plaintiff is fully permitted to allege facts upon information and

belief. In Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929

(2007) the Court stated that "a complaint attacked by a Rule 12 (b) (6) motion to dismiss does not

need detailed factual allegations," but mere "labels and conclusions" or "formulaic recitation [s] of

the elements of a cause of action will not do"; rather, the complaint's "[f] actual allegations must be

enough to raise a right to relief above the speculative level," Twombly, 550 U.S. at 555 (emphasis added), i.e., enough to make the claim "plausible," id. at 570. The Twombly plausibility standard, which applies to all civil actions, *see* Iqbal, 129 S. Ct. at 1953, does not prevent a plaintiff from "pleading facts alleged 'upon information and belief' where the facts are peculiarly within the possession and control of the defendant, *see, e.g.,* Boykin v. KeyCorp, 521 F.3d 202, 215 (2d Cir. 2008), or where the belief is based on factual information that makes the inference of culpability plausible, *see* Iqbal, 129 S. Ct. at 1949 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). The *Twombly* Court stated that " [a]sking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal[ity]." 550 U.S. at 556. The plaintiff's Third Amended Complaint has provided substantial facts which make plaintiff's claim plausible; the plaintiff has attached documentary proof to this opposition in order to show that the allegations made in the Third Amended Complaint were in good faith. Defendants' characterization of plaintiff's allegations as "unverified" and "reckless" (See defendant's Mem. Of Law pg 19) is purely a posturing tactic and is not based in any real truth. In reality, the Virginia Defendants are in possession of all the facts and are purposely attempting to withhold these facts from the Court and the plaintiff. The defendants are making bad faith arguments in an attempt to dismiss the plaintiff's valid claim. The plaintiff is in possession of certain pieces of documentary evidence that establish a good faith basis for his arguments. Accordingly, the defendants' motion must be denied and the defendants should be held accountable for their unconstitutional actions.

## Point IV

### Upon an Order From the Court the Plaintiff Will Amend the Caption

The Court's September 17, 2014 decision (**Exhibit O**) did not direct that the caption be amended and parties removed.  *See* Shomo v. New York, 2011 U.S. Dist. LEXIS 150328, 4-5 (W.D.N.Y. 2011); *See also* Prophete v. City of New York, 2008 U.S. Dist. LEXIS 77680 (E.D.N.Y. 2008); Doe v. City of New York, 201 F.R.D. 100, 101 (S.D.N.Y. 2001).  Further, the Court's September 17, 2014 ruling indicated that the Court wanted to keep the same motion schedule for the forthcoming motions in order to "keep things neater on the docket" (See Court Ruling as Defendants Exhibit E, pg 13, ln 1-6).  In accord with the Court's desire for a neater docket and because the Court did not order the caption be amended, plaintiff did not motion to amend the caption.  Appropriately, the plaintiff will continue to use the current caption until there is a specific ruling from the Court amending said caption.

## Point V

### The Defendants' Request for Attorneys' Fees is Baseless and must be Denied

Again, the Virginia Defendants have decided to ignore the Court's September 17, 2014 ruling which denied in part the County for Spotsylvania, Det. Edward J. Doyle (individually) and the individual unnamed employees of the County Sheriff's Office motions to dismiss.  See **Exhibit O**.  In an almost comical fashion the defendants continually accuse the plaintiff of filing a frivolous action regardless of the fact that this Court has already ruled that plaintiff's claims are meritorious and has defeated their initial motion to dismiss.  The defendants request for attorneys' fees at this time borderlines on a threat and is just another tactic used by the Virginia Defendants to attempt to persuade the Court to rule in their favor without ever presenting any proof to substantiate their defense.

23

The plaintiff opposes defendants request for attorneys' fees in all respects and notes that the defendants have continually made arguments and re-arguments that are baseless and have no respect for judicial economy. Also, defendants' arguments are becoming increasingly more deceitful, plaintiff has afforded this Court multiple pieces of evidence establishing plaintiff's claim. Moreover, at some point the Virginia Defendants should be limited from making such reckless arguments, especially when there is a previous order already ruling on the validity of the plaintiff's claims. While the plaintiff is fully willing to litigate the issues of this case, at some point it becomes fruitless to continue to entertain arguments which are purely threatening in nature.

Plaintiff's Third Amended Complaint retained the dismissed causes of action solely in the interest of judicial economy and to prevent the opportunity for all the defendants to file a completely new motion to dismiss based upon a vastly different looking Complaint. Plaintiff's actions were obviously unsuccessful because he is now opposing three separate motions from all defendants (of which contain almost identical arguments as defendants' previous motions to dismiss). The plaintiff does not expect to have the Court reinstitute some of the previously dismissed defendants back into this case and accepts their dismissal at this time. The Virginia Defendants are not entitled to attorneys' fees based upon this issue.

For the above reasons and for whatever other reasons this Court sees fit the plaintiff requests that the defendants' application for attorneys' fees be denied.

## Conclusion

For all of the foregoing reasons, the plaintiff respectfully request that the Court deny the defendants motion to dismiss plaintiff's Third Amended Complaint in all respects with such other and further relief as this Court deems just, equitable and proper.

Dated: Bronx, New York
        October 27, 2014

24

RICHARD L. GIAMPA, ESQ., P.C.
*Attorney for Plaintiff*
860 Grand Concourse – Suite 1H
Bronx, New York 10451
(718) 665-7700