UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
IDRISSA ADAMOU,                                                    **Index Number: 7789CV12**

                    Plaintiff,

        - against -

THE COUNTY OF SPOTSYLVANIA, VIRGINIA;
THE SPOTSYLVANIA COUNTY SHERIFF'S
OFFICE; DETECTIVE EDWARD J. DOYLE;
"JOHN and/or JANE DOES" Nos. 1, 2, 3, etc.
(whose identities are unknown but who are known
to be police officers and employees of the Spotsylvania
County Sheriff's Office); "RICHARD and/or
RACHEL ROES" Nos. 1, 2, 3, etc. (whose identity
is unknown but who are known to be supervisory
personnel of the Spotsylvania County Sheriff's
Office), all of whom are sued individually and
in their official capacities;
THE CITY OF NEW YORK; NEW YORK CITY
POLICE DEPARTMENT; LINDA GRIFFIN, Warden,
VCBC Correctional Facility; "JOHN and/or JANE
STILES" Nos. 1, 2, 3, etc. (whose identities are unknown,
but who are known to be police officers and employees of
the New York City Police Department)"

                    Defendants.

-----------------------------------------------------------------------X

### Memorandum of Law in Support of the Plaintiff's
### Opposition to Virginia Defendant's Motion For Reconsideration

RICHARD L. GIAMPA, ESQ., P.C.
*Attorney for Plaintiff*
860 Grand Concourse – Suite 1H
Bronx, New York 10451
(718) 665-7700

## Table of Contents

Preliminary Statement ……………………………………………………….. 1

Procedural History …… ………………………………...…………………… 2

Standard of Review ……………………………………………………….... 2

Argument ………………………………………………………………… 4

      Point I

      The County May Be Liable Based Upon Their Own Individual
       Acts and Were Properly Pled in The Complaint……………………..…….. 4

      Point II

      Plaintiff Properly Stated a Monell Claim Against the County
      of Spotsylvania …………………………………………………....……. 5

      Point III

      Detective Doyle is Not Immune From Suit ………………………………. 7

      Point IV

      Plaintiff has Not Abandoned Any of His Claims ………………………… 8

      Point V

      The Court Must Uphold Its Original Decision to Deny Defendants'
      Motion to Dismiss on Plaintiff's First Amendment Claim……………….. 9

      Point VI

      The Court Should Not Dismiss Plaintiff's Due Process Claim ………….. 10

      Point VII

      Plaintiff has Made a Meritorious Fourth Amendment Claim ……………. 11

      A.     Malicious Prosecution ……………………………………… 12

      B.     Abuse of Process …………………………………………….... 14

<u>Point VIII</u>

Plaintiff Has Properly Alleged Detective Doyle's Involvement ………….16

<u>Point IX</u>

Plaintiff Has Pled a Proper State Law Claim ……………..………………… 18

<u>Point X</u>

Plaintiff has Pled a Proper Request for Punitive Damages ……………..…18

Conclusion ………………………………………………………………... 19

## <u>Table of Authorities</u>

<u>Cases</u>

<u>Ballard v. St. Peter's Recovery Ctr.</u>, No. 1:06-CV-1285(GLS)(DRH), 2007 WL 766321 (N.D.N.Y. Mar. 8, 2007) ……………………………………………..…………. 9, 11

<u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) …………6, 7

<u>Bivens v. Six Unknown Agents</u>, 403 U.S. 388 (1971)……………………..…….…………..…10

<u>Cameron v. City of New York</u>, 598 F.3d 50, 63 (2d Cir. 2010) …………………………..….. 14

<u>Coggins v. County of Nassau</u>, 988 F. Supp. 2d 231, 244 (E.D.N.Y. 2013) … …………………   8

<u>Frankel, Concerning Searches and Seizures</u>, 34 Harv. L. Rev. 361 (1921)………………… 10

<u>Fulton .v Robinson</u>, 289 F.3d 188 (2d Circuit 2002)……..…………………………….. …….. 12

<u>Gentile v. County of Suffolk</u>, 926 F.2d 142, 152 n. 5 (2d Cir. 1991) …………………………... 6

<u>Gilmore v. Gold</u>, 632 F. Supp. 684, 688, 689 (E.D.N.Y. 1986) …………………………….…..11

<u>Gilman v. Marsh & McLennan Cos.</u>, 868 F. Supp. 2d 118 (S.D.N.Y. 2012)……………………. 13

<u>Giordenello v. United States</u>, 357 U.S. 480, 485-88, 2 L. Ed. 2d 1503, 78 S. Ct. 1245 (1958) …..10

<u>Henry v. United States</u>, 361 U.S. 98, 100-01, 4 L. Ed. 2d 134, 80 S. Ct. 168 (1959) …………   10

<u>Jocks v. Tavernier</u>, 316 F.3d 128, 136 (2d Cir.2003)……………...…………….…………... 12

<u>Keller v. Butler</u>, 246 N.Y. 249 (N.Y. 1927) ……………………………………… 12, 14, 15, 16

<u>Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust</u> 729 F.3d 99, 104 (2d Cir.2013)………………………………..…………………….…….....……. 3

<u>Leatherman v. Tarrant County Narcotics</u>, 507 U.S. 163, (1993) …………………..…....……. 6, 7

<u>Lesch v. United States</u>, 372 Fed. Appx. 182 (2d Cir. N.Y. 2010) ……………………………... 2

<u>Lothian Cassidy, LLC v. Lothian Exploration & Dev. II, L.P.</u> 487 B.R. 158 (S.D.N.Y. 2013) …………………………....…………………….…………..…...3

<u>Monegasque de Reassurances S.A.M. v. NAK Naftogaz of Ukraine</u>, 311 F.3d 488(2d Cir. 2002)..…………………………………………………………………………… 9

Morrison v. Budget Rental Car Systems Inc., 657 NYS 2d 721 ………………………….….. 5

Murray v. State of New York (202 App. Div. 597) …………………………………………… 18

New Windsor Volunteer Ambulance Corps, Inc. v. Meyers, 442 F.3d 101, 121 (2d Cir. 2006)……………………………………………………………………………………...... 19

Poux v. County of Suffolk, 2010 U.S. Dist. LEXIS 44399 (E.D.N.Y. May 4, 2010) …………… 6

Rohn Padmore, Inc. v. LC Play, Inc., 679 F. Supp. 2d 454 (S.D.N.Y 2010) ………..…..…….…9

Sankar v. City of New York 2012 WL 2923236 (E.D.N.Y. July 18 2012), ……………………… 8

Savino v. City of New York, 331 F.3d 63, 76 (2d Cir. 2003) ………………………………… 14

Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) ……………………………..… 3

Smith v. McCarthy, 349 Fed. Appx. 851, 858 n.11 (4th Cir. 2009)……………………….…..…5

Smith v. Wade, 461 U.S. 30 (U.S. 1983)……………………………………………………… 19

Transaero, Inc. v. La Fuerza Aerea Boliviana, 162 F.3d 724, 729 (2d Cir. 1998)……………..…… 2

Unger v. Cohen, 718 F. Supp. 185, 187 (S.D.N.Y. 1989)………………………..……………….11

United States v. McDermott, 918 F.2d 319, 325 (2d Cir. 1990)) …………………………..… 10

United States v. Toscanino, 500 F.2d 267, 274 (2d Cir. N.Y. 1974)……………………………… 10

United States v. Treacy, No. 08 Cr. 0366 (RLC)2009 WL 47496 (S.D.N.Y. Jan. 8, 2009) ………. 3

Whitmore v. City of New York, 80 A.D.2d 638, 436 N.Y.S.2d 323, 325 (A.D. 2 Dept. 1981) ……………………………………………………………………..….………………… 11

Zanghi v. Incorporated Village of Old Brookville, 752 F.2d 42, 45 (2d Cir. 1985)……….…..…..11

**Statutes**

Fed. R. Civ. P. 8(a) (2) ……………………………………………………………………. 6

42 U.S.C. § 1983 …………………………………………………………..……………... 14

U.S. Constitution Article IV § 2 ……………………………………………..…..………… 13

U.S. Constitution Amend. IV …………………………………………………..…..……… 10

NY CPL § 160.60 ……………………………………………………...………………….. 13

Va. Code Ann. § 8.01-195.6(A) ……………………………………………………… 18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X

IDRISSA ADAMOU,

                     Plaintiff,

- against -

THE COUNTY OF SPOTSYLVANIA, VIRGINIA;
THE SPOTSYLVANIA COUNTY SHERIFF'S
OFFICE; DETECTIVE EDWARD J. DOYLE;
"JOHN and/or JANE DOES" Nos. 1, 2, 3, etc.
(whose identities are unknown but who are known
to be police officers and employees of the Spotsylvania
County Sheriff's Office); "RICHARD and/or
RACHEL ROES" Nos. 1, 2, 3, etc. (whose identity
is unknown but who are known to be supervisory
personnel of the Spotsylvania County Sheriff's
Office), all of whom are sued individually and
in their official capacities;
THE CITY OF NEW YORK; NEW YORK CITY
POLICE DEPARTMENT; LINDA GRIFFIN, Warden,
VCBC Correctional Facility; "JOHN and/or JANE
STILES" Nos. 1, 2, 3, etc. (whose identities are unknown,
but who are known to be police officers and employees of
the New York City Police Department)"

                     Defendants.

----------------------------------------------------------------------X

**Index Number: 7789CV12**

<u>**MEMORANDUM OF LAW IN
OPPOSITION OF VIRGINIA'S
MOTION FOR
RECONSIDERATION**</u>

      ZACHARY K. GIAMPA., an attorney duly admitted to practice law in the Courts of the State

of New York, hereby affirms the following as true, subject to penalties of perjury:

      I am an associate in the law firm of record for the plaintiff in the above entitled action, and as

such am fully familiar with all the facts and circumstances previously had herein.

### Preliminary Statement

      Virginia defendants improperly arrested and sought extradition of the plaintiff, IDRISSA

ADAMOU, a New York resident, for alleged crimes in the State of Virginia.  Plaintiff had never

stepped foot in the State of Virginia and therefore has never been a fugitive of the State.  Defendants

made false accusations and falsified legal documents in an attempt to illegally extradite the plaintiff

1

out of his home state of New York to the State of Virginia.  The Virginia defendants committed deceitful misrepresentations and acts that violate the Constitution of the United States and New York State in order to maliciously prosecute, maliciously abuse the legal process, falsely imprison, falsely arrest, deprive the plaintiff of his due process rights, deprive him of his liberty and unreasonably seize plaintiff's person.

## Procedural History

The defendants previously filed a Motion to Dismiss which was decided on September 17, 2014 by this Court denying defendants' motion in part and granting defendants' motion in part.  This Court denied the motion to dismiss as to Detective Doyle (individually), John and Jane Does (Individually), Richard and Rachel Roes (Individually) and County of Spotsylvania to both federal and New York State Claims. The Court denied the defendant, City of New York's, motion to dismiss as to all federal claims.  All other defendants and claims have been dismissed.

The Virginia Defendants have now filed a motion for reconsideration based upon the Court's September 17, 2014.  Accordingly, the plaintiff makes the following opposition.

## Standard of Review

"The standard of review of a district court order granting or denying a motion for relief from a final judgment is whether the order constituted an abuse of discretion."  Lesch v. United States, 372 Fed. Appx. 182 (2d Cir. N.Y. 2010) citing  Devlin v. Transp. Commc'ns Int'l Union, 175 F.3d 121, 132 (2d Cir. 1999)  "A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." Transaero, Inc. v. La Fuerza Aerea Boliviana, 162 F.3d 724, 729 (2d Cir. 1998).  The Virginia Defendants' motion for reconsideration must fail on its face because the motion does not allege that the Court abused its power when it made its' September 17, 2014 decision.    "A motion to reconsider should

2

not be granted where the moving party is solely attempting to relitigate an issue that already has been decided." Lesch at 183. Here, the district court found that the plaintiff's claims against the remaining defendants have merit, the defendants are merely attempting to re-argue their previously submitted arguments. Accordingly the Virginia Defendants' motion for reconsideration is without merit. Transaero Inc., at 729.

"The standard for granting [a motion for reconsideration] is strict." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also Lothian Cassidy, LLC v. Lothian Exploration & Dev. II, L.P., 487 B.R. 158, 168 (S.D.N.Y. 2013) ("A court must narrowly construe and strictly apply 6.3 so as to avoid duplicative rulings on previously considered issues, and to prevent Rule 6.3 from being used to advance different theories not previously argued or as a substitute for appealing a final judgment."). In determining a motion for reconsideration, the court should consider: (1) whether there has been "an intervening change of controlling law;" (2) whether there is new evidence presented that was not previously available on the original motion; and (3) whether there is a "need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013) (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."Shrader, 70 F.3d at 257. A motion to reconsider is not "a vehicle for litigants to make repetitive arguments that the court has already considered and it cannot be used to fill in the gaps of a losing argument." United States v. Treacy, No. 08 Cr. 0366 (RLC), 2009 U.S. Dist. LEXIS 938, 2009 WL 47496, at *1 (S.D.N.Y. Jan. 8, 2009) (citing Range Road Music, Inc. v. Music Sales Corp., 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000)). The Virginia Defendants' motion for

reconsideration is a complete rehashing of their initial motion to dismiss.  Accordingly, it should be denied.

**ARGUMENT**

**Point I**

**The County May Be Liable Based Upon Their Own Individual Acts and Were Properly Pled in The Complaint**

Plaintiff Properly Pled the County as a Defendant

      This Court has properly ruled to deny the County of Spotsylvania's motion to dismiss.   The defendants' assertion that the plaintiff only sued the defendant County for the acts of its sheriffs is incorrect.  In the Second Amended Complaint the plaintiff has specifically stated "the false information used in the Governor's Warrant was knowingly created by …COUNTY (of Spotsylvania).  This was a direct abuse of process causing the plaintiff to remain incarcerated."  See Second Amended Complaint attached as **Exhibit A** para 26.  Moreover, plaintiff states in the SAC additional specifics which hold the COUNTY responsible in their own capacity.  See paragraphs 35, 36, 44, 45 and 48.  One example is "Defendant COUNTY…**policy making agents, servants and employees,** authorized sanctioned and/or ratified these… wrongful acts and omissions… and/or encouraged these acts to continue." (**Exhibit A** para 36).   Further, the Court granted the plaintiff an opportunity to file a Third Amended Complaint of which contains several additional direct actions alleging the personal involvement of the County of Spotsylvania.  Please see Third Amended Complaint as **Exhibit B** para 16, 25 and 28.

      The COUNTY is attempting to allude a discovery proceeding in this matter so as to cover up the continued acts and/or omissions the COUNTY participated in on this matter.  The defendants clearly obtained information from the County of Spotsylvania, obtained a Grand Jury Indictment, obtained an out of state Capias, provided information packages to New York, coordinated an

4

extradition, had conversations with the Virginia Governor and the New York Governor's office, and provided false information to obtain an erroneous Governor's Warrant. The County defendant's argument must be denied and a discovery schedule must be set forth to progress this action.

<u>Defendant is Attempting to Assert Virginia State Law</u>

The defendant argues that the claims against the Sheriff and its officers are immune from suit under the 11th Amendment. The defendant has overlooked the fact that the Virginia County Sheriff's department is only a state municipality under **Virginia State Law** of which they are not entitled to invoke in the State of New York. Specifically, the case law the defendant County relies upon states "Based on… **state-law framework,** federal district courts **applying Virginia law** have repeatedly held that Virginia Sheriffs, and their deputies, are "state officers" for the purpose of the Eleventh Amendment. See <u>Smith v. McCarthy, 349 Fed. Appx. 851, 858 n.11 (4th Cir. 2009)</u>. The defendant has provided absolutely no case law that would tend to establish that a federal district court in New York would honor Virginia State Law. In fact, this Court has previously ruled that, "They (Virginia defendants) have not established that New York Courts honor foreign state sovereign immunity law as a matter of comity in a suit such as this. In fact, <u>Morrison v. Budget Rental Car Systems Inc., 657 NYS 2d 721,</u>…suggests that New York would be unlikely to do so." See Court's 9/17/14 decision as **Exhibit A** pg 7. The plaintiff argues that the Court's previous decision has set forth a precedent which states that this Court is unwilling to dismiss the plaintiff's claim based upon Virginia State Law. The case law which defendant has provided to assert that the County and its sheriffs are separate entities are all cases which impose Virginia State Law (Va. Const. art. VII§4). Essentially, the Virginia Defendants are attempting to apply a Virginia State Law in order to create an immunity for the County of Spotsylvania's misconduct. Accordingly, the Court has properly rejected the defendants' argument in their original motion to dismiss and should deny

5

the defendants' motion for reconsideration.

## Point II

### <u>Plaintiff Properly Stated a Monell Claim Against the County of Spotsylvania</u>

A plaintiff's Complaint alleging a Monell claim against a municipality need only give "fair notice of what the Monell claim is and the grounds upon which it rests" so as to enable the defendant to answer that claim and prepare for trial.  <u>Bell Atl. Corp. v. Twombly, 550 U.S. 544 (U.S. 2007)</u>. Monell claims are not subject to a heightened pleading standard and need only comply with the notice pleading requirement of <u>Rule 8(a)(2) of the Federal Rules of Civil Procedure</u>, i.e. that it include "a short and plain statement of the claim showing that the pleader is entitled to relief." <u>Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993)</u>.  Plaintiffs do not need to allege a formal policy officially endorsed by the County; rather, plaintiffs are allowed to base their Monell claim on "de facto policies, practices and customs" and specific actions of officials with policymaking authority. <u>Poux v. County of Suffolk, 2010 U.S. Dist. LEXIS 44399 (E.D.N.Y. May 4, 2010)</u> see also  <u>Gentile v. County of Suffolk, 926 F.2d 142, 152 n. 5 (2d Cir. 1991)</u>.

Further, a claim of municipal liability under section 1983 is sufficient to withstand a motion to dismiss even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy custom or practice.  <u>Lucas v. City, 95 Civ 0854, 1995 U.S. LEXIS 17017</u> citing <u>Leatherman v. Tarrant County Narcotics Intelligence, 507 U.S. 163, 113 S. Ct. 1160, 1163 (1993)</u>.

The plaintiff has specifically stated that the County was personally responsible for providing "misstatements, false representations, misidentifications and otherwise fraudulent testimony" to the NYPD, Bronx DA's office, New York Governor and Virginia Governor in order to obtain a

"Governor's Warrant" for the plaintiff; and that this misconduct was pursuant to a "de facto policy and/or well-settled and widespread custom and practice of the COUNTY.." (See **Exhibit A** para 26 and 37 see also 44 and 45) (See also **Exhibit B** para 16, 25, 28, 37, 38, 46 and 47). During the pleading stage a plaintiff need only plead a single instance of misconduct to establish municipal liability under section 1983. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163 (U.S. 1993) at 167.

The defendant continually argues that plaintiff has failed to state any factual allegations of which to base his monell claim, this in untrue. The plaintiff has not only provided four separate complaints enumerating the plaintiff's factual allegations, but the plaintiff has offered three separate motions to dismiss offering an depth factual analysis along with corresponding documentary evidence proving that plaintiff's claims are legitimate. At this point the defendants and the Court have been put on notice and are well aware of the facts of this case. Defendants should have no problem creating an answer and preparing for trial in good faith. Bell Atl. Corp. v. Twombly, 550 U.S. 544 (U.S. 2007).

The Court did not abuse its discretion or overlook any law when it properly denied the County's motion to dismiss. Accordingly, the County's motion for reconsideration must also be denied.

### Point III

### Detective Doyle is Not Immune From Suit

Defendant Doyle is attempting to reargue his original argument which was made in his motion to dismiss. The argument claims that he is absolutely immune from suit because he testified in the grand jury. The Court is well aware of the plaintiff's position on this matter. Det. Doyle's testimony in the grand jury is only one of many acts of misconduct in which he participated in

7

plaintiff's criminal investigation, prosecution and arrest. There are many facts set forth in the amended complaints stating that Det. Doyle was in charge of the investigation, misidentified the plaintiff and made misstatements in order to obtain a Governor's Warrant and extradition. A police officer's testimony in a grand jury does not automatically grant the defendant absolute immunity and cloak him from all allegedly unconstitutional acts.

Coggins v. County of Nassau, 988 F. Supp. 2d 231, 244 (E.D.N.Y. 2013) specifically ruled that Rehberg does not justify absolute immunity where liability is based not on the witness testimony but on the other conduct laying groundwork for an indictment – when perjury was but one additional step taken to push the case forward. In Sankar v. City of New York, No. 07 CV 4726(RJD)(SMG), 2012 U.S. Dist. LEXIS 99975, 2012 WL 2923236, at *3 (E.D.N.Y. July 18, 2012) a similar argument was made by a defendant police officer in support of his motion for reconsideration of a motion to dismiss. The court chastised the defendant and stated, "Defendants' attempt to convert grand jury testimony into an all-purpose shield from malicious prosecution liability is unpersuasive. The adoption of such a broad interpretation of Rehberg would allow any police officer—regardless of the extent of their involvement in laying the groundwork for an indictment—to escape liability merely by securing an appearance before a grand jury." Likewise, defendant Doyle's re-argument must fail and the defendant's current motion must be denied.

### Point IV

### Plaintiff has Not Abandoned Any of his Claims

Defendants are incorrect in their argument that plaintiff has abandoned many of the claims cited in his complaint. Plaintiff has properly opposed all arguments set forth in defendants' motion to dismiss. Plaintiff properly opposed defendants' argument for First amendment retaliation, Due process, Equal Protections, Conspiracy, Negligence, EED, and State law constitution claims (same

as federal claims).  Moreover, the defendants' brief was oversized and the plaintiff's opposition was in turn equally oversized; in the interest of judicial economy some arguments were addressed more in depth than others.  Defendants themselves, make only minor mentions of these arguments in their brief, most of which are imbedded under other headings and are one or two sentences long.  The Court itself has already found defendants' argument either unpersuasive or has ignored the issue at this pre-discovery stage altogether because the facts alleged be plaintiff define a plausible claim.

Further, a Court's decision to deem a claim abandoned when a party moves to dismiss and the party opposing does not address the issue is completely discretionary. Rohn Padmore, Inc. v. LC Play, Inc., 679 F. Supp. 2d 454 (S.D.N.Y. 2010).  A court abuses its discretion when its decision rests on a legal error or a clearly erroneous factual finding, or when its decision does not fall within the range of permissible decisions. Monegasque de Reassurances S.A.M. v. NAK Naftogaz of Ukraine, 311 F.3d 488, 498 (2d Cir. 2002).  The Court did not abuse its discretion while making its decision and the defendants fail to allege that there was an abuse of discretion.

### Point V

### The Court Must Uphold Its Original Decision to Deny Defendants' Motion to Dismiss on Plaintiff's First Amendment Claim

"[A] motion for reconsideration is not to be used for re-litigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." Ballard v. St. Peter's Recovery Ctr., No. 1:06-CV-1285(GLS)(DRH), 2007 U.S. Dist. LEXIS 16666, 2007 WL 766321, at *1 (N.D.N.Y. Mar. 8, 2007).  The defendants have basically copy and pasted their initial argument word for word.  Defendant has failed to offer any new information that would persuade this Court from reconsidering their initial decision.

Not only did plaintiff state to the defendants that he was innocent, but he also told them that he was nor "Haji Omar", the individual that they were looking to arrest.

9

**Point VI**

**The Court Should Not Dismiss Plaintiff's Due Process Claim**

An illegal arrest constitutes a seizure of the person in violation of the Fourth Amendment,

see Henry v. United States, 361 U.S. 98, 100-01, 4 L. Ed. 2d 134, 80 S. Ct. 168 (1959); Giordenello

v. United States, 357 U.S. 480, 485-88, 2 L. Ed. 2d 1503, 78 S. Ct. 1245 (1958); Frankel,

Concerning Searches and Seizures, 34 Harv. L. Rev. 361 (1921).  A requirement of due process

extends to the pre-trial conduct of law enforcement authorities.  United States v. Toscanino, 500

F.2d 267, 274 (2d Cir. N.Y. 1974).

Due process is violated where officers act in bad faith and make an arrest without probable

cause. United States v. McDermott, 918 F.2d 319, 325 (2d Cir. 1990).  As stated numerous times,

the plaintiff was never in Virginia and could not have committed the crime as it has been stated in

the indictment and extradition papers.  Therefore, Detective Doyle, the complaining officer, knew he

did not have probable cause when he arrested the plaintiff.  Moreover, he was the only witness in the

grand jury and knew that the indictment was acquired based upon misrepresentations and deceit.

Accordingly, plaintiff's false arrest was a violation of this right to due process under the Fourth

Amendment.

The Court should be aware that during a phone conversation that I had with defendant

attorney, Mark Radi, I was told that Detective Edward J. Doyle, was acting under the authority of the

federal Alcohol Tobacco & Firearm (ATF).  If this is true, the defendant would be subject to a

Bivens action.  Bivens v. Six Unknown Agents, 403 U.S. 388(1971).  Prior to discovery the Court

should not dismiss any of the plaintiff's claims.  Defendant is keeping a wealth of information under

its hat and by dismissing an action at this early stage can lead to monumental issues in the future.

Some evidence of this can be seen on the arrest voucher which has the words "ATF, alcohol

10

Tobacco and Firearms" as a notation on the document.  Please see arrest voucher as **Exhibit C**.  For this and other reasons the defendant is not entitled to a dismissal of this cause of action.

**Point VII**

**Plaintiff has Made a Meritorious Fourth Amendment Claim**

Defendant is using this motion for reconsideration to reargue many of the same arguments which they used in their original motions to dismiss  "{A} motion for reconsideration is not to be used for re-litigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." Ballard v. St. Peter's Recovery Ctr., No. 1:06-CV-1285(GLS)(DRH), 2007 U.S. Dist. LEXIS 16666, 2007 WL 766321, at *1 (N.D.N.Y. Mar. 8, 2007).  Accordingly, defendants' motion should be denied as an abuse of the reconsideration process.

**False Arrest**

Under both state and federal law, claims for false arrest and false imprisonment are premised upon a lack of probable cause. See Unger v. Cohen, 718 F. Supp. 185, 187 (S.D.N.Y. 1989) (citing Cameron v. Fogarty, 806 F.2d 380 (2d Cir. 1986),cert. denied, 481 U.S. 1016, 95 L. Ed. 2d 501, 107 S. Ct. 1894 (1987))  (false arrest and imprisonment); Zanghi v. Incorporated Village of Old Brookville, 752 F.2d 42, 45 (2d Cir. 1985) (citing Feinberg v. Saks & Co., 83 A.D.2d 952, 443 N.Y.S.2d 26 (A.D. 2 Dept. 1981), modified on other grounds, 56 N.Y.2d 206, 451 N.Y.S.2d 677, 436 N.E.2d 1279 (1982)).   Probable cause is a rebuttable presumption which may be overcome by establishing that the indictment itself was the result of fraud, perjury, or other acts effecting the integrity of the prosecution. Gilmore v. Gold, 632 F. Supp. 684, 688, 689 (E.D.N.Y. 1986); Whitmore v. City of New York, 80 A.D.2d 638, 436 N.Y.S.2d 323, 325 (A.D. 2 Dept. 1981). The return of an indictment against the plaintiff, establishes a rebuttable presumption of probable

cause, <u>Fulton .v Robinson, 289 F.3d 188 at 198 (2d Circuit 2002)</u>, and the presumption is rebuttable by a showing "that the indictment was the product of fraud, perjury, the suppression of evidence by the police, or other police conduct undertaken in bad faith." <u>Id</u>.

The plaintiff in this case sufficiently alleges that the defendants' lacked probable cause to arrest and detain Mr. Adamou.  (Plaintiff's second amended complaint as **Exhibit A** para. 18, 19, 21, 27, 40, 42, 51, 54, 55, 66 and 73).  Furthermore, the plaintiff alleges that the indictment was obtained using false representations, misstatements, misidentifications, and otherwise fraudulent testimony. The indictment is facially insufficient and could not be used to validate a prosecution of the plaintiff. (Plaintiff's second amended complaint as **Exhibit A** para. 18). Plaintiff continues to identify the "fraudulent representations" made by defendants as "misidentifying the plaintiff as "Haji Omar".....testimony was given that plaintiff was in the state of Virginia during the commission of the crime."  (Plaintiff's second amended complaint as **Exhibit A** para. 20).

The Court has already denied the defendant's their request to dismiss based upon this argument.  Defendants have provided absolutely no new law or facts that would require the Court to change their initial decision.

**<u>Malicious Prosecution</u>**

Plaintiff has plausibly alleged all of the requisite malicious prosecution elements under both state and federal law.  In order to state a viable claim for malicious prosecution in New York, a plaintiff must show: (1) the initiation and continuation of criminal process against the plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) the lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for the defendant's actions. See <u>Jocks v. Tavernier, 316 F.3d 128, 136 (2d Cir.2003)</u>.  Pursuant to <u>Keller v. Butler, 246 N.Y. 249 (N.Y. 1927)</u> plaintiff's claim for improper extradition based upon fraudulent claims that plaintiff was a fugitive fleeing the

state of the alleged crime is properly pled as a cause of action for malicious prosecution.  Id at 254

First, it is uncontested that the Virginia defendants initiated and continued a criminal process against

the plaintiff.  As part of the criminal process the defendants attempted to label the plaintiff as a

"fugitive" and extradite the plaintiff out of the State of New York against the provisions defined by §

2 of Article IV of the Constitution of the Untied States.  The defendants provided fraudulent and

misleading information in their attempt to prosecute the plaintiff.  When their fraudulent attempts

failed, the criminal prosecution was dismissed favorably for the plaintiff, Idrissa Adamou.

Defendants' assertion that plaintiff was not given a favorable termination is purely ludicrous. The

Certificate of Disposition provided by The Bronx County Supreme Court states, "The above

mentioned dismissal is a termination of the criminal action in favor of the accused and pursuant to

section 160.60 of the Criminal Procedure Law".

 The third and fourth elements of malicious prosecution/abuse of process are the lack of

probable cause and actual malice.  "For purposes of the tort of malicious prosecution," probable

cause is "the knowledge of facts, actual or apparent, strong enough to justify a reasonable man in the

belief that he has lawful grounds for prosecuting the defendant in the manner complained of or

whether a discreet and prudent person would be led to the belief that a crime had been committed by

the person charged." Gilman v. Marsh & McLennan Cos., 868 F. Supp. 2d 118, 129-130 (S.D.N.Y.

2012) citing Silver v. Kuehbeck, No. 05 Civ. 35 (RPP), 2005 U.S. Dist. LEXIS 26956, at *55

(S.D.N.Y. Nov. 7, 2005).  Here, the defendant contends that the Virginia defendants used perjury,

misrepresentations and fraud to obtain an indictment and an extradition in the criminal prosecution

of the plaintiff.  Furthermore, without the use of fraud and deceit the defendants would have been

unable to arrest and prosecute the plaintiff in the State of New York. The defendants would have no

remedy to arrest and prosecute the plaintiff without engaging in fraudulent and deceitful tactics

13

which amount to actual malice.  The defendants' know that they cannot arrest the plaintiff and extradite him to Virginia unless he is a fugitive of the state; which he never was because he has never stepped foot in the state of Virginia, let alone committed crimes while in Virginia.  In an attempt to maliciously prosecute the plaintiff the defendants provided false information to the NYPD, Governor of Virginia, Governor or New York and the Bronx County Supreme Court.  The defendant's fraudulent attempts to extradite the plaintiff to Virginia were unsuccessful and they were forced to dismiss the criminal action against the plaintiff.  Keller v. Butler, 246 N.Y. 249 (N.Y. 1927).

Moreover, Under New York law, police officers can 'initiate' prosecution by filing charges or other accusatory instruments." Cameron v. City of New York, 598 F.3d 50, 63 (2d Cir. 2010) (citing Ricciuti v. N.Y. City Transit Auth., 124 F.3d 123, 130 (2d Cir. 1997)).  Detective Doyle was the sole witness in the Grand Jury thereby making him the sole complaining witness and the person who initiated the prosecution. Discovery has not be conducted and the Virginia Defendants have refused to turn over any of the Virginia criminal file.  Det. Doyle has not denied that he was the head of the investigation and the complaining witness in the underlying criminal action.  Accordingly, the Court should uphold its original decision denying defendants' motion to dismiss for malicious prosecution.

**Abuse of Process**

A plaintiff may claim malicious abuse of process pursuant to 42 U.S.C.S. § 1983.  Under New York law, a malicious abuse-of-process claim lies against a defendant who (1) employs regularly issued legal process to compel performance or forbearance of some act; (2) with the intent to do harm without excuse of justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process. Savino v. City of New York, 331 F.3d 63, 76 (2d Cir. 2003).

14

Under this cause of action the plaintiff pleads that he was incorrectly labeled a fugitive since he never fled from the Commonwealth of Virginia and thus the defendants maliciously, falsely and without probable cause procured the arrest of the plaintiff as a fugitive.  In Keller v. Butler, 246 N.Y. 249, 251 (N.Y. 1927) the Court of Appeals of New York held that the extradition process in the state of New York shall be an independent event apart from the actual out of state criminal proceeding and the defendant may be sued for malicious abuse of process irrespective of the outcome of the actual criminal proceeding.

In Keller v. Butler the plaintiff was a New York resident charged in Florida with a felony. Plaintiff was arrested as a fugitive of the state of Florida yet it was later determined that the plaintiff was not present in Florida during the commission of the alleged crime and therefore could not be extradited as a fugitive.  "Unless the plaintiff was in the State of Florida at the time of the commission of the crime, he could not be extradited under the Constitution and laws of the United States. His actual, not his constructive, presence was necessary in the State of Florida to make him a fugitive." Keller v. Butler, 246 N.Y. 249, 251 (N.Y. 1927) citing Hyatt v. Corkran, 188 U.S. 691; McNichols v. Pease, 207 U.S. 100.)  Extradition laws apply to fugitives and those who flee from the state where the crime has been committed.  Id at 252.  The Court goes on to rule that in these circumstances a plaintiff could be convicted of the crime out of state but if he was not in the state at the time of the crime he cannot be extradited and can maintain a claim for malicious abuse of the extradition process.  The Keller Court denied defendant's motion to dismiss and plaintiff was granted the opportunity to sue for malicious abuse of process.

Like the complaint in Keller v. Butler, Mr. Adamou's second amended complaint asserts a cause of action for abuse of process alleging that the defendant attempted to extradite the plaintiff out of state knowing that the plaintiff was not a fugitive, maliciously causing his arrest under the

15

extradition laws in New York and then fraudulently petitioning the Governor of New York claiming that plaintiff was a fugitive. Id at 252.   The court stated, "Surely there must be some remedy afforded by the law for the willful and malicious arrest of another as a fugitive from justice when the charge is known to be false. Names and classifications of remedies are not indispensable to a court, although they may be convenient and necessary for the student. Justice may not tarry to tabulate. The fact is, such a wrong must have a remedy.  It is provided either in the action for malicious prosecution or in an action for abuse of process. " Keller v. Butler, 246 N.Y. 249, 254 (N.Y. 1927). The plaintiff maintains that the defendant's attempt to extradite plaintiff by falsely claiming Mr. Adamou was a fugitive of the Commonwealth of Virginia violated the plaintiff's Constitutional rights and is properly plead as a cause of action for malicious abuse of process and malicious prosecution.

### Point VIII

### Plaintiff Has Properly Alleged Detective Doyle's Involvement

While the defendant has alleged that plaintiff failed to assert personal involvement of the individual defendant, DET. EDWARD J. DOYLE, this is simply not true.

Specifically, the plaintiff claimed that DET. EDWARD DOYLE approached the plaintiff in Bronx County New York under false pretenses and asked him if he was "Haji Omar" which plaintiff replied in the negative. (Plaintiff's second amended complaint as **Exhibit A** para. 16).  Plaintiff continues to allege that DET. EDWARD DOYLE conducted an investigation and indictment on false information and falsely accused the plaintiff of committing criminal acts in the Commonwealth of Virginia. (Plaintiff's second amended complaint as **Exhibit A** para. 18-21)  Based upon that false information the district attorney's office falsely detained and wrongfully prosecuted the plaintiff. (Plaintiff's second amended complaint as **Exhibit A** para. 22-24).  Plaintiff states that the defendants

go on to handcuff, search and arrest the plaintiff without probable cause.  (Plaintiff's second amended complaint as **Exhibit A** para. 17).

Furthermore, the plaintiff claims that he was further prosecuted with a Governors' warrant based upon fraudulent representations made by DET. EDWARD DOYLE, including but not limited to the false representation that the plaintiff was in the state of Virginia when the alleged criminal acts were commenced and is therefore, a fugitive of the state. (Plaintiff's second amended complaint as **Exhibit A** para. 25-26).

Finally, the plaintiff alleges that the defendants' Deputy Commonwealth attorney admitted that plaintiff "was not in the Commonwealth of Virginia during the commission of the alleged crimes and therefore **was misidentified and unlawfully charged with the crimes.**" (Plaintiff's second amended complaint as **Exhibit A** para. 28)

It is unequivocally clear that the plaintiff specifically alleges in his amended complaint that the individual defendant, DET. EDWARD J. DOYLE, unlawfully arrested, detained and prosecuted the plaintiff without probable cause based upon misinformation that they knew to be false.  That information included but was not limited to the misrepresentation that plaintiff was in the state of Virginia when the alleged crimes were commissioned.

Defendant claims that plaintiff never alleged that any of the individual officers *knowingly* fabricated any false information, this argument fails to be based upon the alleged facts of this case and must be disregarded.  Plaintiff specifically stated in the amended complaint "The indictment was obtained using false representations, misstatements, misidentifications and otherwise fraudulent testimony." (Plaintiff's second amended complaint as Exhibit A para. 18)  Moreover, the plaintiff alleged, "The Governors Warrant was based upon **fraudulent representations** from the defendants, DET. EDWARD J. DOYLE," (Plaintiff's second amended complaint as Exhibit A para. 26).

## Point IX

## Plaintiff has Pled a Proper State Law Claim

Defendant's argument that plaintiff has forfeited his right to pursue a state law claim against the Virginia Defendants because he has failed to provide timely written notice to the County is on its face invalid. Defendants rely on Va. Code Ann. § 8.01-195.6(A) stating "every claim cognizable against the Commonwealth...shall be forever barred unless the claimant...has filed a written statement of the nature of the claim within one year after such cause of action accrued." Plaintiff was arrested on October 20, 2011 and remained in jail until March 12, 2012, the Notice of Claim was received by the Attorneys for Spotsylvania County on August 29, 2012 which is clearly within the one year time frame set forth under Virginia Law. (See Notice of Claim attached to defendant's Mem. Of Law as Exhibit 1.)

A Notice of Claim need only give "a statement of the nature of the claim" and does not need to set forth every fact and allegation that may or will ever be alleged. In the case of Murray v. State of New York (202 App. Div. 597), Sears, J., writing for the court says: "The notice of intention to file the claim is not a pleading and should not be scrutinized with the severity applicable to a pleading." Id at 599. The defendants' view of the requirement under the notice provision is far too narrow, the law is set forth to put the municipality on notice of a possible claim, not to be used as a technicality to dismiss plaintiff lawsuits. Accordingly, defendants' motion to dismiss the plaintiff's state law claims was properly denied.

## Point X

## Plaintiff has Pled a Proper Request for Punitive Damages

Defendant again completely mischaracterizes plaintiff's allegations. Detective Doyle purposely lied and misled prosecutors, policemen, governors and extraditing agents in order to

18

arrest, prosecute and extradite the plaintiff.  Based upon his intentional deceitful actions he shall be liable for punitive damages.   Punitive damages are available to a plaintiff who claims intentional, reckless and deliberately indifferent acts upon individual defendants as part of a malicious prosecution, false arrest claim.  Smith v. Wade, 461 U.S. 30 (U.S. 1983). To be entitled to an award of punitive damages, a claimant must show a "positive element of conscious wrongdoing." New Windsor Volunteer Ambulance Corps, Inc. v. Meyers, 442 F.3d 101, 121 (2d Cir. 2006).

## CONCLUSION

For all of the foregoing reasons, the plaintiff respectfully request that the Court deny the defendants motion to for reconsideration based upon the Court's September 17, 2014 decision in all respects with such other and further relief as this Court deems just, equitable and proper.

Dated: Bronx, New York
        October 27, 2014


RICHARD L. GIAMPA, ESQ., P.C.
*Attorney for Plaintiff*
860 Grand Concourse – Suite 1H
Bronx, New York 10451
(718) 665-7700

19