UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
IDRISSA ADAMOU,                                                                  **Index Number: 7789CV12**

                              Plaintiff,

         - against -

THE COUNTY OF SPOTSYLVANIA, VIRGINIA;
THE SPOTSYLVANIA COUNTY SHERIFF'S
OFFICE; DETECTIVE EDWARD J. DOYLE;
"JOHN and/or JANE DOES" Nos. 1, 2, 3, etc.
(whose identities are unknown but who are known
to be police officers and employees of the Spotsylvania
County Sheriff's Office); "RICHARD and/or
RACHEL ROES" Nos. 1, 2, 3, etc. (whose identity
is unknown but who are known to be supervisory
personnel of the Spotsylvania County Sheriff's
Office), all of whom are sued individually and
in their official capacities;
THE CITY OF NEW YORK; NEW YORK CITY
POLICE DEPARTMENT; LINDA GRIFFIN, Warden,
VCBC Correctional Facility; "JOHN and/or JANE
STILES" Nos. 1, 2, 3, etc. (whose identities are unknown,
but who are known to be police officers and employees of
the New York City Police Department)"

                              Defendants.

-------------------------------------------------------------------X


**Memorandum of Law in Support of the Plaintiff's**
**Opposition to New York Defendants' Motion to Dismiss**


RICHARD L. GIAMPA, ESQ., P.C.
*Attorney for Plaintiff*
860 Grand Concourse – Suite 1H
Bronx, New York 10451
(718) 665-7700

## Table of Contents

Preliminary Statement ……………………………………………….…….. 1

Brief Statement of Facts …………………………..…………………………... 2

Standard of Review ………………………………………………………... 6

Argument …………………………………………………………………….. 7

      Plaintiff's Amended Complaint Properly Pled a Claim For
Municipal Liability …………………………………………..…………… 7

      The *Capias* and Virginia indictment did not Create
Probable Cause to Arrest the Plaintiff………………….……………….….... 9

      Plaintiff has Properly Pled a Municipal Policy or Practice Which
Caused a Constitutional Violation …………………………….…….…... 13

      Plaintiff's Has Retained All Claims Against Defendants
In the Amended Complaint Solely For Judicial Economy and
Plaintiff Consents to The Previously Ordered Dismissals…………..……... 15

      Plaintiff's Request for Additional Relief …………………………….….. 17

Conclusion ………………………….…………………………………...…... 17

## Table of Authorities

**Cases**

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ..................6

Courtenay Communications Corp. v. Hall, 334 F.3d 210, (2d Cir. 2003) …………..……………..6

Davis v. N.Y. Dep't of Corr. 2012 U.S. Dist. LEXIS 105216, 2012 WL 3070083 (2012) ..………8

Doe v. City of New York, 201 F.R.D. 100, 101 (S.D.N.Y. 2001)…………………………..…… 15

Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 125 S. Ct. 1627, (2005) …………………....…….7

Dwares v. City of New York, 985 F.2d 94 …………………………………………..…………… 8

Fulton v. Robinson, 289 F.3d 188 (2002) …………………………………………………… 9

Gilmore v. Gold, 632 F. Supp. 684, (E.D.N.Y. 1986) ………………………………… 2, 7, 9

Go v. Rockefeller Univ., 2013 U.S. Dist. LEXIS 102460, 7-8 (S.D.N.Y. 2013) …………..…… 17

Groh v. Ramirez, 540 U.S. 551 (U.S. 2004) …………………………………………..……… 10

Guzman v. United States, 2013 U.S. Dist LEXIS 131684 (SDNY 2013) ……………………… 8, 9

Iqbal v. Hasty, 490 F.3d 143, (2d Cir. 2007) …………………………………………..…..…… 7

Keller v. Butler, 246 N.Y. 249 (N.Y. 1927) ……………………………………..…..…… 11, 12

Leatherman v. Tarrant County Narcotics, 507 U.S. 163, (1993) ……………………….…...… 7, 8

Leibowitz v. Cornell Univ., 445 F.3d 586,(2d Cir. 2006) …………………………..……… 7

Lucas v. New York City, 1995 U.S. Dist. LEXIS 17017, 9-11 (SDNY 1995) …….…..……… 8, 14

Mateo v. Gundrum, 2011 U.S. Dist. LEXIS 127981, 2011 WL 5325790 (2011) ……………… 8

Monell v. Dep't of Social Servs., 436 U.S. 658 (1978) …………………………………... 7

Odom v. Columbia University, 906 F. Supp. 188, (S.D.N.Y. 1995) ………..………………… 6

People v Hinton  40 NY2d 345, 386 NYS2d 703, 353 NE2d 617(1976) …………………..…….. 13

Powe v. City of Chicago, 664 F.2d 639 (7th Cir. 1981) …………………………………… 11

Prophete v. City of New York, 2008 U.S. Dist. LEXIS 77680 (E.D.N.Y. 2008) ................... 15

Rodriguez v. Wolbach, 499 F. Supp. 2d 479, 489 (S.D.N.Y. 2007) ................................... 11

Rheingold v. Harrison Town Police Dep't., 568 F.Supp 2d 384, 394 (S.D.N.Y 2008) ............. 9

Ricciuti v. New York City Transit Auth., 941 F.2d 119 ............................................. 8, 14

Russo v. State of New York, 672 F.2d 1014 (2d Cir. 1982) ...............................................11

Saenz v. Lucas, 2008 U.S. Dist. LEXIS 52400, 2008 WL 2735867 ...........................…..... 8

Shomo v. New York, 2011 U.S. Dist. LEXIS 150328, 4-5 (W.D.N.Y. 2011) ...................…..... 15

United States v. George, 975 F.2d 72 (2d Cir. Vt. 1992) ..............................................… 11

Whitmore v. City of New York, 80 A.D.2d 638, 436 N.Y.S.2d 323(2d Dept. 1981) ........... 2, 7, 9

**Statutes**

Fed. R. Civ. P. 12(b)(6)……...…………………………………………….…….…….. .6

Fed. R. Civ. P. 8(a)(2) ………………………………………………………………… 6, 7

Fed. R. Civ. P. 11 …………………………………………………………….……… 16, 17

42 U.S.C. § 1983 …………………………………………………...……..…….7, 9, 14

U.S. Constitution Article IV § 2 …………………………………...…………….…3, 4

U.S. Constitution Amend. IV ……………………………………….…….……… 10

NY CPL Article 570 ………………………………………….……...………… 10

NY CPL § 570.16 …………………………………...……………….. 10, 13

**Other Citations**

Southern District of New York, Plan for Certain §
1983 Cases Against the City of New York……………………………….…….…..17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
IDRISSA ADAMOU,                                                    **Index Number: 7789CV12**

                 Plaintiff,

     - against -                                    **MEMORANDUM OF LAW IN**
                                                                   **OPPOSITION OF NYC'S**
                                                                   **MOTION TO DISMISS**
THE COUNTY OF SPOTSYLVANIA, VIRGINIA;
THE SPOTSYLVANIA COUNTY SHERIFF'S
OFFICE; DETECTIVE EDWARD J. DOYLE;
"JOHN and/or JANE DOES" Nos. 1, 2, 3, etc.
(whose identities are unknown but who are known
to be police officers and employees of the Spotsylvania
County Sheriff's Office); "RICHARD and/or
RACHEL ROES" Nos. 1, 2, 3, etc. (whose identity
is unknown but who are known to be supervisory
personnel of the Spotsylvania County Sheriff's
Office), all of whom are sued individually and
in their official capacities;
THE CITY OF NEW YORK; NEW YORK CITY
POLICE DEPARTMENT; LINDA GRIFFIN, Warden,
VCBC Correctional Facility; "JOHN and/or JANE
STILES" Nos. 1, 2, 3, etc. (whose identities are unknown,
but who are known to be police officers and employees of
the New York City Police Department)"

                Defendants.
------------------------------------------------------------------------X

     ZACHARY K. GIAMPA., an attorney duly admitted to practice law in the Courts of the

State of New York, hereby affirms the following as true, subject to penalties of perjury:

     I am an associate in the law firm of record for the plaintiff in the above entitled action, and

as such am fully familiar with all the facts and circumstances previously had herein.

### Preliminary Statement

     Virginia defendants improperly arrested and sought extradition of the plaintiff, IDRISSA

ADAMOU, a New York resident, for alleged crimes in the State of Virginia.  Plaintiff had never

stepped foot in the State of Virginia and therefore has never been a fugitive of the State.

Defendants made false accusations and falsified legal documents in an attempt to illegally extradite

the plaintiff out of his home state of New York to the State of Virginia. Upon information and belief the Virginia defendants committed deceitful misrepresentations and acts that violate the Constitution of the United States and New York State in order to maliciously prosecute, maliciously abuse the legal process, falsely imprison, falsely arrest, deprive the plaintiff of his due process rights, deprive him of his liberty and unreasonably seize plaintiff's person.

The plaintiff has properly pled in his Third Amended Complaint (See as defendant City's Exhibit "A" para. 40-43) municipal de facto policy and/or widespread custom which caused the violation of plaintiff's constitutional rights and is thus liable under § 1983.

Probable cause is a rebuttable presumption. Plaintiff has not been privy to any documents regarding the underlying Virginia indictment, but based upon several documents which have been made available to the plaintiff it is believed that the defendants have provided fraudulent information and fraudulent documents to the Governor of New York, Governor of Virginia and the Supreme Court of Bronx County in an attempt to obtain an illegal extradition of the plaintiff. It is well settled that fraud and misinformation rebuts the presumption of probable cause. Gilmore v. Gold, 632 F. Supp. 684, 688, 689 (E.D.N.Y. 1986); Whitmore v. City of New York, 80 A.D.2d 638, 436 N.Y.S.2d 323, 325 (A.D. 2 Dept. 1981)

### Brief Statement of Facts

The plaintiff, IDRISSA ADAMOU, a retail store owner was arrested on October 20, 2011 at approximately 10:15 a.m. by Detective Doyle, a member of the Spotsylvania County Sheriff's department, along with members of the Spotsylvania County Sheriff's department and members of the NYPD. Detective Doyle was arresting the plaintiff on an indictment filed on October 17, 2011 in Virginia alleging that plaintiff had participated in a scheme to transfer cigarettes with improper tax stamps out of the Commonwealth of Virginia. The plaintiff was completely innocent of these

crimes and despite Mr. Adamou's pleas of innocence he was arrested and detained for approximately 6 months.

Detective Doyle on behalf of the County of Spotsylvania and the County of Spotsylvania Sheriff's Department notified the State of New York that plaintiff was a fugitive of the State of Virginia and had fled the state of Virginia after committing crimes in that state. Upon information and belief the New York defendants knew based upon their communications with Det. Doyle that the plaintiff had never been in Virginia during the commission of the crime and therefore was not a fugitive pursuant to § 2 of Article IV of the Constitution of the Untied States. Therefore, it was improper to arrest the plaintiff as a fugitive in Bronx County based upon these facts. Upon information and belief the defendants improperly arrested the plaintiff using an out of state *capias* which was obtained using a Virginia indictment premised on known misrepresentations, false statements and fraudulent testimony. Plaintiff has asserted that the New York defendants knew or should have known of the misrepresentations and should have never honored the indictment or *capias*.

Upon information and belief the defendant, Det. Doyle, orchestrated the investigation in the plaintiff's case and even though probable cause could not be established Det. Doyle provided false information to a Virginia Grand Jury in order to obtain an indictment. This indictment was ill-obtained and does not establish probable cause. The New York defendants knew or should have known of the false statements but through their wide-spread custom and de-facto-policy allowed the honored the Virginia *capias* even though it was not premised on probable cause. Moreover, through their wide-spread custom and de-facto-policy the arrested the plaintiff as a "fugitive" even though they knew or should have known that plaintiff did not qualify as a "fugitive" under the U.S.

3

Constitution.[1]

The plaintiff was arraigned as a fugitive from justice on October 25, 2011.  The plaintiff has never stepped foot in the state of Virginia and therefore, cannot be a "fugitive" as defined by § 2 of Article IV of the Constitution of the Untied States which states as follows: "A person charged in any State with treason, felony, or other crime, who shall flee from justice and be found in another State, shall, on the demand of the executive authority of the State from which he fled, be delivered up to be removed to the State having jurisdiction of the crime;"

In an attempt to falsely arrest and imprison the plaintiff, all defendants abused the extradition process by originally making false statements to NYPD police officers who knew or should have known the statements were untrue and later filing documents containing falsified information with the State of New York Executive Branch and in New York Supreme Court, Bronx County.  Please see Governor's Warrant and supporting papers as **Exhibit A**.  Upon information and belief NYPD officers knew or should have known that the indictment was based upon false statements and misrepresentations and therefore did not amount to probable cause.

The New York defendants continued to prosecute an extradition against the plaintiff even after they knew or should have known that the plaintiff was not a "fugitive" under§ 2 of Article IV of the Constitution of the Untied States and therefore could not be extradited as a fugitive.

On March 2, 2012 Thomas G. Shaia, the Deputy Attorney for the Commonwealth of Virginia in charge of the plaintiff's prosecution in Virginia admitted to plaintiff's criminal defense attorney, Victor Daly Rivera, during a phone conversation that Mr. Adamou was **NOT** present in Virginia during the commission of the crime.  This conversation was later memorialized in an email written by Mr. Shaia stating the same. (See plaintiff's Writ of Habeas Corpus dated March 7,

---

[1] It is also argued that the facts in this case did not meet the standard to allow a possible extradition under NY CPL § 570.16 nor did defendants ever attempt to extradite the plaintiff under this statute.

4

2012 as **Exhibit B** para 8).

The Defendant CITY knew that plaintiff was not present in the State of Virginia at the time the crime was alleged to have occurred and knew that the plaintiff was not a fugitive. Even though the CITY was fully aware of these facts they continued to prosecute the plaintiff and honor extradition requested by the Virginia Defendants. On November 23, 2011 during the plaintiff's bail hearing the Court asked Bronx County ADA Hanley, "With respect to the other branch of counsel's argument that the defendant is not a fugitive, is the theory of the case in Virginia, that the defendant from a location in the Bronx conspired to violate the laws of Virginia?" ADA Hanley responded, "That's correct". (See Criminal Court Hearing Transcript 11/23/11 as **Exhibit C** pg 18 ln 17-22). This statement is a full blown admission that the previous statements made in the declarations by the Virginia Defendants to the Governor of New York and Governor of Virginia were knowingly false and that the CITY was fully aware and continued to unconstitutionally prosecute and detain the plaintiff.

At this time, upon information and belief, the Virginia Defendants, including but not limited to, Detective Doyle, did knowingly provide the NYPD and other New York State officials with false information stating that the plaintiff "was in the State of Virginia at the time of the commission of said crime and thereafter fled from justice of this State and may have taken refuge in the State of New York." (See defendant's Exhibit D) This information was known to be false by the defendants when it was made to New York State Officials. Upon information and belief defendants purposely falsified information to obtain an illegal extradition of the plaintiff, Idrissa Adamou.

On January 18, 2012, a Governor's Warrant was filed with the Bronx County Supreme Court. The warrant was obtained by the defendants using false information. Once this was

discovered by plaintiff's criminal defense attorney the Virginia state charges were dismissed against the plaintiff on March 9, 2012.  Because the plaintiff refused voluntary extradition to Virginia he spent October 17, 2011 until March 9, 2012 unconstitutionally imprisoned at the Vernon C. Bain Detention Center in Bronx County.

<b><u>Standard of Review</u></b>

Under the Federal Rules, "a complaint need only meet the requirements of our 'simplified notice pleading standard [which] relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims.'" <u>Courtenay Communications Corp. v. Hall</u>, <u>334 F.3d 210, 213 (2d Cir. 2003)</u> (quoting <u>Swierkiewicz v. Sorema N.A.</u>, <u>534 U.S. 506, 512, 152 L. Ed. 2d 1, 122 S. Ct. 992 (2002))</u>

In deciding a motion to dismiss pursuant to <u>Fed. R. Civ. P. 12(b)(6)</u>, the role of a district court is to assess the legal feasibility of the complaint, not to weigh the evidence which might be offered at trial. In doing so, the court may consider only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference and matters of which judicial notice may be taken. All factual allegations in the complaint must be accepted as true and the complaint must be viewed in the light most favorable to the plaintiff. A motion to dismiss should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  <u>Odom v. Columbia University, 906 F. Supp. 188, 193 (S.D.N.Y. 1995)</u>

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," see <u>Fed. R. Civ. P. 8(a) (2)</u>, with sufficient facts "to 'show that the pleader is entitled to relief[.]'" <u>Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)</u>

Under the pleading standard set forth in Rule 8(a)(2), complaints must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A plaintiff is required only to give a defendant fair notice of what the claim is and the grounds upon which it rests." Leibowitz v. Cornell Univ., 445 F.3d 586, 591 (2d Cir. 2006). Rule 8 is fashioned in the interest of fair and reasonable notice, not technicality, and therefore is "not meant to impose a great burden upon a plaintiff." Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 347, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005).  No heightened pleading standard applies to claims brought under Section 1983. Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993) (rejecting a heightened pleading standard for a civil rights claim asserting municipal liability); Iqbal v. Hasty, 490 F.3d 143, 153-59 (2d Cir. 2007). Section 1983 claims need not be pled with particularity, but may be averred generally. Leatherman, 507 U.S. at 168.

## ARGUMENT

### Plaintiff's Amended Complaint Properly Pled a Claim For Municipal Liability

If, pursuant to policy or custom, a municipality's agents engage in constitutional violations, liability will attach.  Monell v. Dep't of Social Servs., 436 U.S. 658  at 692(1978). To allege such a policy or custom, the plaintiff may assert: "(1) the existence of a formal policy officially endorsed by the municipality; (2) actions taken or decisions made by municipal officials with final decision making authority, which caused the alleged violation of plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a custom of which constructive knowledge can be implied on the part of the policymaking officials; or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to 'deliberate indifference' to the rights of those who come in contact with the municipal employees." Saenz v.

Lucas, 2008 U.S. Dist. LEXIS 52400, 2008 WL 2735867.

A court may not apply a heightened pleading standard to Monell claims, Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993).  "Under federal pleading rules, 'Section 1983 claims need not be plead[ed] with particularity, but may be averred generally.'" (quoting Rahman v. Fisher, 607 F. Supp. 2d 580, 584 (S.D.N.Y. 2009)), report and recommendation adopted sub nom. Davis v. N.Y. Dep't of Corr., No. 10-CV-2236, 2012 U.S. Dist. LEXIS 105216, 2012 WL 3070083 (S.D.N.Y. July 27, 2012); Mateo v. Gundrum, No. 10-CV-1103, 2011 U.S. Dist. LEXIS 127981, 2011 WL 5325790, at *5 (N.D.N.Y. Aug. 30, 2011).  Accordingly, defendants assertion, made upon reliance on Dwares v. City of New York, 985 F.2d 94, and, Ricciuti v. New York City Transit Auth., 941 F.2d 119, that "a single incident alleged in a complaint, especially if it involved only actors below the policy making level, does not suffice to show municipal liability" is patently false and fails to take into account the Leatherman opinion and its progeny which states that a claim based on municipal liability under section 1983 is sufficient to withstand a motion to dismiss even if the claim is based on nothing more than a bare allegation that the officers' conduct conformed to official policy, custom, or practice.  Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993); Lucas v. New York City, 1995 U.S. Dist. LEXIS 17017, 9-11 (SDNY 1995) [held that to the extent that Dwares called for a heightened pleading standard for Monell claims, it was overruled by Leatherman]; Guzman v. United States, 2013 U.S. Dist LEXIS 131684 (SDNY 2013).

Most notably, the City's assertion in their motion to dismiss (See Motion Pg 5-6) was specifically rejected by the Court in Guzman where the court found that "contrary to the City's assertion that Plaintiff cannot succeed at the pleading state because his claim is based on a single

isolated instance of alleged unconstitutional activity, the Supreme Court has specifically rejected the argument that plaintiff must do more than plead a single instance of misconduct to establish municipal liability under section 1983." Guzman at 37-39. *See also* Rheingold v. Harrison Town Police Dep't., 568 F.Supp 384, 394 (S.D.N.Y 2008). Plaintiff has quite simply satisfied his pleading burden.

While plaintiff's allegations were pled sufficiently, it is still important to address defendants hollow assertion that plaintiff has failed to show the "policy-making level". Plaintiff has cited a defective governor's warrant, signed by the Governor of New York upon application by the Governor of Virginia. The Governor is the highest "policy-making level" in State government, illustrating the hollowness of defendant's assertions regarding a failure at the "policy-making level."

**The *Capias* and Virginia indictment did not Create Probable Cause to Arrest the Plaintiff**

Probable cause is a rebuttable presumption which may be overcome by establishing that the indictment itself was the result of fraud, perjury, or other acts affecting the integrity of the prosecution. Gilmore v. Gold, 632 F. Supp. 684, 688, 689 (E.D.N.Y. 1986); Whitmore v. City of New York, 80 A.D.2d 638, 436 N.Y.S.2d 323, 325 (A.D. 2 Dept. 1981). The return of an indictment against the plaintiff, establishes a rebuttable presumption of probable cause, Fulton v. Robinson, 289 F.3d 188 at 198 (2002), and the presumption is rebuttable by a showing "that the indictment was the product of fraud, perjury, the suppression of evidence by the police, or other police conduct undertaken in bad faith." Id.

The plaintiff in this case sufficiently alleges in his Third Amended Complaint that the defendants' lacked probable cause to arrest and detain Mr. Adamou. (Plaintiff's third amended complaint as defendant's Exhibit A para. 18, 19, 21, 27, 40, 42, 51, 54, 55, 66 and 73).

Furthermore, the plaintiff alleges that the indictment was obtained using false representations, misstatements, misidentifications, and otherwise fraudulent testimony. The indictment is facially insufficient and could not be used to validate a prosecution of the plaintiff. (Plaintiff's third amended complaint as defendant's Exhibit A para. 19). Plaintiff continues to identify the "fraudulent representations" made by defendants as "misidentifying the plaintiff as "Haji Omar".....testimony was given that plaintiff was in the state of Virginia during the commission of the crime." (Plaintiff's third amended complaint as defendant's Exhibit A para. 21).

The New York Defendants had conversations with Det. Doyle and were then presented with a *capias* signed by a Deputy Clerk to arrest the plaintiff. Defendants did not have a warrant as required by CPL Article 570 and therefore, had no right to arrest and detain the plaintiff in the state of New York. Nowhere within the New York State CPL does it allow for an arrest based upon an out-of-state *capias*. Defendants did not have the proper authority to arrest the plaintiff.

Moreover, the *capias* was facially invalid thereby making the arrest, search and extradition of the plaintiff clearly unreasonable and in violation of the Fourth Amendment. The *capias* failed altogether to comply with the Fourth Amendment's unambiguous requirement that a warrant particularly describe the persons or things to be seized and was so obviously deficient that the search and arrest had to be regarded as warrantless. Groh v. Ramirez, 540 U.S. 551 (U.S. 2004). The *capais* used to arrest the plaintiff fails to state a known location of Mr. Adamou (who was allegedly known as "Omar Haji"), fails to provide the plaintiff's social security number, improperly describes the plaintiff as being 6'10" tall (Mr. Adamou is 5'11" see), fails to provide any fact specific criminal allegations and most importantly fails to state a prosecutable criminal offense pursuant to New York law.[2] Plaintiff contends that the *capias* is "the type of facially

---

[2] A criminal defendant cannot be extradited under NY CPL § 570.16 if the accusatory instrument fails to state a criminal offense as defined New York law.

invalid warrant that could not have been relied upon in good faith because 'one who simply looked at the warrant, . . . would . . . suspect it was invalid.'" United States v. George, 975 F.2d 72 at 78 (2d Cir. Vt. 1992).  The defendant was indicted and identified under the alleged alias "Omar Haji". "Where the authorities do not know, or are uncertain of the intended arrestee's name, then the name[s] placed on the warrant . . . [are] . . . arbitrary." Powe v. City of Chicago, 664 F.2d 639, 647 (7th Cir. 1981).  "the description must be "accurate" and eliminate most people as potential subjects of the warrant. If the authorities have reason to suspect that the name on the warrant was not the real name of the intended arrestee, an alias used by the intended arrestee will not be a sufficient description. Rodriguez v. Wolbach, 499 F. Supp. 2d 479, 489 (S.D.N.Y. 2007) *citations omitted*.

Moreover, the plaintiff alleges in his complaint that New York defendants knew that the facts used to indict the plaintiff were untrue yet they still followed through with the arrest detainment and prosecution.  (Defendant's Exhibit A paragraphs 21-23 and 25-29).

With regard to plaintiff's malicious prosecution and abuse of process claim it is argued that pursuant to Russo v. State of New York, 672 F.2d 1014 (2d Cir. 1982) Defendants are not entitled to the presumption that probable cause existed to arrest Plaintiff. In Russo, the court found that "under New York law, where a warrant is issued by a judge on the basis of the sworn accusations of the defendant in a malicious prosecution action," the rule that a presumption or probable cause arises where a warrant has been issued following an indictment by a grand jury is inapplicable. See Russo, 672 F.2d at 1018.

Plaintiff also pleads that he was incorrectly labeled a fugitive since he never fled from the Commonwealth of Virginia and thus the defendants maliciously, falsely and without probable cause procured the arrest of the plaintiff as a fugitive.  Furthermore, New York defendants helped

commence an improper extradition of the plaintiff pursuant to de facto policy and customs.
(Defendant's Exhibit A paragraph 41). In Keller v. Butler, 246 N.Y. 249, 251 (N.Y. 1927) the
Court of Appeals of New York held that the extradition process in the state of New York shall be
an independent event apart from the actual out of state criminal proceeding and the defendant may
be sued for malicious abuse of process irrespective of the outcome of the actual criminal
proceeding.

   In Keller v. Butler a plaintiff was a New York resident charged in Florida with a felony.
Plaintiff was arrested as a fugitive of the state of Florida yet it was later determined that the
plaintiff had never been in Florida during the commission of the alleged crime and therefore could
not be extradited as a fugitive. "Unless the plaintiff was in the State of Florida at the time of the
commission of the crime, he could not be extradited under the Constitution and laws of the United
States. His actual, not his constructive, presence was necessary in the State of Florida to make him
a fugitive." Keller v. Butler, 246 N.Y. 249, 251 (N.Y. 1927) citing Hyatt v. Corkran, 188 U.S.
691; McNichols v. Pease, 207 U.S. 100.) Extradition laws apply to fugitives and those who flee
from the state where the crime has been committed. Id at 252. The Court goes on to rule that in
these circumstances a plaintiff could be convicted of the crime out of state but if he was not in the
state at the time of the crime he cannot be extradited and can maintain a claim for malicious abuse
of the extradition process. The Keller Court denied defendant's motion to dismiss and plaintiff
was granted the opportunity to sue for malicious abuse of process

   The New York defendants were active in prosecuting the plaintiff and assisted in
attempting to extradite the plaintiff to the Commonwealth of Virginia based upon false
accusations. (Plaintiff's third amended complaint as defendant's Exhibit A para. 21, 25-27, 39 and
40). The court in Keller stated, "Surely there must be some remedy afforded by the law for the

willful and malicious arrest of another as a fugitive from justice when the charge is known to be false. Names and classifications of remedies are not indispensable to a court, although they may be convenient and necessary for the student. Justice may not tarry to tabulate. The fact is, such a wrong must have a remedy.  It is provided either in the action for malicious prosecution or in an action for abuse of process. ". Keller v. Butler, 246 N.Y. 249, 254 (N.Y. 1927).  The plaintiff maintains that the defendants' attempt to extradite plaintiff by falsely claiming Mr. Adamou was a fugitive of the Commonwealth of Virginia violated the plaintiff's Constitutional rights and is properly plead as a cause of action for malicious abuse of process and malicious prosecution.[3]

Considering that plaintiff was never in the State of Virginia, plaintiff was not a fugitive as defined by the U.S. Constitution.  In fraudulently labeling plaintiff a fugitive, the defendant's have violated plaintiff's constitutional rights against unreasonable search and seizures; thus defendant's assertion that there was no underlying constitutional violation is laughable (See Defendants Motion To Dismiss, pg 11).  There could be no constitutionally legal seizure and detainment of plaintiff's person unless he was a fugitive, plaintiff was not a fugitive and thus his seizure and detainment was not constitutionally permissible.  Again, plaintiff has satisfied his pleading burden.

### Plaintiff has Properly Pled a Municipal Policy or Practice Which Caused a Constitutional Violation

In addition to the want of probable cause, detailed above, stemming from the facially invalid indictment, capias and fraudulently obtained Governors Warrant, plaintiff has further

---

[3] At no time during the arrest and prosecution of the plaintiff did the defendants ever state that Mr. Adamou was in the state of New York while he committed the alleged crimes in the Commonwealth of Virginia nor did they attempt to extradite the plaintiff pursuant to NY CPL § 570.16.  If the accused committed a crime in the demanding state while not physically present there, the governor of the state in which he is found is not obliged by the Federal Constitution to surrender him. People v Hinton (1976) 40 NY2d 345, 386 NYS2d 703, 353 NE2d 617.  It must be noted that an extradition pursuant to NY CPL § 570.16 is purely discretionary upon the state of New York and requires a hearing with the burden of proof placed upon the demanding state.  Plaintiff maintains that even if defendant had attempted to request extradition pursuant to  NY CPL § 570.16 it would force them to contradict their own Governor's Requisition Demand and they would have been unable to meet the burden of proof at hearing.  Nevertheless, the defendants have always maintained that plaintiff was in the state of Virginia during the commission of the alleged crime.

satisfied his pleading requirements as follows:  In the third amended complaint the plaintiff stated in the facts portion that the County of Spotsylvania, its Sheriff's Department and their agents supplied fraudulent information to obtain an arrest, and extradition, and a governor's warrant and that the New York individual defendants knowingly used this information to arrest and prosecute the plaintiff. (Defendant's Exhibit A paragraphs 21-23 and 25-29).  Moreover, The City of New York and the New York individual defendants actively pursued an extradition of the plaintiff and their process was unconstitutional and caused the plaintiff to be incarcerated against his will for five months.  The plaintiff further asserted in the third amended complaint that the defendant, CITY OF NEW YORK, maintained a practice or custom that failed to train, supervise and discipline its employees and agents from engaging in constitutional violations; this failure has amounted to deliberate indifference and/or intentional conduct.   (Defendant's Exhibit A paragraphs 40-46).  Paragraphs 40, 41, 42, 43, 44, 45 and 46 of plaintiff's third amended complaint specifically states with particularity all of the customs and practices which plaintiff alleges were used to deprive him of his constitutional rights.

"A claim of municipal liability under section 1983 is sufficient to withstand a motion to dismiss even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice." Lucas v. New York City, 1995 U.S. Dist. LEXIS 17017 (S.D.N.Y. Nov. 14, 1995) citing Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 113 S. Ct. 1160 (U.S. 1993). A policy may be inferred from circumstantial proof that the municipality displayed a deliberate indifference to the constitutional rights of an individual within its jurisdiction by failing to train its employees. See Ricciuti v. N.Y.C. Transit Auth., 941 F.2d at 123.

The plaintiff's cause of action against the City of New York must not be dismissed

because plaintiff has asserted in his complaint that the acts and omissions of the individual defendants were a result of the defendant City of New York's "de facto policy and/or well-settled and widespread custom and practice…(1)to allow foreign states to come in and arrest New York residents without having the proper probable cause, an arrest warrant, a facially sufficient indictment and/or and indictment that is known to be premised on false information…. (2) without justification, knowingly defend and uphold out of state Governor's Warrants that are known to contain false, incorrect and/or misleading statements…. (3) to arrest persons without probable cause based upon information that is known or should have been known to be false… (4) allow foreign states to come in and arrest New York residents without being able to first properly identify the suspect in question resulting in a negligent arrest of an innocent New York resident." (Defendant's Exhibit A paragraphs 40-46)   Plaintiff claims that his Third Amended Complaint contains the requisite specificity that NYPD officers acting pursuant to city policy and practice violated his constitutional rights.  As a matter of law plaintiff's claim against the City of New York must not be dismissed.

**Plaintiff Has Retained All Claims Against Defendants
In The Amended Complaint Solely For Judicial Economy and
Plaintiff Consents To The Previously Ordered Dismissals**

Plaintiff's Third Amended Complaint retained the dismissed causes of action solely in the interest of judicial economy.  Defendant plays fast and loose with the facts in alleging a "direct contravention of the Court's ruling" (See Defendants Motion to Dismiss, pg 15).  The Court's September 17, 2014 ruling did not direct that the caption be amended and parties removed.  *See* Shomo v. New York, 2011 U.S. Dist. LEXIS 150328, 4-5 (W.D.N.Y. 2011); *See also* Prophete v. City of New York, 2008 U.S. Dist. LEXIS 77680 (E.D.N.Y. 2008); Doe v. City of New York, 201 F.R.D. 100, 101 (S.D.N.Y. 2001).  Further, the Court's September 17, 2014 ruling indicated that

the Court wanted to keep the same motion schedule for the forthcoming motions in order to "keep things neater on the docket" (See Court Ruling as Defendants Exhibit E, pg 13, ln 1-6).  In accord with the Court's desire for a neater docket and because the Court did not order the caption be amended, plaintiff did not motion to amend the caption.  To avoid additional motion practice which would have further delayed the disposition of this matter and to avoid any potential confusion arising from an altered caption, plaintiff's amended complaint retained the allegations against the Linda Griffin, the NYPD, as well as all state law claims against the City of New York. Again, plaintiff consents to these dismissals.

In light of the reasons for the retaining the dismissed causes of action in the third amended complaint, plaintiff submits that a motion for sanctions is frivolous, bullying, and at the very least constitutes sharp practice.  Depicting the frivolous nature of defendant's motion for sanctions, in offering a formulaic recitation of F.R.C.P. 11(b)(1), defendant asserts that the third amended complaint was designed to harass, causing unnecessary delay and an unnecessary increase in the cost of this litigation.  Interestingly though, defendant has filed an entirely new motion to dismiss all claims, including those that were already explicitly permitted by the Courts September 17, 2014 ruling (See Court Ruling as Defendants Exhibit E, pg 7, ln 9-15).  While the Court did not preclude defendant CITY from filing another motion to dismiss, the record is clear that these issues have previously been raised by defendant and the relief sought was denied by the Court.  Filing a motion to dismiss based on claims and issues that were already raised and decided is not the mark of a party concerned about "unnecessary delay" and "increase in cost".  Quite the opposite, defendant appears to have embraced a kitchen sink approach to avoiding liability for their actions, exhibiting little regard for unnecessary delay and increase in cost.

In addition to the above illustrations, defendant's motion for sanctions is defective and

16

should be disregarded by the Court.  First, F.R.C.P 11(c)(2) requires that a motion for sanctions must be made separately from any other motion.  Defendant has included the request for sanctions within their motion to dismiss, in contravention of F.R.C.P. 11(c)(2).  Second, absent notice of the legal basis for an award of sanctions and the specific conduct in issue, the imposition of sanctions is not appropriate.  Go v. Rockefeller Univ., 2013 U.S. Dist. LEXIS 102460, 7-8 (S.D.N.Y. 2013). In offering only a formulaic recitation of F.R.C.P 11(b)(1), defendants have failed to satisfy the notice requirements for the imposition of sanctions.  Accordingly defendant's motion for sanctions should be denied.

### Plaintiff's Request for Additional Relief

At this time the plaintiff has not been afforded the early disclosure procedure set forth in the Southern District of New York, Plan for Certain § 1983 Cases Against the City of New York. Plaintiff requests an opportunity to amend his complaint after preliminary discovery is exchanged to include any additional defendants whose names were previously unable to be discovered.

Plaintiff further requests that the defendant, City of New York be denied an opportunity to reargue for dismissal of the claims against the City of New York, plaintiffs federal and New York Constitutional claims, as well as the Monell claim.  Defendants have been given a full and fair opportunity to argue a motion to dismiss these causes of action and the Court should not grant them an opportunity to file a subsequent motion in the future.

### CONCLUSION

For all of the foregoing reasons, the plaintiff respectfully request that the Court deny the defendants motion to dismiss plaintiff's third amended complaint in all respects with such other and further relief as this Court deems just, equitable and proper.

Dated: Bronx, New York
       October 28, 2014

RICHARD L. GIAMPA, ESQ., P.C.
***Attorney for Plaintiff***
860 Grand Concourse – Suite 1H
Bronx, New York 10451
(718) 665-7700