USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: _3 - 14 -16_

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------- x
                                                         :
**IDRISSA ADAMOU,**                                       :
                                                         :
                            **Plaintiff,**                :
                                                         :
                -against-                                :       **1:12-cv-07789 (ALC) (SN)**
                                                         :
**COUNTY OF SPOTSYLVANIA,**                               :       **OPINION AND ORDER**
**VIRGINIA, et al,**                                      :
                                                         :
                            **Defendants.**               :
                                                         :
-------------------------------------------------------- x

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff Idrissa Adamou brings suit against the County of Spotsylvania, Virginia, and

associated defendants (collectively, "Virginia Defendants") and the City of New York and

associated defendants (collectively, "New York Defendants"). He alleges that in the course of his

arrest and imprisonment in New York under an out-of-state *capias*, the two sets of defendants

violated his rights under the federal constitution and the New York state constitution, as well as

state law.

On September 17, 2014, the Court issued an oral order, dismissing certain defendants and

claims. Following that Order, Plaintiff filed a third amended complaint. Before the Court now

are: (1) the Virginia Defendants' motion to reconsider the September 17, 2014, oral ruling;

(2) the Virginia Defendants' motion to dismiss the third amended complaint pursuant to Rules

12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure; and (3) the New York

Defendants' motion to dismiss the third amended complaint pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure. For the reasons set forth below, the Virginia Defendants'

motion to reconsider is DENIED. The Virginia Defendants' and the New York Defendants'

motions to dismiss are GRANTED IN PART and DENIED IN PART.

1

# BACKGROUND

## I.    Factual Background

The following facts are alleged in the complaint and are assumed to be true for the purposes of this motion.

Sometime around September 2011, Detective Edward J. Doyle ("Detective Doyle"), John and/or Jane Does No. 1, 2, 3, etc. (police officers and employees of the Spotsylvania County Sheriff's Office) ("Doe Defendants"), and the County of Spotsylvania ("County") contacted the New York City Police Department ("NYPD"). (Third Amended Complaint, ECF No. 52 ("TAC"), ¶ 16.) They transmitted to the NYPD an "information packet" regarding Plaintiff and requested assistance in facilitating the extradition of Plaintiff. (*Id.*; *see also* Exh. A ("Packet"), Pl.'s Opp. to Virginia Def.'s Mot. to Dismiss, ECF No. 69 ("Pl.'s Opp. Virginia").)[1] Around this time, they were in regular contact with the NYPD by phone, mail, and email. (TAC ¶ 16.)

On October 17, 2011, a grand jury in the County returned an indictment charging Idrissa Adamou with two counts of conspiracy.[2] The grand jury issued the indictment after Detective Doyle and the Doe Defendants testified and negligently, knowingly and/or recklessly provided false representations, misstatements, misidentifications, and otherwise fraudulent testimony in

---

[1] The Court may consider these outside materials in deciding both the Rule 12(b)(2) motion and the Rule 12(b)(6) motion, as outside materials may be considered in deciding Rule 12(b)(2) motions, *see S. New Eng. Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 138 (2d Cir. 2010), and the Court may consider documents of which the plaintiff had notice or possession and on which he relied in drafting his complaint in deciding a Rule 12(b)(6) motion. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). Plaintiff himself provided the referred to materials as exhibits to his opposition to the motions to dismiss, and he makes reference to their contents in his third amended complaint and relies on them in arguing against the motions to dismiss. Further, he nowhere objects to the Court considering them for the purposes of the Rule 12(b)(6) motions. The Court therefore takes the exhibits attached to Plaintiff's Opposition to the Virginia Defendants' Motion to Dismiss into consideration for the purposes of all motions currently in front of it.

[2] The Court takes judicial notice of information in the Virginia Courts Case Information database associated with the name "Idrissa Adamou" in the Spotsylvania County Circuit Court. *See Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings"); *see also* "Circuit Court Case Information," Virginia Courts Case Information, http://ewsocis1.courts.state.va.us/CJISWeb/circuit.jsp (last visited February 29, 2016).

order to obtain the indictment. (TAC ¶ 20.) In their grand jury testimony, Defendants falsely identified Plaintiff as someone named "Haji Omar," and falsely stated that Plaintiff had at some point been in the Commonwealth of Virginia. (*Id.* ¶ 21.) On October 18, 2016, the Spotsylvania County Circuit Court issued a *capias* to the Spotsylvania County Sheriff for Plaintiff's arrest. (Exh. C ("Capias"), Pl.'s Opp. Virginia.)

Sometime prior to October 20, 2011, Detective Doyle, the Doe Defendants, and the County traveled to the Bronx in order to arrest, identify, and escort Plaintiff to the County. (TAC ¶ 16.) On October 20, 2011, at approximately 10:15 a.m., Plaintiff was present at his store at 40 Fordham Road, Bronx, N.Y. (*Id.* ¶ 17.) At that time, Detective Doyle, the Doe Defendants, the City, and John and Jane Stiles Nos. 1, 2, 3, etc. (police officers and employees of the NYPD) ("Stiles Defendants") approached Plaintiff and asked him if he was "Haji Omar." (*Id.*) Plaintiff replied that he was not and identified himself as Idrissa Adamou. (*Id.*) He further stated that he was tending his store and was doing nothing wrong. (*Id.*) Despite Plaintiff's professions of innocence, Defendants handcuffed him. (*Id.*) Then, police including Detective Doyle, the Doe Defendants, and NYPD officers, searched Plaintiff's person and his store. (*Id.* ¶ 18.) They searched the register and stock room of the store and did not recover any contraband. (*Id.*) Officers, including the Stiles Defendants, arrested Plaintiff and "knowingly used the misrepresentations to arrest plaintiff . . . because they knew or should have known it was derived from false statements created by the Virginia defendants." (*Id.* ¶ 22.)

Plaintiff, accompanied by Detective Doyle and the Doe Defendants, was then transported to the 46th Precinct in the Bronx, where he was fingerprinted, photographed, detained, and strip-searched. (TAC ¶ 23.) Later, accompanied by the same Defendants, he was transported to Central Booking in the Bronx. (*Id.*) Detective Doyle and the Doe Defendants communicated with

3

the Bronx County District Attorney's Office by phone and in person in order to facilitate Plaintiff's extradition to Virginia. (*Id.*)

On October 25, 2011, Plaintiff was arraigned in Part A, Bronx County Criminal Court. (TAC ¶ 24.) Plaintiff refused to consent to an extradition and the case was adjourned until a Governor's Warrant could be obtained. (*Id.*) Plaintiff was initially remanded without bail, but on December 20, 2011, bail was set in the amount of $5,000 cash or bond. (*Id.* ¶¶ 24, 26.) Plaintiff was unable to make bail and remained in custody. (*Id.*) In this time period the Virginia Defendants remained in contact with the NYPD and Bronx County District Attorney's Office in order to procure a Governor's Warrant. (*Id.* ¶ 25.)

On January 18, 2012, a Governor's Warrant was filed with the Bronx County Criminal Court. (TAC ¶ 27.) The Governor's Warrant "was obtained using false representations, misstatements, misidentifications, and otherwise fraudulent testimony," specifically that Plaintiff was once in Virginia and had fled the state, making him a fugitive. (*Id.* ¶ 28.) It is alleged that the false information used in the warrant was provided by Detective Doyle, the Doe Defendants, and the County. (*Id.*) It is further alleged that the New York Defendants knew or should have known that the information was false. (*Id.* ¶ 29.)

On March 9, 2012, the Deputy Commonwealth Attorney for Spotsylvania County dismissed the pending charges against Plaintiff and allegedly admitted that Plaintiff was not in Virginia at the time the crimes in question were committed. (TAC ¶ 30.) Subsequently, all actions against Plaintiff were discharged in the Bronx Criminal Court. (*Id.*)

## II.    Procedural Background

Plaintiff initiated this suit on October 18, 2012, against the County, the Spotsylvania County Sheriff's Office ("Sheriff's Office"),  Detective Doyle, the Doe Defendants, and Richard

4

and/or Rachel Roes, Nos. 1, 2, 3, etc. (supervisory personnel of the Spotsylvania County Sheriff's Officer) ("Roe Defendants"). (ECF No. 1.) On April 16, 2013, following an indication from the Sheriff's Office and Detective Doyle that they intended to file a motion to dismiss, Plaintiff filed an amended complaint. (ECF No. 14.) In his amended complaint, Plaintiff added claims against the City of New York, the New York City Police Department, Linda Griffin, Warden, VCBC Correctional Facility, and the Stiles Defendants. (ECF No. 14.) The Virginia Defendants moved to dismiss (ECF No. 21), but at a conference held August 12, 2013, the Court granted leave to file a second amended complaint. The Virginia Defendants' pending motion to dismiss was denied as moot (ECF No. 36), and Plaintiff filed a second amended complaint on September 9, 2013. (ECF No. 27.)

The New York and Virginia Defendants moved to dismiss the second amended complaint. (ECF Nos. 30-35.) On September 17, 2014, the Court issued an oral order. The Court dismissed all claims against Linda Griffin, the New York City Police Department, and the Spotsylvania County Sheriff's Office. (Transcript, Sept. 17, 2014, Hr'g, ECF No. 53 ("Tr."), 4-7.) The Court also dismissed all claims against Detective Doyle and other employees of the Sheriff's Office in their official capacities. (Tr. 6.) Finally, the Court dismissed all state law claims against the City of New York, for failure to file a notice of claim. (Tr. 5.)

The Court granted Plaintiff permission to file a third amended complaint, but warned Plaintiff, "Under the threat of Rule 11 sanctions, Plaintiff needs at least some additional facts to establish personal jurisdiction against the Virginia defendants." (Tr. 8.) The Court also set a briefing schedule for Defendants to file motions to dismiss addressing "the new allegations that will be raised by the plaintiff, the factual allegations regarding the personal jurisdiction in the

third amended complaint," and to file motions for reconsideration of the Court's decision denying the motion to dismiss the second amended complaint. (Tr. 12-13.)

Pursuant to the Court's Order, Plaintiff filed a third amended complaint.[3] (ECF No. 52.) The Virginia Defendants filed a motion to reconsider and a motion to dismiss pursuant to Rules 12(b)(2) and 12(b)(6) and the New York Defendants filed a motion to dismiss pursuant to Rule 12(b)(6). (ECF Nos. 58-67.) The Virginia Defendants also filed a Notice of Interlocutory Appeal of the September 17, 2014, Decision (ECF No. 56), but the Second Circuit stayed that appeal pending the resolution of the motion to reconsider. (ECF No. 75.)

## LEGAL STANDARD

### I.   Motion to Reconsider

"A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Drapkin v. Mafco Consol. Group, Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (citation and internal quotation marks omitted). "A motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)) (internal quotation marks omitted). To show "manifest injustice," the moving party must ordinarily show that the Court overlooked a key fact in the record or a controlling point of law. *Roland v. McMonagle*, No. 12 Civ. 6331 (JPO), 2015

---

[3] In his third amended complaint, Plaintiff re-asserted the claims the Court had previously dismissed, but in his opposition to the New York Defendants' motion to dismiss, he wrote, "Plaintiff's Third Amended Complaint retained the dismissed causes of action solely in the interest of judicial economy. . . . Again, plaintiff consents to these dismissals." (Opp. to New York Def.'s Mot. to Dismiss, ECF No. 71, 15-16.) Accordingly, the Court deems those claims abandoned.

WL 7288638, at *1 (S.D.N.Y. Nov. 16, 2015) (citing *Cioce v. County of Westchester*, 128
Fed.Appx. 181, 185 (2d Cir. 2005)).

"Parties should not regard such a motion as an opportunity to take a second bite at the
apple." *Pascazi v. Rivera*, No. 13 Civ. 9029 (NSR), 2015 WL 5783944, at *1 (S.D.N.Y. Oct. 1,
2015) (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012))
(alterations and internal quotation marks omitted). "It is within the sound discretion of the
district court whether or not to grant a motion for reconsideration." *Boyd v. J.E. Robert Co.*, No.
05 Civ. 2455 (KAM), 2013 WL 5436969, at *2 (E.D.N.Y. Sept. 27, 2013) (quoting *Markel Am.
Ins. Co. v. Linhart*, No. 11 Civ. 5094, 2012 WL 5879107, at *2 (E.D.N.Y. Nov. 16, 2012)) *aff'd*
765 F.3d 123 (2d Cir. 2014)). "In exercising this discretion, the court must be mindful that a
motion for reconsideration is not favored and is properly granted only upon a showing of
exceptional circumstances." *Id.* (quoting *Nakshin v. Holder*, 360 F. App'x 192, 193 (2d Cir.
2010)) (internal quotation marks omitted).

## III.    Rule 12(b)(2)

"The plaintiff bears the burden of establishing personal jurisdiction." *MacDermid, Inc. v.
Deiter*, 702 F.3d 725, 727 (2d Cir. 2012). "Prior to discovery, a plaintiff challenged by a
jurisdiction testing motion may defeat the motion by pleading in good faith, legally sufficient
allegations of jurisdiction. At that preliminary stage, the plaintiff's *prima facie* showing may be
established solely by allegations." *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84
(2d Cir. 2013) (per curiam) (quoting *Ball v. Metallurgie Hoboken–Overpelt, S.A.*, 902 F.2d 194,
197 (2d Cir. 1990)); *see also Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d
Cir. 1994) ("Where . . . the district court relies solely on the pleadings and supporting affidavits,
the plaintiff need only make a *prima facie* showing of jurisdiction" (internal citation omitted)).

"This showing may be made through the plaintiff's 'own affidavits and supporting materials, containing an averment of facts that, if credited, would suffice to establish jurisdiction over the defendant.'" *S. New Eng. Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 138 (2d Cir. 2010) (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001)). The Court construe[s] the pleadings and affidavits in the light most favorable to plaintiffs, resolving all doubts in their favor." *Dorchester*, 722 F.3d at 85 (quoting *S. New Eng. Tel.*, 624 F.3d at 138). However, the Court "will not draw argumentative inferences in the plaintiff's favor," nor must it "accept as true a legal conclusion couched as a factual allegation." *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013) (internal citations omitted).

## IV.    Rule 12(b)(6)

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

For the purposes of a motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010). However, the Court need not credit "mere conclusory statements" or "threadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678, 681 (citing *Twombly*, 550 U.S. at 555). The complaint must provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the

8

grounds upon which it rests." *Port Dock & iStone Corp. v. Oldcastle Northeast, Inc.*, 507 F.3d 117, 121 (2d Cir. 2007) (citing *Twombly*, 550 U.S. at 555). To decide the motion, the Court "may consider facts as asserted within the four corners of the complaint together with the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (citation and internal quotation marks omitted).

## DISCUSSION

### I.   Virginia Defendants' Motion to Reconsider

In their motion to dismiss the second amended complaint, the Virginia Defendants raised twelve grounds for dismissal. In their motion for reconsideration, they argue for reconsideration on each of the grounds on which the Court did not find in their favor. They do not argue that there has been a change in controlling law or that there is new evidence available; instead, they argue only that the Court should reconsider its decision to correct clear error or prevent manifest injustice. To prevail on this basis, the movant must "point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

But the Virginia Defendants do not point to such matters. Instead, they raise the same arguments previously considered and rejected by the Court and put not new data in front of the Court. A motion to reconsider may not be used as a vehicle for the losing party to "take a second bite at the apple," *Pascazi*, 2015 WL 5783944, at *1, or to relitigate issues already decided. *Shrader*, 70 F.3d at 257. *See also Wallace Wood Properties v. Wood*, No. 14 Civ. 8597 (LTS), 2015 WL 7779282, at *2 (S.D.N.Y. Dec. 2, 2015) (Denying motion to reconsider where, "[o]ther than offering up an alternative interpretation of the [second amended complaint], Plaintiff

9

presents no basis for the Court to reconsider its prior opinion.") Having reviewed the record and the parties' memoranda of law, including the cases the Virginia Defendants cite to support their arguments, the Court concludes that it overlooked neither a controlling issue of law nor a crucial fact in the record. The Virginia Defendants do not show the "exceptional circumstances," *Boyd*, 2013 WL 5436969, at *2, necessary to justify the "extraordinary measure" of reconsideration. *Drapkin*, 818 F. Supp. 2d at 695. Plaintiff's motion to reconsider is therefore denied.

## II.      Virginia Defendants' Motion to Dismiss

### A.      Rule 12(b)(2)

The Virginia Defendants argue that this Court does not have personal jurisdiction over any of the Virginia Defendants. When jurisdiction is contested, "[t]he plaintiff must satisfy its burden with respect to each defendant separately." *Aquiline Capital Partners LLC v. FinArch LLC*, 861 F. Supp. 2d 378, 385 (S.D.N.Y. 2012) (citing *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n. 13 (1984)).

"To determine personal jurisdiction over a non-domiciliary in a case involving a federal question, the Court must engage in a two-step analysis." *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010). First, the Court must "apply the forum state's long-arm statute. *Id.* (citing *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 244 (2d Cir. 2007)). In New York, that statute is New York Civil Practice Law and Rules ("CPLR") § 302(a). "If the long-arm statute permits personal jurisdiction, the second step is to analyze whether personal jurisdiction comports with the Due Process Clause of the United States Constitution. *Chloe*, 616 F.3d at 164.

New York's long-arm statute provides four bases for jurisdiction. Plaintiff invokes two of them here.[4] First, he invokes CPLR § 302(a)(2), which provides for jurisdiction where the non-domiciliary defendant, in person or through an agent, "commits a tortious act within the state." CPLR § 302(a)(2). "New York courts, both state and federal, have interpreted this section to apply only when the Defendant is physically present in the state when the tort is committed." *Ferri v. Berkowitz*, 678 F. Supp. 2d 66, 77 (E.D.N.Y. 2009) (citing *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 789-90 (2d Cir. 1999); *Bensusan Restaurant Corp. v. King,* 126 F.3d 25, 28 (2d Cir. 1997)).

Second, Plaintiff invokes CPLR § 302(a)(3), which provides for jurisdiction where the non-domiciliary defendant, in person or through an agent, "commits a tortious act without the state causing injury to person or property within the state," *and* the defendant:

> "(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

> (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce."

CPLR § 302(a)(3). To establish jurisdiction under CPLR § 302(a)(3)(i), a plaintiff must show that a defendant "firstly commit[s] a tortious act outside the State, second, the cause of action must arise from that act, third, the act must have caused injury to a person or property within the state," and fourth, that defendant "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state." *Overseas Media, Inc. v. Skvortsov*, 407 F. Supp. 2d 563, 575 (S.D.N.Y. 2006) (alterations omitted) (quoting *LaMarca v. Pak–Mor Mfg. Co.*, 95 N.Y.2d 210,

---

[4] Plaintiff does not argue that the Virginia Defendants "transact[] any business within the state or contract[] anywhere to supply goods or services in the state," CPLR § 302(a)(1), nor does he argue that they "own[], use[] or possess[] any real property situated within the state." CPLR § 302(a)(4).

214 (N.Y. 2000)) *aff'd* 277 F. App'x 92 (2d Cir. 2008). To establish jurisdiction under CPLR §

302(a)(3)(ii), the plaintiff must establish the first three elements described above, and also,

"fourth, the defendant must have expected or should reasonably have expected the act to have

consequences in the State; and fifth, the defendant must have derived substantial revenue from

interstate or international commerce." *Id.* (alterations omitted). Under either prong of CPLR

§ 302(a)(3), "each element is essential and if plaintiffs fail to proffer sufficient evidence of any

element it is dispositive of the issue of personal jurisdiction under this provision." *Id.* (citing

*Trafalgar Capital Corp. v. Oil Producers Equipment Corp.*, 555 F. Supp. 305, 310 (S.D.N.Y.

1983) abrogated on other grounds by *Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460 (N.Y.

1988)).

      1.      **The County**

     Plaintiff contends that this Court has personal jurisdiction over the County under

CPLR §§ 302(a)(2) and 302(a)(3).

            *a)*       *CPLR § 302(a)(2)*

     "CPLR § 302(a)(2) reaches only tortious acts performed by a defendant who was

physically present in New York when he performed the wrongful act." *Pincione v. D'Alfonso*,

506 Fed. Appx. 22, 25 (2d Cir. 2012) (citing *Bensusan Restaurant Corp. v. King*, 126 F.3d 25, 28

(2d Cir. 1997)). However, "New York courts have recognized that jurisdiction under § 302(a)(2)

may extend to out-of-state individuals who did not themselves commit a tort while physically

present in New York but who can be deemed responsible for such a tort based upon theories of

agency . . ." *LaChapelle v. Torres*, 1 F. Supp. 3d 163, 169 (S.D.N.Y. 2014) (citing *In re Satyam

Computer Servs. Sec. Litig.*, 915 F.Supp.2d 450, 484 (S.D.N.Y. 2013)). "Whether a defendant's

representative is an 'agent' for purposes of § 302(a) hinges on whether the representative acted

'for the benefit of and with the knowledge and consent of the defendant and the defendant exercised some control over the agent in the matter." *Emerald Asset Advisors, LLC v. Schaffer*, 895 F. Supp. 2d 418, 430 (E.D.N.Y. 2012) (quoting *Kreutter v. McFadden Oil Corp.,* 71 N.Y.2d 460, 467 (N.Y. 1988)).

Plaintiff alleges, "Defendants County of Spotsylvania, Detective Edward J. Doyle, John and/or Jane Does (members of the Spotsylvania Sheriff's Department) also traveled into the State of New York, County of the Bronx . . ." (TAC ¶ 16.) The County itself could not have physically been in New York, and so the Court may not exercise jurisdiction on that basis. *See Bravo v. Bexar Cty., TX*, No. 12 Civ. 4009 (MKB), 2014 WL 1155302, at *10 (E.D.N.Y. Mar. 21, 2014) ("As communications alone are insufficient to establish Bexar County's presence in New York, plaintiff fails to establish personal jurisdiction under CPLR § 302(a)(2).")

The Court may exercise jurisdiction under CPLR § 302(a)(2) only if the County can be deemed responsible for tortious acts committed within the state "based upon theories of agency." *LaChapelle*, 1 F. Supp. 3d at 169. It cannot. First, Detective Doyle and the Doe Defendants were not agents of the County. They cannot be said to have acted "for the benefit of and with the knowledge and consent of" the County, nor can it be said that the County "exercised some control over" Detective Doyle and the Doe Defendants. *See Emerald Asset Advisors*, 895 F. Supp. 2d at 430. This is because, as the Court earlier recognized, "sheriffs are state officers whose positions are created by the Virginia Constitution." Hr'g Tr. 6 (citing *Vollette v. Watson*, 937 F. Supp. 2d 706 (E.D. Va. 2013)). "As recently reiterated by the Supreme Court of Virginia, Virginia Sheriff is an *independent public official* . . . Accordingly, even though Sheriffs, and other constitutional officers, may perform certain functions in conjunction with units of county or municipal government, *neither the officers nor their offices are* agencies *of such local*

13

*governmental units.*" *Vollette*, 937 F. Supp. 2d at 714 (emphasis in original) (internal citations and quotation marks omitted).

Second, the bare assertion that the "County," which the Court takes to mean agents of the County, traveled into the State of New York does not suffice. "A Court may not exercise jurisdiction over a non-resident principal on an agency theory absent any proof that the principal knew about, authorized, and exercised some control over the actions of the alleged agent." *Newman v. Capitol Life Ins. Co.*, 45 F. Supp. 3d 376, 379 (S.D.N.Y. 2014) (alterations, citations, and internal quotation marks omitted). Where, as here, Plaintiff does not even identify the purported agents, the Court cannot determine whether the County "knew about, authorized, and exercised some control over the actions of the alleged agent." Thus, Plaintiff does not establish jurisdiction over the County pursuant to CPLR § 302(a)(2).

> b)    *CPLR § 302(a)(3)*

Turning to CPLR § 302(a)(3), Plaintiff fares no better. Under both CPLR §§ 302(a)(3)(i) and 302(a)(3)(ii) , Plaintiff must affirmatively show: (1) the County committed a tortious act outside the State; (2) the cause of action arises from that act; and (3) the act caused injury to a person or property within the State. *Overseas Media*, 407 F. Supp. 2d at 575.

Assuming that Plaintiff sufficiently establishes those three elements, Plaintiff still must make additional showings. Under CPLR § 302(a)(3)(i), "a plaintiff must further demonstrate one of four forms of ongoing New York activity by the defendant: regularly doing business in New York, regularly soliciting business in New York, engaging in a persistent course of conduct in New York, or deriving substantial revenue from goods used or consumed or services rendered in New York." *Levans v. Delta Airlines, Inc.*, 988 F. Supp. 330, 338 (E.D.N.Y. 2013). Plaintiff does not establish any of these four forms in his complaint or subsequent filings. Plaintiff

appears only to contend that the County engages in a persistent course of conduct in New York. (*See* Pl.'s Opp. Virginia, 17 ("[T]he Virginia Defendants interaction with New York State and its police department and criminal justice system was specific, personal, and persistent . . .")). To support jurisdiction on these grounds, "a defendant's contacts with New York must be part of '*ongoing* activity within New York State.'" *Doe v. Delaware State Police*, 939 F. Supp. 2d 313, 330 (S.D.N.Y. 2013) (emphasis in original) (quoting *Ingraham v. Carroll,* 90 N.Y.2d 592, 665 (N.Y. 1997)). Notably, "CPLR 302(a)(3)(i) necessitates some ongoing activity *within New York State*," *Ingraham*, 90 N.Y.2d at 597 (emphasis in original), and "it does require something more than the 'one shot' single business transaction . . ." *Id*. Plaintiff, however, relies heavily on a "one shot" transaction that took place *outside* New York State, as he argues that the coordination that took place in Virginia leading up to and after Plaintiff's arrest in New York establish a "persistent course of conduct."[5]  This is insufficient to establish jurisdiction over the County under CPLR § 302(a)(3)(i). *See Doe*, 939 F. Supp. 2d at 329 (S.D.N.Y. 2013) ("Plaintiffs merely assert that Defendants issue warrants, execute warrants, and seek extradition in New York, make New York court appearances, and purchase goods and services from New York manufacturers. These 'conclusory nonfact-specific jurisdictional allegations' are insufficient . . .").

Plaintiff also does not satisfy CPLR § 302(a)(3)(ii) as to the County. To do so, in addition to establishing that the County committed a tortious act outside New York, the cause of action arises from that act, and the act caused injury to Plaintiff within New York, he must establish that the County "expected or should reasonably have expected the act to have consequences in the State" *and* that the County derived substantial revenue from interstate or international commerce." *Overseas Media*, 407 F. Supp. 2d at 575. Plaintiff argues:

---

[5] Plaintiff argues that one transaction is sufficient to support jurisdiction under CPLR § 302(a). This is true for the purposes of CPLR § 302(a)(1), but it is not true for the purposes of CPLR § 302(a)(3). *Ingraham*, 90 N.Y.2d at 597.

"[T]he Virginia Defendants clearly derive substantial revenue from interstate commerce . . . The underlying crime of transporting untaxed cigarettes is a crime that deprives the State of Virginia and its municipalities tax money and the sale of those cigarettes in New York derives substantial tax revenue for the Virginia municipalities. The Virginia Defendants arrest of plaintiff for this crime is proof that they derive substantial revenue from New York and are protecting their income by traveling to New York and arresting the plaintiff."

(Pl.'s Opp. Virginia, 16-17.) But with regard to personal jurisdiction, "[t]he plaintiff must satisfy its burden with respect to each defendant separately." *Aquiline Capital Partners*, 861 F. Supp. 2d at 385. Plaintiffs' argument conflates the County with the Commonwealth, which is not itself a defendant. Neither the Complaint nor the additional materials submitted by the Plaintiff establish that the *County* derives substantial revenue from interstate or international commerce, through cigarette taxes or any other means. Under CPLR § 302(a)(3), "each element is essential and if plaintiffs fail to proffer sufficient evidence of any element it is dispositive of the issue of personal jurisdiction under this provision." *Overseas Media, Inc.*, 407 F. Supp. 2d at 575. Plaintiff's failure to establish the element that the County derives substantial revenue therefore precludes the Court from exercising personal jurisdiction over the County under this provision.

Because the Court cannot exercise personal jurisdiction over the County of Spotsylvania, all claims against it must be dismissed.

### 2.    Detective Doyle

Plaintiff contends that this Court has personal jurisdiction over Detective Doyle, who remains a party in his individual capacity, under CPLR §§ 302(a)(2) and 302(a)(3).

CPLR § 302(a)(2) provides for jurisdiction over a nondomiciliary who commits a tortious act within the state. "Where . . . constitutional violations are alleged, defendants' acts are properly analyzed as tortious acts for the purpose of assessing personal jurisdiction." *Rios v. Marshall*, 530 F.Supp. 351, 367 (S.D.N.Y. 1981). "CPLR § 302(a)(2) reaches only tortious acts

16

performed by a defendant who was physically present in New York when he performed the wrongful act." *Pincione v. D'Alfonso*, 506 F. App'x 22, 25 (2d Cir. 2012) (quoting *Bensusan Restaurant Corp. v. King*, 126 F.3d 25 (2d Cir. 1997)). "The plaintiff need only point to a single act to satisfy the statute, but must demonstrate that there is a sufficient nexus between the defendant's contacts and the plaintiff's cause of action." *Doe*, 583 F. Supp. at 447 (citing *Davis v. United States,* No. 03 Civ. 1800, 2004 WL 324880 (NRB), at *5 (S.D.N.Y. Feb. 19, 2004)).

In his third amended complaint, Plaintiff alleges that Detective Doyle traveled to the Bronx, approached Plaintiff at his store, searched Plaintiff and his store, and accompanied him to the police precinct and later central booking in order to procure an order of extradition. (TAC ¶¶ 16-19, 23). Because constitutional violations arising out of these acts are alleged, these acts "are properly analyzed as tortious acts." *Rios*, 530 F. Supp. at 367. At the pre-discovery stage, plaintiffs "need only make a *prima facie* case showing that the court possesses personal jurisdiction over the defendant." *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001). Plaintiff's allegations regarding Detective Doyle suffice to make such a *prima facie* case.

"At the center of plaintiff's case is his arrest, which occurred within New York state." *Davis*, 2004 WL 324880, at *5. As Plaintiff sufficiently pleads that Detective Doyle was present at and participated in Plaintiff's arrest, "this court has jurisdiction over him for claims arising out of that arrest." *Id*. This is true even though some of Detective Doyle's alleged actions, for instance his phone calls and his mailing of an "information packet" to the NYPD, took place in Virginia. "Because each of plaintiff's claims is related to the criminal investigation and prosecution that were carried out with respect to plaintiff, there is a sufficient nexus between the jurisdictional act and the present causes of action." *Id*. (finding personal jurisdiction over a federal agent who participated in a plaintiff's arrest in New York, where the agent was "heavily

involved in the investigation, which was conducted and prosecuted in the District of New Jersey."). Because Plaintiff establishes jurisdiction under CPLR § 302(a)(2), the Court need not analyze whether he established jurisdiction under CPLR § 302(a)(3).

The Virginia Defendants cast aspersions on the veracity of Plaintiff's pleadings, arguing that if Detective Doyle had in fact been present and involved in the New York arrest, Plaintiff would have included those allegations in an earlier complaint. (Virginia Def.'s Mot. to Dismiss, ECF No. 63 (Virginia Def.'s Mot. Dismiss"), 12.) But "[i]t is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." *Arce v. Walker*, 139 F.3d 329, 332 n. 4 (2d Cir. 1998). Thus the Court relies only on the third amended complaint. Furthermore, the Court at this stage must "construe the pleadings and affidavits in the light most favorable to [Plaintiff], resolving all doubts in his favor." *DiStefano*, 286 F.3d at 84. Plaintiff's allegations regarding Detective Doyle are not so devoid of specificity or factual support as to be conclusory, and they suffice to make a *prima facie* showing of jurisdiction under CPLR § 302(a)(2).

Having concluded that personal jurisdiction over Detective Doyle exists pursuant to New York's long-arm statute, the Court must next determine whether the exercise of jurisdiction over the defendants comports with the Due Process Clause of the Fourteenth Amendment, which requires "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985); *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) ("[T]he defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there."). Plaintiff alleges that Detective Doyle traveled to New York with the express purpose of

placing him under arrest there. If this allegation is proven, the Court finds it it would be reasonably foreseeable to Detective Doyle that he would be subject to suit in New York State and that he would have been purposefully availing himself of the privilege of conducting activities in this State. *See also Chatwal Hotels & Resorts LLC v. Dollywood Co.*, 90 F. Supp. 3d 97, 108 (S.D.N.Y. 2015) ("Because the New York long-arm statute is more restrictive than the federal due process requirements, by virtue of satisfying the long-arm statute the minimum contacts and reasonableness requirements of due process have similarly been met.").

### 3. Unnamed Employees of the Sheriff's Office

#### a) *The Doe Defendants*

Plaintiff makes essentially the same allegations against the Doe Defendants as against Detective Doyle. He alleges that the Doe Defendants traveled to New York, participated in Plaintiff's arrest and in the searches of his person and store, and accompanied him to the police precinct and central booking. (TAC ¶¶ 16-19, 22-23.) For the reasons stated in relation to Detective Doyle, the Court has personal jurisdiction over the unnamed Doe Defendants.

#### b) *The Roe Defendants*

Plaintiff does not allege any facts specific to the Roe Defendants, identified as "supervisory personnel of the Spotsylvania County Sheriff's Office." (*See* Compl. ¶ 32.) Specifically, he does not allege that the Roe Defendants were ever in New York, as necessary to satisfy CPLR § 302(a)(2) or that the Roe Defendants committed a tortious act outside New York, out of which the cause of action at issue arose, and which caused injury to a person in New York, as necessary to satisfy CPLR § 302(a)(3). Plaintiff does assert that the Roe Defendants "participated in," "supervised," "ratified," or "tacitly approved" various activities, giving rise to supervisory liability (Compl. ¶¶ 32, 34-35). But while "the plaintiff need only make a *prima*

19

*facie* showing that the court possesses personal jurisdiction over the defendant," *DiStefano*, 286 F.3d 81 at 84 (quoting *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999)), "[t]he plaintiff in opposing a 12(b)(2) motion cannot rely merely on conclusory statements or allegations; rather, the *prima facie* showing must be factually supported." *DirecTV Latin Am., LLC v. Park 610, LLC*, 691 F. Supp. 2d 405, 417 (S.D.N.Y. 2010) (alterations omitted) (quoting *Yellow Page Solutions, Inc. v. Bell Atl. Yellow Pages Co.*, 2001 WL 1468168, at *3 (S.D.N.Y. Nov. 19, 2001)). Further, "the Court is not bound to accept as true a legal conclusion couched as a factual allegation." *Newman*, 45 F. Supp. 3d at 378 (quoting *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185 (2d Cir. 1998)). Plaintiff has presented only legal conclusions as to the Roe Defendants and does not provide any factual support. Plaintiff's pleadings do not allow the Court to exercise personal jurisdiction over the Roe Defendants.

**B.      Rule 12(b)(6)**

The Virginia Defendants, relying on their motion to dismiss filed in response to the second amended complaint, re-assert their arguments that Plaintiff fails to state a plausible claim. As discussed above, the Court declines the Virginia Defendants' invitation to revisit its decision on the arguments asserted in their earlier motion to dismiss.

Furthermore, the Court rejects the Virginia Defendants' contention that the third amended complaint does not allege sufficient facts to support the individual liability claims against Detective Doyle and the Doe Defendants. The Virginia Defendants are correct that "[i]t is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) (quoting *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006)). It is also

true that Plaintiff's complaint does contain several instances of impermissible "group pleading."[6]

Pleadings that fail to differentiate as to which defendant was involved in the alleged unlawful

conduct are insufficient to state a claim. *See Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d

Cir. 2001) (Observing that Rule 8 of the Federal Rules of Civil Procedure "requires, at a

minimum, that a complaint give each defendant fair notice of what the plaintiff's claim is and the

ground upon which it rests," and that a complaint fails to meet that minimum where it "lump[s]

all the defendants together in each claim and provide[s] no factual basis to distinguish their

conduct."). But those allegations are buttressed by specific allegations against Detective Doyle

and the Doe Defendants—to wit, allegations that they personally traveled to his store in New

York, searched Plaintiff and his store, accompanied Plaintiff to the precinct and central booking,

and maintained regular contact with New York officials in order to secure Plaintiff's extradition.

These allegations, taken as true for the purposes of this motion, are sufficient at this stage.

The Court does agree with the Virginia Defendants that Plaintiff's claims against the Doe

Defendants in particular are tenuous. It has now been more than three years since Plaintiff

initiated this action, and he has not yet identified, much less served, the Doe Defendants. The

Court is not aware of any attempts by Plaintiff to identify and serve the Doe Defendants, and

despite several amended complaints, Plaintiff has not amended his complaint to identify the Doe

Defendants. The Doe Defendants have not joined in any of the motions filed. However, "[c]ourts

typically resist dismissing suits against John Doe defendants 'until the plaintiff has had some

opportunity for discovery to learn the identities of responsible officials.'" *Coward v. Town &

Vill. of Harrison*, 665 F. Supp. 2d 281, 300 (S.D.N.Y. 2009) (quoting *Davis v. Kelly*, 160 F.3d

---

[6] *See, e.g.* TAC ¶ 17 ("Plaintiff was asked by defendants and/or arresting officers if he was 'Haji Omar,' which Plaintiff replied in the negative."); ¶ 19 ("Defendants, nonetheless, forcefully arrested plaintiff and placed him in a police car in the absence of probable cause.").

917, 921 (2d Cir. 1998)); *see also Warren v. Goord*, 476 F. Supp. 2d 407, 413-14 (S.D.N.Y.

2007) ("Therefore, the Court will not dismiss the claim against John Doe until plaintiff has had

sufficient discovery to name the defendant."). The Court will follow that practice here.

**III.    New York Defendants' Motion to Dismiss**

Like the Virginia Defendants, the New York Defendants raise the same arguments that

they raised in their previous motion to dismiss.[7] As before, the New York Defendants argue that

Plaintiff did not sufficiently plead his municipal liability claims. If presented with those

arguments alone, the Court would not be inclined to revisit the issue.

However, the issue is complicated by the fact that Plaintiff has not identified or served

the Stiles Defendants, and in order to sustain *Monell* claims, Plaintiff must show that his

constitutional rights were violated by an individual actor. *See City of Los Angeles v. Heller*, 475

U.S. 796, 799 (1986). As with the Doe Defendants, Plaintiff has not yet identified or served the

Stiles Defendants, nor is there any indication that Plaintiff has attempted to do so. The Stiles

Defendants, like the Doe Defendants, have not appeared or joined in any of the briefing. As the

New York Defendants point out, Plaintiff is not completely without information regarding the

identity of the Stiles Defendants: he has provided the Court with several documents containing

the names of officers apparently involved in Plaintiff's arrest and incarceration. (*See, e.g.* Exh. H

("Fugitive Affidavit"), Pl.'s Opp. Virginia; Exh. I ("Property Invoice"), Pl.'s Opp Virginia.) This

information, however, is limited and does not make clear the roles the named officers played, or

the identities of other officers whose names are not contained in the documents. Therefore, the

Court will not dismiss the claims against the Stiles Defendants until Plaintiff has had sufficient

---

[7] The New York Defendants, unlike the Virginia Defendants, did not bring a motion to reconsider. They instead argue, within their motion to dismiss, that the Court previously disregarded certain law. (*See, e.g.* N.Y. Def.'s Mot. to Dismiss, ECF No. 67, 11.) In light of the Court's instructions at the September 17, 2014, hearing, this is not an appropriate vehicle through which to raise such arguments.

discovery to name the defendants. In addition, because the claims against the Stiles Defendants survive, the Court will not revisit its earlier decision to deny the motion to dismiss as to the *Monell* claims.

The New York Defendants raise one additional argument not previously raised: they argue that the New York State constitutional claims must be dismissed. "Although the New York Court of Appeals has recognized a cause of action for damages based on official conduct violating the State's Constitution," *Biswas v. City of New York*, 973 F. Supp. 2d 504, 522 (S.D.N.Y. 2013) (citing *Brown v. State,* 89 N.Y.2d 172 (N.Y. 1996)), "the same court has made clear that such a cause of action is a narrow remedy available only when necessary to effectuate the purposes of the State constitutional protections that the plaintiff invokes or appropriate to ensure full realization of the plaintiff's rights." *Id.* (quoting *Martinez v. City of Schenectady*, 97 N.Y.2d 78 (N.Y. 2001)) (internal quotation marks omitted). Thus, claims may usually be brought under the state constitution only when a plaintiff has no alternative remedy. *Lyles v. State*, 770 N.Y.S. 2d 81, 82 (2d Dept. 2003). "Actions for damages at common law and under § 1983 are both considered adequate alternative remedies that preclude the assertion of a claim for damages under the state Constitution." *Biswas*, 973 F. Supp. 2d at 522 (citing *Hershey v. Goldstein*, 938 F.Supp.2d 491 (S.D.N.Y. 2013)); *see also id.* (collecting cases). Because Plaintiff has remedies at common law and under § 1983 for the claims he raises under the state constitution, he does not have a private right of action under the New York state constitution. Those claims are dismissed as to all defendants.

## IV.   Sanctions and Fees

While both sets of defendants move for sanctions and the Virginia Defendants also request attorney's fees, the Court denies those motions. "In order to impose sanctions pursuant to

its inherent power, a district court must find that: (1) the challenged claim was without a colorable basis and (2) the claim was brought in bad faith, *i.e.,* motivated by improper purposes such as harassment or delay." *Enmon v. Prospect Capital Corp.*, 675 F.3d 138, 143 (2d Cir. 2012) (citing *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 333 (2d Cir. 1999)). "Although both findings 'must be supported by a high degree of specificity in the factual findings,'" *id.* (quoting *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009), "bad faith may be inferred 'only if actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay.'" *Id.* (quoting *Schlaifer Nance*, 194 F.3d at 336).

"The showing of bad faith required to support sanctions under 28 U.S.C. § 1927 is 'similar to that necessary to invoke the court's inherent power.'" *Enmon*, 675 F.3d at 143 (quoting *Oliveri v. Thompson,* 803 F.2d 1265, 1273 (2d Cir. 1986)). "The only meaningful difference between an award made under § 1927 and one made pursuant to the court's inherent power is . . . that awards under § 1927 are made only against attorneys or other persons authorized to practice before the courts while an award made under the court's inherent power may be made against an attorney, a party, or both." *Oliveri*, 803 F.2d at 1273.

The claims here are not without colorable basis, nor is there any evidence they were brought in bad faith. Further, while Plaintiff did re-assert claims previously dismissed, he subsequently abandoned those claims and explained he only re-asserted them in the name of efficiency. The Court declines to impose sanctions on that basis. Instead, it orders the caption updated to reflect the current defendants in the case and to eliminate any future confusion.

## CONCLUSION

The Virginia Defendants' motion for reconsideration is denied. The Virginia Defendants' motion to dismiss the third amended complaint is granted as to the claims against the County and the Roe Defendants. The New York Defendants' motion to dismiss is granted as to the claims brought under the New York constitution. The dismissed claims are dismissed with prejudice. The remaining claims are: (1) claims pursuant to 42 U.S.C. § 1983, against Detective Doyle and the Doe Defendants in their individual capacities; (2) state law claims against Detective Doyle and the Doe Defendants in their individual capacities; (3) claims pursuant to 42 U.S.C. § 1983, against the Stiles Defendants; and (4) municipal liability claims against the City.

In addition, the caption shall be updated to include only the following Defendants: (1) Detective Edward J. Doyle, in his individual capacity; (2) "John and/or Jane Does" Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and employees of the Spotsylvania County Sheriff's Office), in their individual and official capacities; (3) the City of New York; and (4) "John and/or Jane Stiles" Nos. 1, 2, 3, etc. (whose identities are unknown, but who are known to be police officers and employees of the New York City Police Department).

The Court will hold a status conference to address the remaining claims and any next steps in the proceedings on April 6, 2016, at 10 : 00 a .m. All remaining parties (and/or counsel) should appear in person in Courtroom 1306 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY, on the date and time specified above.

**SO ORDERED.**

**Dated:**     March 14, 2016
                New York, New York

**HON. ANDREW L. CARTER, JR.**
**United States District Judge**